UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CARL SEMENCIC,

            Plaintiff,

-against-

THE COUNTY OF NASSAU; THE NASSAU COUNTY POLICE DEPARTMENT; COMMISSIONER PATRICK J. RYDER, individually and officially; POLICE OFFICER ROBERT B. McGRORY, individually and officially; POLICE OFFICER KENNTH J. MAGNUSON, individually and officially; JOHN DOE #1, individually and officially; THE FRANKLIN SQUARE AND MUNSON FIRE DEPARTMENT; DANIEL MALONEY, individually; ROBERT FINEO, individually; and JOHN DOE #2, individually,

            Defendants.
------------------------------------------------------------------- x

18-CV-5244 (SJF)(AKT)

**STIPULATION AND ORDER OF CONFIDENTIALITY**

The parties agree pursuant to Fed. R. Civ. P. 26(c), that the following provisions shall govern the handling of confidential information and documents in this action:

1. Definitions. For purposes of this agreement:

(a). "Confidential Information" means any information which the designating party deems confidential, including but not limited to information consisting of trade secrets, investigative techniques, and/or procedures, know-how, proprietary data and/or commercial, financial, personal, or personnel information which the designating party has maintained in confidence. It shall be the duty of the party who seeks to invoke protection under this Agreement to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of the other party or person to maintain confidentiality hereunder shall commence with such notice.

"Additionally, the following information shall be deemed confidential by the parties without the need for demarcation at the time of disclosure:

(1)   Records containing the social security number of any individual;

(2)   Tax records;

(3) Bank statements;

(4) Medical Records."

(b). "Producing party" or "Designating party" shall mean the party (and its counsel) who is producing information to another party and who deems that information confidential.

(c). "Inspecting party" or "Non-designating party" shall mean the party (and its counsel) who receives the confidential information supplied by the producing party.

(d). "Counsel" shall mean the law firm engaged by the plaintiff and the defendant to represent them in this litigation.

(e). "Document" shall include "writings, drawings, graphs, charts, photographs, phone records, and any other data compilations from which information can be obtained, translated, if necessary, by the responding party through detection devices into reasonably usable form" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

(f). "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder, or employee of such party, all of whom shall be bound by the provisions of this Confidentiality Agreement.

(g). "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals thereof, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(h). "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

2. Documents

(a). Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL."

(b). The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party. The producing party's failure to do so, however, does not waive its right to designate that document or any portion thereof as confidential, if within seven (7) days after production, notification is given as to the confidential status of the document. Should the inspecting party disseminate that document or the information contained therein any time during the seven (7) days after production, the inspecting party shall be held in contempt. However, should the producing party fail to designate the document as confidential within seven (7) days after production, the inspecting party shall have no obligation, responsibility or liability for, or with respect to, any pre-designation dissemination of that document or the information contained therein.

3. Deposition Testimony

If confidential information is contained in deposition, trial or other testimony, the transcript may be designated as containing confidential information in accordance with this Agreement by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Agreement, counsel may direct that the question and answer be

transcribed separately from the remainder of the deposition and if filed with the Court, shall be filed "under seal" in accordance with the District Court's procedures for documents filed under seal. A courtesy copy of the document shall be filed in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph "6" hereof. Counsel for the party whose confidential information is involved may also request that all persons other than the reporter, counsel and individuals specified in Paragraph "6" hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification of counsel to advise the witness that he/she need not answer a question seeking the revelation of confidential information.

4. Interrogatory Answers

If an interrogatory answer contains confidential information, the answer shall be provided in a separate document, appended to the main body of answers and incorporated by reference therein. The response to the interrogatory in the main body of the answers should state: "requests confidential information, see response in confidential addendum containing the confidential information (e.g. affidavits, etc.), which response is incorporated fully herein by reference."

5. Filing Under Seal

Any confidential information including transcripts of depositions or portions thereof, exhibits, answers to interrogatories, and responses to requests for admissions which have therefore been designated as comprising or containing confidential information, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, if filed with the Court, shall be filed in accordance with the District Court's procedures for filing documents under seal. A courtesy copy of the document shall be filed in a sealed envelope(s) or

other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "Confidential" and a statement substantially in the following terms:

> "CONFIDENTIAL. Filed Pursuant to a Confidentiality Agreement by and between Law Office of Brian T. Stapleton, Esq. by Brian T. Stapleton, Esq., as attorney for Plaintiff Carl Semencic, Bee Ready Fishbein Hatter & Donovan, LLP, by Deanna D. Panico, Esq., as attorney for the Defendants The Franklin Square and Munson Fire Department, Daniel Maloney, and Robert Fineo, and the Nassau County Attorney's Office as attorneys for County Defendants, by Stephen Carlin, Deputy County Attorney, and Ralph Reissman, Deputy County Attorney. Not to be opened nor the contents revealed except (1) to the Court and then resealed; and/or (2) by agreement of the parties; and/or (3) by prior order of this Court."

The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked.

At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and of the Court, a party may use any confidential information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Agreement and that the Court employees be advised as to the terms of this Agreement.

6. <u>Individuals Subject to this Agreement</u>

(a). Each and every page or sheet of all transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by counsel for any party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing its confidential information shall be marked "CONFIDENTIAL" and shall be retained by the receiving party's counsel and shall not be disclosed or used by any non-designated person

other than those listed below. Any material marked "CONFIDENTIAL" shall be used for prosecuting and/or defending the within action only, and for no other purpose. Any unauthorized disclosure in violation of the order shall be subject to discipline by the contempt powers of the Court.

(b). Confidential information shall not be disclosed to any person other than (i) a party to this action and counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) independent outside persons (i.e. persons not employees of a party), requested by counsel to furnish technical services or expert opinions;[1] (iii) non-party witnesses called to give testimony with respect to the subject matter at deposition or trial of this action as set forth in Fed. R. Civ. Pro. 30(a)(2)(A)(i); and (iv) the Court including necessary secretarial and law clerk personnel assisting the Court.

(c). Each person to whom disclosure may be made by counsel for a party shall first, in a written instrument delivered beforehand to such counsel, acknowledge that he/she is fully familiar with the terms of this Confidential Agreement and agrees in writing, to comply with, and be bound by, such Agreement until modified by further Order of the Court or by agreement of the parties hereto. Access to confidential information shall not be given to any person who has not signed such a certificate. Other than Plaintiff, Defendants and non-party deponents or witnesses (who, unless former employees of Defendants who are or may be witnesses in this case, shall not be allowed to retain any confidential information hereunder), no such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

---

[1] All experts hired by the parties must sign an affidavit acknowledging that the information being provided is subject to a confidentiality agreement and they agree to abide by the terms of said confidentiality agreement.

7. Disclosure

No person or party shall disclose to anyone not specified in Paragraph "6" any information designated as confidential under this Agreement, without prior written consent of the designating party or further order of this Court. Confidential information disclosed pursuant to this Agreement shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial.

The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of a party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material(s) has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

8. Restrictions of Disclosure

The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, was in the possession of an inspecting party or a person who, absent this Agreement, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, provided that if a party to this Agreement who is to receive any confidential information disagrees with respect to its designation as confidential information, in full or in part, it shall so notify the producing party in writing, providing a brief statement setting forth the basis for its objection and the designation, and they will thereupon confer as to the status of the subject information proffered within the

context of this Agreement within ten (10) days of the sending of such notice. If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Agreement may raise the issue of the designation of such a status to the Court upon ten (10) days written notice. The Court may raise the issue of designation of the confidential status without any request from a party. In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Agreement. No party to this action shall be obligated to challenge the propriety of such designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

9. Reservation of Rights

(a). This Agreement is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any document it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Agreement in any particular circumstance.

(b). Upon final termination of this litigation, within thirty (30) days, each party that is subject to this Agreement shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with this Agreement, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be

8

destroyed promptly after final termination by the receiving party who upon written request certify that same has been effectuated. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information within thirty (30) days of final termination of the litigation. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall upon written request by letter certify that all items containing the producing party's confidential information have been fully returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it.

(c). Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

(d). Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney/client privilege, attorney work product, or any other privileges.

(e). This Agreement shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Agreement.

10. Enforceability

Once endorsed by the Court, this Agreement becomes a lawful order which is subject to enforcement.

11. Signatures

A facsimile or scanned image signature of this Stipulation and Order of Confidentiality has the full force and effect of an original. This agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

Dated: Mineola, New York
      May 23, 2019

THE LAW OFFICE OF
BRIAN T. STAPLETON, ESQ.

BY: _____
    Brian T. Stapleton, Esq.

75 South Broadway
4th Floor
White Plains, New York 10601
*Attorney(s) for Plaintiff*

Dated: Mineola, New York
      May   , 2019

BEE READY FISHBEIN HATTER &
DONOVAN, LLP

BY: _____
    Deanna D. Panico, Esq.

170 Old Country Road
Mineola, New York 11501

Dated: Mineola, New York
      May 22, 2019

JARED A. KASSCHAU
Nassau County Attorney

BY: _____
    Stephen Carlin
    Deputy County Attorney

One West Street
Mineola, New York 11501
*Attorney(s) for County Defendants*

SO ORDERED:

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge

[INTENTIONALLY LEFT BLANK]

11

# ACKNOWLEDGMENT PURSUANT TO STIPULATION AND ORDER OF CONFIDENTIALITY in Semencic v. County of Nassau, et al., 18-CV-5244

I, _____, hereby certify:

I have read the terms of the Stipulation and Order of Confidentiality So Ordered by Magistrate A. Kathleen Tomlinson in *Semencic v. County of Nassau, et al.*, 18-CV-5244 (SJF)(AKT) and I agree to be fully bound by, and comply with, the Stipulation and Order of Confidentiality in all respects. I also submit, and waive any objection, to the jurisdiction of the United States District Court for the Eastern District of New York (the "Court") for the adjudication of any dispute concerning or relating to my compliance with the Stipulation and Order of Confidentiality. I understand that any violation of the terms of the Stipulation and Order of Confidentiality may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court, or other or additional relief as deemed appropriate by the Court.

Signature: _____

Please print or type the Following:

Name: _____