UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARL T. SEMENCIC,

                Plaintiff,

-against-                                                      Civil Action No.
                                                                 2:18-cv-05244-SJF-AKT

THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
COMMISSIONER PATRICK J. RYDER, individually
and officially; POLICE OFFICER ROBERT B.
McGRORY, individually and officially;
POLICE OFFICER KENNETH J. MAGNUSON,
Individually and officially; JOHN DOE #1, individually
and officially; THE FRANKLIN SQUARE AND
MUNSON FIRE DEPARTMENT;
DANIEL MALONEY, individually;
ROBERT FINEO, individually; and
JOHN DOE #2, individually,

                Defendants.
------------------------------------------------------------------X

## AFFIRMATION OF BRIAN T. STAPLETON, ESQ.

**BRIAN T. STAPLETON, ESQ.**, an attorney duly admitted to practice law in the State and Federal courts of the State of New York, hereby affirms and swears, pursuant to the penalties of perjury, that the following statements are true:

1.     I am a member of **THE LAW OFFICE OF BRIAN T. STAPLETON, ESQ.,** and am counsel of record for the Plaintiff **CARL T. SEMENCIC**.

2.     I am personally familiar with the facts of this case based on my numerous interviews with the Plaintiff, my interviews with other witnesses, my personal investigation of the facts, my personal participation in the litigation of this case and my personal review of the documents and other materials contained within the file that I have developed for this case.

3. The facts recited herein are derived directly from the aforementioned activities and my personal knowledge as described herein.

4. I am submitting this Affirmation pursuant to Fed. R. Civ. P. 55(b)(2), Loc. Civ. R. 55.2(b), and this Court's Status Conference Minute Entry filed March 10, 2020 and entered Marc 13, 2020. *See* ECF Doc. #50.

5. I submit this Affirmation in support of this office's Application for Issuance of Default Judgment in favor of Mr. Semencic and against co-defendants THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE COMMISSIONER PATRICK J. RYDER (at times hereinafter referred to as "the Defaulted Defendants").

6. More specifically, I am submitting this Affirmation to demonstrate and detail the principal amounts of damages due to Mr. Semencic on his Complaint against the Defaulted Defendants.

7. Mr. Semencic was arrested in his home on July 19, 2016 by employees of the Defaulted Defendants. At the time, Mr. Semencic possessed a valid Nassau County firearms permit, and legally possessed several handguns and long arms in his home. During the arrest, Mr. Semencic was forcibly and excessively restrained, his home was searched, and all of his firearms were seized. Mr. Semencic was subsequently charged in the Nassau County District Court with the crimes of Menacing in the Second Degree (in violation of New York Penal Law § 120.14(1)) and Criminal Possession of a Weapon in the Fourth Degree (*i.e.,* possession of a dangerous weapon with intent to use the same unlawfully against another) (in violation of New York Penal Law § 265.01(2)). *See People of the State of New York v Carl Semencic*, Docket No. 2016NA020473.

8. Mr. Semencic's criminal prosecution lasted from August 11, 2016 until May 21, 2018. During this time, Mr. Semencic was forced to retain the services of criminal defense attorney Frederick K. Brewington, prepare a legal defense and make dozens of appearances with Mr. Brewington in the Nassau County District Court in order to defend himself. A true, complete and accurate copy of the retainer agreement executed by Mr. Semencic with the Law Office of Frederick K. Brewington is attached here as "**Exhibit A**."

9. Mr. Semencic expended significant amounts of time and expense during the course of his criminal prosecution. True, complete and accurate copies of the invoices for legal fees and expenses paid by Mr. Semencic to attorney Brewington for the services he rendered in *People of the State of New York v Carl Semencic*, Docket No. 2016NA020473, are attached here as "**Exhibit B**." For the Court's convenience, a summary analysis of these invoices has also been included as part of Exhibit B.

10. All told, Mr. Semencic incurred and paid legal fees to the Law Office of Frederick K. Brewington in the amount of forty-one thousand four hundred thirty-seven dollars and forty-five cents ($41,437.45).

11. On or about May 21, 2018 the criminal proceedings against Mr. Semencic were terminated when all criminal charges against him were dismissed on the motions of Mr. Brewington.

12. Mr. Semencic subsequently commenced this action by filing his Complaint with this Court on September 18, 2018. *See* ECF Doc. #1. In his Complaint Mr. Semencic seeks monetary damages pursuant to 42 USC § 1983 for violations of his

constitutional rights by the above-captioned co-defendants and for various tortious acts committed against him by them. Id.

13. Mr. Semencic alleges that employees of the Defaulted Defendants, acting under color of state law and pursuant to their employment with and by the Defaulted Defendants, illegally searched his home and seized his firearms, falsely arrested and imprisoned him, and falsely and maliciously prosecuted him, all in violation of the rights guaranteed to him by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *See* ECF Doc. #1. He further claims that these same employees used excessive force during his arrest, tortiously assaulting and battering him in the process. Id. Mr. Semencic claims that, as a result of these constitutional violations and torts, he has been caused to suffer physical injury, emotional distress, loss of his firearm permit, loss of his property, and economic damages. Id.

14. Mr. Semencic's Complaint contains fifteen (15) separate Causes of Action, each of which seeks monetary damages for the liquidated sum certain of three million dollars ($3,000,000.00), plus punitive damages and attorney's fees. *See* ECF Doc. #1.

15. Of these fifteen (15) Causes of Action, eight (8) are directed against the Defaulted Defendants. Those eight (8) Causes of Action ("COA") are: COA First (Illegal Search and Seizure); COA Second (Use of Excessive Force); COA Third (Equal Protection of the Laws); COA Fourth (Failure to Intervene); COA Fifth (Substantive Due Process of Law); COA Sixth (Municipal and Supervisory Liability); COA Seventh (*Respondeat Superior*); and COA Thirteenth (Negligent Hiring, Supervision and Retention). Id.

16. The Defaulted Defendants, having been served with Plaintiff's Complaint and having filed an Answer to the same (*see* ECF Doc. #25), are subject to the jurisdiction of this Court and are required to obey and comply with all orders issued by this Court in this case.

17. On Wednesday, February 4, 2020 Judge Sandra J. Feuerstein ordered co-defendants THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE COMMISSIONER PATRICK J. RYDER to return to Mr. Semencic within thirty (30) days all of the firearms seized from his home by their employees on July 19, 2016.

18. Pursuant to Judge Feuerstein's Order, the Defaulted Defendants were required to return Mr. Semencic's firearms to him by no later than Thursday, March 5, 2020.

19. At no time prior to Thursday, March 5, 2020 did the Defaulted Defendants seek to be relieved from Judge Feuerstein's Order, request that her Order be modified, or seek an extension of time to comply with it. Instead, the Defaulted Defendants willfully, intentionally and contumaciously defied Judge Feuerstein's Order and failed to comply with it.

20. On Wednesday, March 11, 2020 Judge Feuerstein, exercising her inherent contempt power, found co-defendants THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE COMMISSIONER PATRICK J. RYDER in contempt for their willful, intentional and contumacious violation of her Order of February 4, 2020.

21. On Wednesday, March 11, 2020 Judge Feuerstein, exercising her inherent contempt power, GRANTED Plaintiff's Motion to Strike the Answer of co-defendants THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE COMMISSIONER PATRICK J. RYDER and, further, GRANTED Plaintiff's Motion for Entry of Default against them.

22. As a result, the Defaulted Defendants are now deemed by operation of law to have admitted liability to the Plaintiff on COA First (Illegal Search and Seizure), COA Second (Use of Excessive Force), COA Third (Equal Protection of the Laws), COA Fourth (Failure to Intervene), COA Fifth (Substantive Due Process of Law), COA Sixth (Municipal and Supervisory Liability), COA Seventh (*Respondeat Superior*) and COA Thirteenth (Negligent Hiring, Supervision and Retention). *See, e.g., Pearce v. Lehtonen*, 1998 US Dist. LEXIS 23338 [EDNY 1998]; *J&J Sports Prod. v Mar Y Las Estrellas Rest. Corp.*, 2018 US Dist. LEXIS 120150 [EDNY 2018]; *Korzeniewski v Sapa Pho Vietnamese Rest., Inc.*, 2019 US Dist. LEXIS 1901 [EDNY 2019].

23. By virtue of their Answer being stricken and default having been entered against them by the Court, Mr. Semencic is now entitled to Default Judgment against co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER for the damages claimed in the aforementioned Causes of Action. *See, e.g., Kara Holding Corp. v Getty Petroleum Mktg.*, 2002 US Dist. LEXIS 5108 [SNDY 2002]. *See also, Katz v Katz*, 68 AD2d 536 9 [2d Dept. 1979] (where a defendant's answer has been stricken, a judgment entered thereafter in favor of the plaintiff is based in part upon a default by the defendant).

24. Plaintiff respectfully submits that since default has been entered by the Court following its' striking of the Defaulted Defendants' Answer, the requirements of Fed. R. Civ. P. 55(a) and Loc. Civ. R. 55.1 (*i.e.*, that a Certificate of Default must be entered by the Clerk of Court before a Default Judgment can be entered this Court) are inapplicable to the instant proceeding. Accordingly, Plaintiff respectfully requests that the Court waive these requirements in the Default Judgment to be issued herein.

25. In order to vindicate his rights here, Mr. Semencic was required to retain the services of the undersigned counsel. A true, complete and accurate copy of the completely executed contingency fee Retainer Agreement executed by Mr. Semencic for the undersigned counsel's legal services in this case is attached here as **"Exhibit C."**

26. I was admitted to practice law in the States of New York and Connecticut, and the U.S. District Courts for the Eastern and Southern Districts of New York and the District of Connecticut in 1990. I am veteran trial attorney with thirty (30) years' experience and have taken one hundred and two (102) jury verdicts in my career. I have significant experience litigating and trying civil and criminal cases in the State and Federal Courts of New York and Connecticut.

27. As a criminal defense attorney, I have successfully defended the most serious charges, including RICO conspiracies, Murder, Attempted Murder, Kidnapping and Robbery.

28. From January 2006 until October 2017, I was a Partner in the White Plains, New York offices of Goldberg Segalla, LLP. During this time, I was personally responsible for the trial defense of large-exposure products liability cases, labor law cases, wrongful death cases, and other liability claims across the country.

29. My clients included Gander Mountain (a large, "big box" outdoor outfitter and firearms retailer with stores located across the South and Midwest). I advised Gander Mountain on a wide range of firearms-related issues and defended it several suits arising out of mass shootings. *See, e.g., Chiapperini v Gander Mtn. Co., Inc.*, 48 Misc.3d 865 [Monroe Cnty. Sup. Ct. 2014].

30. I also represented the National Rifle Association and the New York State Rifle and Pistol Association. In this regard, I engaged in high-level litigation in the State and Federal Courts of New York and Connecticut that focused on the Second Amendment to the U.S. Constitution. *See, e.g., New York State & Rifle Pistol Ass'n v Cuomo*, 804 F.3d 242 [2d Cir. 2015]; *New York State & Rifle Pistol Ass'n v The City of New York*, Case No. 18-280 [U.S. Sup. Ct. 2020].

31. The billable rate I customarily charge for my services is three hundred twenty-five dollars per hour ($325/hr).

32. To properly and thoroughly prosecute and vindicate Mr. Semencic's rights in this case, I was required to, *inter alia*: extensively interview Mr. Semencic; review and analyze the voluminous file compiled by attorney Brewington in connection with Mr. Semencic's criminal defense (this file included arrest records; property vouchers; charging instruments; court transcripts; criminal discovery demands and responses to the same; discovery motions and motions to dismiss; and decisions and orders); analyze the various legal theories and Cause of Action potentially applicable to the facts of Mr. Semencic's case; identify appropriate parties to be named as co-defendants herein; draft, edit and revise detailed pleadings, discovery demands and discovery responses; locate the co-defendants and serve (or have served) upon them the Plaintiff's Summons and

Complaint; correspond extensively with opposing counsel and the Court; engage in extensive written discovery exchanges; review, analyze and respond to a motion to dismiss for failure to state a claim filed by the Fire Department co-defendants herein (*see* ECF Doc. ## 40-42); and make numerous court appearances.

33. All of legal services rendered to date by the Law Office of Brian T. Stapleton, Esq., to Mr. Semencic in this case are explained in detail on this office's Invoice # 1160, a true, complete and accurate copy of which is attached here as **"Exhibit D."** As that invoice shows, the total value of the services rendered by this office in case is one hundred one thousand thirty-four dollars and three cents ($101,034.03).

34. All of the legal services rendered in this case were necessary and indispensable to properly protect Mr. Semencic's rights and further his legal interests in this case. The time spent performing these activities was reasonable, and each activity performed to date is explained in detail on the invoice.

35. The pleadings, discovery demands, discovery responses, motions and motion responses I have filed in this case have all been thorough, extensive, detailed and professional. My representation of Mr. Semencic in this case has been aggressive and highly competent.

36. Given my experience and skill, and the quality of the work I have performed in this case, I believe my customary billable rate of three hundred twenty-five dollars per hour ($325/hr) is fair and reasonable and commensurate with attorney's fees awarded by the Eastern District of New York in other 1983 actions. *See, e.g., Fabricante v City of New York*, 2006 U.S. Dist. LEXIS 62906 [EDNY 2006].

Accordingly, I have applied that rate to the legal services I have rendered to Mr. Semencic in this case.

37. Co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are not infants or incompetents.

38. Co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are not presently in the military.

39. Although Plaintiff initially sought punitive damages in his Complaint against the Defaulted Defendants, Plaintiff is not requesting that this Court make an award of punitive damages against them as part of this Default Judgment.

40. The monetary damages Plaintiff seeks in his Causes of Action against the Defaulted Defendants are for liquidated sums certain that are susceptible of mathematical computation.

/

/

/

/

/

/

/

/

/

/

41. Accordingly, the Defaulted Defendants are indebted to the Plaintiff in the following manner:

    A. Cause of Action First (Illegal Search & Seizure)…....$ 3,000,000.00

    B. Cause of Action Second (Use of Excessive Force)…$ 3,000,000.00

    C. Cause of Action Third (Equal Protection)………….$ 3,000,000.00

    D. Cause of Action Fourth (Failure to Intervene)……….$ 3,000,000.00

    E. Cause of Action Fifth (Substantive Due Process)…...$ 3,000,000.00

    F. Cause of Action Sixth (Municipal, Supervisory Liability)………………….$ 3,000,000.00

    G. Cause of Action Seventh (*Respondeat Superior*)…...$ 3,000,000.00

    H. Cause of Action Thirteenth (Negligent Hiring, Supervision and Retention)……..$ 3,000,000.00

    I. <u>Attorney's Fees</u>

        (a) Attorney's fees and expenses paid by Carl Semencic to Frederick Brewington, Esq. …………………………………………..$ 41,437.45

        (b) Attorney's fees and expenses due to The Law Office of Brian T. Stapleton, Esq. $ 101,034.03

***TOTAL AMOUNT OF DAMAGES DUE PLAINTIFF***: $24,142,471.78

42. I have reviewed the foregoing statements and they are all true, complete and accurate according to the best of my knowledge, information and belief.

Dated: White Plains, NY
March 16, 2020

_____
BRIAN T. STAPLETON, ESQ.
Fed. Bar. No. 5640