UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARL T. SEMENCIC,
                      Plaintiff,

-against-                                             Civil Action No.
                                                                                 2:18-cv-05244-SJF-AKT


THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
COMMISSIONER PATRICK J. RYDER, individually
and officially; POLICE OFFICER ROBERT B.
McGRORY, individually and officially;
POLICE OFFICER KENNETH J. MAGNUSON,
Individually and officially; JOHN DOE #1, individually
and officially; THE FRANKLIN SQUARE AND
MUNSON FIRE DEPARTMENT;
DANIEL MALONEY, individually;
ROBERT FINEO, individually; and
JOHN DOE #2, individually,

                      Defendants.
----------------------------------------------------------------X

## DEFAULT JUDGMENT

      **WHEREAS** Plaintiff Carl Semencic was arrested on July 19, 2016 by employees of co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER. During this arrest various firearms were seized from Plaintiff's home. Plaintiff was subsequently arrested and prosecuted in the Nassau County District Court in the case of *People of the State of New York v Carl Semencic*, Docket No. 2016NA020473, for the crimes of Menacing in the Second Degree (in violation of New York Penal Law § 120.14(1)) and Criminal Possession of a Weapon in the Fourth Degree (*i.e.,* possession of a dangerous weapon with intent to use the same unlawfully against

another) (in violation of New York Penal Law § 265.01(2)). Plaintiff's criminal prosecution lasted from August 11, 2016 until May 21, 2018, during which time he was forced to retain the legal services of criminal defense attorney Frederick K. Brewington, prepare a legal defense, and make numerous appearances with attorney Brewington in the Nassau County District Court in order to defend himself. Plaintiff expended considerable time and expense during the defense of his criminal prosecution. On or about May 21, 2018 the criminal proceedings against Plaintiff were terminated after all criminal charges were dismissed on the motions of attorney Brewington; and

**WHEREAS** Plaintiff's arrest, search, seizure and criminal prosecution give rise to the instant case; and

**WHEREAS** Plaintiff commenced this action by filing a Complaint with this Court on September 18, 2018 (ECF Doc. #1). In his Complaint, Plaintiff seeks monetary damages pursuant to 42 USC § 1983 for violations of his constitutional rights by the above-captioned co-defendants and for various tortious acts committed by them. *See* ECF Doc. #1; and

**WHEREAS** Plaintiff alleges that the employees of the Defaulted Defendants, acting under the color of state law and pursuant to their employment with and by the Defaulted Defendants, illegally searched his home and seized his firearms, falsely arrested and imprisoned him, and falsely and maliciously prosecuted him, all in violation of the rights guaranteed to him by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Id. He further claims that these same employees used excessive force during his arrest, tortiously assaulting and battering him in the process. Id. Plaintiff claims that, as a result of these constitutional violations and torts, he has

been caused to suffer physical injury, emotional distress, loss of his firearm permit, loss of his property, and economic damages; and

**WHEREAS** the Complaint filed by Plaintiff contains fifteen (15) separate Causes of Action, each of which seeks monetary damages for the liquidated sum certain of three million dollars ($3,000,000.00), plus punitive damages and attorney's fees; and

**WHEREAS** of these fifteen (15) Causes of Action, eight (8) are directed against co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER; and

**WHEREAS** the eight (8) Causes of Action ("COA") brought by Plaintiff against co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are: COA First (Illegal Search and Seizure); COA Second (Use of Excessive Force); COA Third (Equal Protection of the Laws); COA Fourth (Failure to Intervene); COA Fifth (Substantive Due Process of Law); COA Sixth (Municipal and Supervisory Liability); COA Seventh (*Respondeat Superior*); and COA Thirteenth (Negligent Hiring, Supervision and Retention); and

**WHEREAS** co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER, having been served with Plaintiff's Complaint and having filed an Answer to the same (ECF Doc. #25), are subject to the jurisdiction of this Court and are required to obey and comply with all orders issued by this Court in this case; and

**WHEREAS** on Wednesday, February 4, 2020 this Court ordered co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER to return to Plaintiff within thirty (30) days all of the firearms seized from his home by their employees on July 19, 2016; and

**WHEREAS** pursuant to this Court's Order dated February 4, 2020 co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER were required to return Plaintiff's firearms to him by no later than Thursday, March 5, 2020; and

**WHEREAS** at no time prior to Thursday, March 5, 2020 did co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER seek to be relieved from the Court's Order dated February 4, 2020, request that the Order be modified, or seek an extension of time to comply with it; and

**WHEREAS** co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER willfully, intentionally and contumaciously defied this Court's Order dated February 4, 2020 and failed to comply with it; and

**WHEREAS** on Wednesday, March 11, 2020 this Court, exercising its' inherent contempt power, found co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT

COMMISSIONER PATRICK J. RYDER in contempt for their willful, intentional and contumacious violation of its Order dated February 4, 2020; and

**WHEREAS** on Wednesday, March 11, 2020 this Court, exercising its' inherent contempt power, GRANTED Plaintiff's Motion to Strike the Answer of co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER and, further, GRANTED Plaintiff's Motion for Entry of Default against them; and

**WHEREAS**, as a result of their default co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are now deemed by operation of law to have admitted liability to the Plaintiff on COA First (Illegal Search and Seizure), COA Second (Use of Excessive Force), COA Third (Equal Protection of the Laws), COA Fourth (Failure to Intervene), COA Fifth (Substantive Due Process of Law), COA Sixth (Municipal and Supervisory Liability), COA Seventh (*Respondeat Superior*) and COA Thirteenth (Negligent Hiring, Supervision and Retention); and

**WHEREAS**, the Answer of the Defaulted Defendants having been stricken and default having been entered against them, Plaintiff CARL SEMENCIC is entitled to Default Judgment against them for the liquidated sums certain sought by Plaintiff as damages in each on the aforementioned Causes of Action; and

**WHEREAS** this Court having stricken the Answer of co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER and

having entered default against them, this Court now finds that the requirements of Fed. R. Civ. P. 55(a) and Loc. Civ. R. 55.1 (*i.e.,* that a Certificate of Default must be entered by the Clerk of Court before a Default Judgment can be entered by this Court) are inapplicable to the instant proceeding and are hereby waived; and

**WHEREAS** co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are not infants or incompetents; and

**WHEREAS** co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER are not presently in the military; and

**WHEREAS** although Plaintiff's Complaint sought punitive damages against the Defaulted Defendants, Plaintiff is not asking this Court to award punitive damages against them as part of this Default Judgment; and

**WHEREAS** the monetary damages Plaintiff seeks in his Causes of Action against the Defaulted Defendants are for liquidated sums certain that are susceptible of mathematical computation; and

**WHEREAS**, having reviewed the invoices submitted by Plaintiff for legal services rendered to him by the Law Office of Frederick K. Brewington in defense of the criminal case of *People of the State of New York v Carl Semencic*, Docket No. 2016NA020473, this Court now finds that Plaintiff has satisfactorily established that the legal fees Plaintiff paid to attorney Brewington for the services he rendered in that case total forty-one thousand four hundred thirty-seven dollars and forty-five cents

($41,437.45) and, further, that these legal fees are recoverable by the Plaintiff as damages in this case; and

1.      **WHEREAS**, having reviewed Invoice # 1160 submitted by the Law Office of Brian T. Stapleton, Esq., for legal services rendered to Plaintiff in the instant case in the amount of one hundred one thousand thirty-four dollars and three cents ($101,034.03), this Court now finds that Invoice # 1160 is sufficiently detailed so as to properly identify and explain all legal services rendered to the Plaintiff by the Law Office of Brian T. Stapleton, Esq., in this case; that all of the legal services rendered to the Plaintiff by the Law Office of Brian T. Stapleton, Esq., in this case as detailed in Invoice # 1160 were necessary to properly protect and advance Plaintiff's legal rights and interests herein; that the time spent by the Law Office of Brian T. Stapleton, Esq. in performing these activities was reasonable; that the billable rate charged by the Law Office of Brian T. Stapleton, Esq., is fair and reasonable; and, further, that these legal fees are recoverable by the Plaintiff as damages in this case;

**IT IS HEREBY**

**ORDERED, ADJUDGED** and **DECREED** that Plaintiff CARL SEMENCIC recover from the co-defendants COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE DEPARTMENT COMMISSIONER PATRICK J. RYDER the sum of Twenty Four Million One Hundred Forty Two Thousand Four Hundred Seventy One Dollars and Seventy Eight Cents ($24,142,471.78), plus costs and interest according to law, from the date of this Judgment until the entire sum is paid.

This Default Judgment is being entered by the Court pursuant to Fed. R. Civ. P. 55(b)(2) and Loc. Civ. R. 55.2, and is subject to the Court's waiver of the applicability to Fed. R. Civ. P. 55(a) and Loc. Civ. R. 55.1 to the instant proceedings.

Dated: _____

_____
SANDRA J. FEUERSTEIN
United States District Court Judge