UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CARL SEMENCIC,

       Plaintiff,        18-CV-05244 (SJF)(AKT)


 -against-             DECLARATION 


THE COUNTY OF NASSAU, THE NASSAU
COUNTY POLICE DEPARTMENT, COMMISSIONER
PATRICK J. RYDER, individually and officially,
POLICE OFFICER ROBERT B. McGRORY,
Individually and officially, POLICE OFFICER
KENNETH J. MAGNUSON, individual and officially,
JOHN DOE #1, individually, THE FRANKLIN
SQUARE AND MUNSON FIRE DEPARTMENT,
DANIEL MALONEY, individually, ROBERT
FINEO, individually, and JOHN DOE #2,
Individually,

       Defendants.
-------------------------------------------------------------------X

  STEPHEN CARLIN, an attorney duly admitted to practice law before this Court and the Courts of the State of New York declares, pursuant to 28 U.S.C. § 1746 that the following is true and correct under penalty of perjury:

  1. I am a Deputy County Attorney employed in the office of Jared A. Kasschau, the Nassau County Attorney and attorney for defendants the County of Nassau, the Nassau County Police Department (the "County"), Commissioner Patrick J. Ryder, individually and officially, Police Officer Robert B. McGrory, Individually and officially, Police Officer Kenneth J. Magnuson, individually and officially (hereinafter collectively referred to as the "County Defendants") in this action. I submit this declaration on behalf of the County Defendants in opposition to Plaintiff's application to enter a default judgment against the County and

Commissioner Ryder in the sum of $24,142,471.78, and in support of the County Defendants' cross-motion to vacate the Court's Order, issued off the record, on March 10, 2020, which held the County Defendants in contempt of the Court's Order, also issued off the record on February 4, 2020, directing the County Defendants to return Plaintiff's long arms to him within 30 days (the "Return Order"). In addition to finding the County Defendants in contempt, the Court's Contempt Order also granted Plaintiff's oral application, made on March 10, 2020 to strike the County's answer as a sanction for the contempt.

2. On February 4, 2020 I appeared before the Court for a routine status conference. The Court had recently issued an Order dismissing the Franklin Square and Munson Fire Department defendants (see DE47). Plaintiff's counsel also had an outstanding application to be relieved as counsel. There was no pending motion for injunctive relief seeking the return of the Plaintiff's long arms which had been confiscated incident to his arrest.

3. During the course of the conference with the Court, which was not transcribed by a Court Reporter, the Court, *sua sponte,* asked whether Plaintiff's long arms had been returned to him. Plaintiff's counsel stated that they had not been returned to him. The Court advised the parties that there was a new New York State law which required that the guns be returned to Plaintiff. I was not aware of such a law and Plaintiff's counsel also stated he was not aware of the law. The Court directed me to find out about the law and to return Plaintiff's firearms to him within 30 days.

4. The Minute Entry Order for the February 4, 2020 conference [DE48] does not mention any Orders made at the conference. It only states, "A status conference is scheduled for 3/10/2020 at 11:15 a.m. before Judge Sandra J. Feuerstein in Courtroom 1010." Additionally, there was no court reporter present, as the document states "Court Reporter: N/A."

5.     Subsequent to the February 4, 2020 conference, the only new New York State law pertaining to the return of weapons that I was able to discover was enacted as part of CPLR Article 63-a entitled "Extreme Risk Protection Order." known as ERPO or the Red Flag law. The ERPO statute sets out a procedure whereby firearms can be ordered confiscated as a part of a proceeding that can be commenced by a police officer or other designated petitioners against persons constituting an extreme risk to the safety of himself or others. CPLR section 6346 describes a procedure for notice and a hearing with respect to the return of firearms upon expiration of the ERPO order. However, this statute had an effective date of August 24, 2019, long after Plaintiff's firearms were seized, and did not apply to Plaintiff as his firearms were seized incident to his arrest in 2016 and not an Order of the Court.  If the Court was referring to ERPO as the basis for the February 4th Return Order, that law is inapplicable to the facts of the instant case. If it was some other law upon which the Court's directive was based, the Court did not specify the statute.

6.     In any event, pursuant to the Court's direction, I contacted the Legal Bureau of the Nassau County Police Department and advised the Legal Bureau of the Court's direction. I was advised that without a written Order of the Court specifically directing that the firearms be returned, Plaintiff should follow the Department's procedure by submitting an application to have the firearms returned. I was provided with a copy of the application on February 14, 2020. A copy of the email and annexed application is attached here as Exhibit A.

7.     On or about February 18, 2020 I spoke with Plaintiff's counsel by telephone and advised him of the Police Department's position. I then emailed him the application and requested that his client fill out the application. Plaintiff's counsel did not voice any objection to having to follow this procedure. Plaintiff's counsel returned the completed application to me via email on February 24, 2020. I, in turn, provided the emailed application to the Legal Bureau, however, I

3

was advised that the Police Department required the original application with original signatures be mailed to the Police Department. I then advised Plaintiff's counsel of this via e-mail. A copy of this email exchange and the Long Gun Review Form are annexed as Exhibit B.

8. At the March 10, 2020 conference, I was prepared to explain the above to the Court. However, before I could do so, the Court asked whether the firearms had been returned. Plaintiff's attorney said they had not been returned. The Court asked me why the firearms had not been returned, to which I began to respond, "I advised my client what was discussed at the February 4 conference," but the Court interjected and stated that the County Defendants were in contempt of the Return Order. Plaintiff's counsel then orally requested that the County Defendants' answer be struck. Before I could object, the Court immediately granted Plaintiff's application. Moreover, because the proceedings were not transcribed by a court reporter, I could not make a record. The Court then directed that County Defendants' answer be stricken and directed Plaintiff's counsel to submit a proposed judgment.

9. The March 10, 2020 conference also appears to be off the record as the Minute Entry Order [DE50] states "Court Reporter: N/A."

10. Neither I nor the County Defendants understood the basis for the Court's direction that the firearms be returned to Plaintiff within 30 days of February 4, 2020. The Plaintiff had not made a motion on notice for that relief prior to the February 4th conference. The Court's stated basis for issuing its directive was unclear to me at the time and is still unclear as neither I nor the County Defendants are aware of a state law that mandates the return of firearms without an application or a process by which the County Defendants can determine that the firearms can be returned safely to a person from whom the firearms were confiscated incident to an arrest. And, as mentioned above, Plaintiff's counsel was also unfamiliar with the law to which the Court referred

4

during the February 4, 2020 and March 10, 2020 conferences. Moreover, the County Defendants diligently took steps to comply with the Court's directive in a reasonable manner by supplying Plaintiff with the application that was required to be submitted to obtain the return of the firearms. There was no intention to defy the Court's directive.

    **WHEREFORE**, based on the foregoing, the County Defendants' application to vacate the Return Order and the Contempt Order should be granted and Plaintiff's application for a default judgment should be denied and for such other and further relief as may be just and proper.

Dated: Mineola, New York
      April 20, 2020

                                        *s/ Stephen Carlin*
                                        STEPHEN CARLIN