# United States District Court
# Eastern District of New York

-----------------------------------------------------------------------x

CARL SEMENCIC

                           Plaintiff,

    *- against -*

THE COUNTY OF NASSAU, THE NASSAU
COUNTY POLICE DEPARTMENT,
COMMISSIONER PATRICK J. RYDER,
POLICE OFFICER ROBERT B. McGRORY
and POLICE OFFICER KENNETH J. MAGNUSON,
and JOHN DOE #1, individually and officially,

                           Defendants.

18-CV-05244 (NRM)(AYS)

**PROPOSED JURY INSTRUCTIONS**

-----------------------------------------------------------------------x

## I. Burden of Proof

The burden of proof rests with the Plaintiff. The Plaintiff must establish each element of his claims by a preponderance of the evidence. Preponderance of the evidence means that the evidence demonstrates that what the Plaintiff claims is more likely true than not true. If the Plaintiff fails to prove any element of a claim by a preponderance of the evidence, you must find in favor of the Defendants on that claim.

## II. Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony. In making this determination, you may consider:

- The witness's opportunity to observe the events in question;
- The witness's ability to recall those events;
- The witness's manner and demeanor while testifying;
- The reasonableness of the witness's testimony in light of the other evidence;

- Whether the witness has any bias or interest in the outcome of the case; and
- Whether the witness's testimony was contradicted or corroborated by other evidence.

The fact that some witnesses are law enforcement officers does not mean their testimony is entitled to greater or lesser weight than that of other witnesses. You must evaluate their testimony using the same criteria you apply to any other witness.

### III. Illegal Search and Seizure

The Plaintiff alleges that the Defendants violated his constitutional rights by entering and searching his home without a warrant or probable cause. To establish this claim, the Plaintiff must prove by a preponderance of the evidence that:

1. The Defendants entered and searched his home;
2. The search was conducted without a valid warrant, consent, or an applicable legal exception;
3. The Defendants lacked probable cause or exigent circumstances to justify the search; and
4. The search resulted in a violation of his constitutional rights.

Law enforcement officers may enter a residence without a warrant under certain exceptions, including consent, exigent circumstances, or a protective sweep. If you find that the Defendants acted within a recognized legal exception to the warrant requirement, you must find in favor of the Defendants.

### IV. Excessive Force

The Plaintiff alleges that the Defendants used excessive force in arresting him. To establish this claim, the Plaintiff must prove by a preponderance of the evidence that:

1. The Defendants used force against him;
2. The force used was excessive under the circumstances; and
3. The use of force was the proximate cause of his injuries.

Officers are permitted to use reasonable force to effectuate an arrest. In deciding whether the force used was reasonable, you may consider:

- The severity of the crime the officers believed the Plaintiff had committed;
- Whether the Plaintiff posed an immediate threat to the officers or others;
- Whether the Plaintiff was resisting arrest or attempting to flee; and
- The fact that officers often make split-second decisions in tense situations.

If you find that the Defendants used only the amount of force that a reasonable officer would have used under the circumstances, you must find in favor of the Defendants.

## V. False Arrest and Imprisonment

The Plaintiff alleges that he was falsely arrested and imprisoned. To succeed on this claim, the Plaintiff must prove by a preponderance of the evidence that:

1. He was intentionally confined by the Defendants;
2. He was aware of and did not consent to the confinement; and
3. The Defendants lacked probable cause to arrest him.

Probable cause exists when the facts and circumstances known to the officers would lead a reasonable officer to believe that the Plaintiff had committed or was committing a crime. If you find that the Defendants had probable cause to arrest the Plaintiff, the arrest was lawful, and you must find in favor of the Defendants.

## VI. Malicious Prosecution

The Plaintiff claims that the Defendants maliciously prosecuted him. To prevail on this claim, he must prove by a preponderance of the evidence that:

1. The Defendants initiated or continued a criminal proceeding against him;

2. The proceeding was terminated in his favor;

3. The Defendants lacked probable cause to pursue the charges; and

4. The Defendants acted with actual malice.

If you find that the Defendants had probable cause to initiate the criminal charges, you must find in favor of the Defendants.

## VII. Abuse of Process

To establish abuse of process, the Plaintiff must prove by a preponderance of the evidence that:

1. The Defendants had an ulterior motive in using legal process;

2. The Defendants used the process for a purpose other than that for which it was intended; and

3. The Plaintiff suffered harm as a result.

If you find that the Defendants pursued legal action for a legitimate law enforcement purpose, you must find in favor of the Defendants.

## VIII. Assault and Battery

Assault: The Plaintiff must prove that the Defendants acted in a way that placed him in reasonable apprehension or fear of imminent harmful or offensive contact, and that the Defendants had the apparent ability to carry out that threat.

Battery: The Plaintiff must prove that the Defendants intentionally made physical contact with him and that the contact was offensive or harmful.

Police officers are permitted to use reasonable force in making an arrest. If you find that the force used was reasonable under the circumstances, you must find in favor of the Defendants on both the assault and battery claims.

## IX. Intentional and Negligent Infliction of Emotional Distress

For a claim of Intentional Infliction of Emotional Distress: The Plaintiff must prove that:

1. The Defendants' conduct was extreme and outrageous;

2. The Defendants intended to cause severe emotional distress (or knew that severe emotional distress was substantially certain to occur); and

3. The Plaintiff actually suffered severe emotional distress.

For a claim of Negligent Infliction of Emotional Distress: The Plaintiff must prove that:

1. The Defendants acted negligently;

2. Such negligence created an unreasonable risk of bodily harm; and

3. The Plaintiff suffered emotional distress as a result.

Mere embarrassment, stress, or anxiety is not sufficient to meet the standard for either intentional or negligent infliction of emotional distress. If you find that the Defendants' conduct was not extreme or outrageous or did not cause severe emotional distress, you must find in favor of the Defendants.

## X. Qualified Immunity

Even if you find that the Defendants violated the Plaintiff's constitutional rights, you must determine whether the Defendants are entitled to qualified immunity. A police officer is immune from liability if:

1. The constitutional right at issue was not clearly established at the time of the alleged incident; or

2. A reasonable officer in the same circumstances could have believed that his or her actions were lawful.

If you find that the Defendants are entitled to qualified immunity under either standard, you must find in favor of the Defendants.

## XI. Damages

- No Damages If You Find for Defendants: If you find in favor of the Defendants on all claims,

you will not consider damages.

- Compensatory Damages: If you find for the Plaintiff on any claim, you may consider compensatory damages.

- Punitive Damages: You may not award punitive damages against the County of Nassau as a matter of law.

## XII. Conclusion

Police officers are permitted by law to act with reasonable discretion in difficult and evolving situations. In evaluating the Defendants' actions, you must do so without the benefit of hindsight and from the perspective of a reasonable officer on the scene. If the Plaintiff has not met his burden of proof on any claim, you must find in favor of the Defendants on that claim. If the Defendants acted within the bounds of the law or under a valid legal exception, or if they are entitled to qualified immunity, you must find in favor of the Defendants.

You are now prepared to deliberate and decide each claim based on the instructions provided and on the evidence presented at trial.

Respectfully submitted,

DATED: February 10, 2025
Mineola, New York

Thomas A. Adams
Nassau County Attorney

_____
John Carnevale, Esq.
Deputy County Attorney
*Attorney for Defendants*
Office of the Nassau County Attorney
1 West Street, Mineola, New York 11501
Jcarnevale@nassaucountyny.gov
516-388-3045