UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARL T. SEMENCIC,

                          Plaintiff,                         18-CV-05244 (NRM)(AYS)

 -against-

THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
COMMISSIONER PATRICK J. RYDER, individually
and officially; POLICE OFFICER ROBERT B.
McGRORY, individually and officially;
POLICE OFFICER KENNETH J. MAGNUSON,
Individually and officially; JOHN DOE #1, individually
and officially; and JOHN DOE #2, individually,

                          Defendants.
-----------------------------------------------------------------X

## PLAINTIFF'S REQUESTS TO CHARGE

       **PLEASE TAKE NOTICE** that, pursuant to Fed.R.Civ.P. 51, plaintiff CARL SEMENCIC

provides these proposed jury instructions for the Court to give to the jury, in addition to such other

generally applicable instructions that the Court may give.  It is respectfully requested that during

the course of this trial, and at the end of the proof in this case, that counsel for the plaintiff be

allowed to amend and/or supply additional Requests to Charge.


              PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO
SUPPLEMENT THESE JURY INSTRUCTIONS AS TO ANY LEGAL
ISSUES THAT REMAIN UNADDRESSED AND/OR UPON
REQUEST FOR FURTHER SUBMISSIONS AS MAY BECOME
EVIDENT DURING THE PROCEEDINGS IN THIS MATTER.

1.    **BURDEN OF PROOF - PREPONDERANCE OF EVIDENCE**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

In this case, many of the facts are contested by the parties. The party who contests a fact at issue in the case must prove that contested fact by a preponderance of the evidence.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he or she must prove the fact at issue by a preponderance of the evidence. On the other hand, the

party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proven by a preponderance of evidence.

You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

**2.**    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence: direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his/her own personal knowledge by virtue of his/her own senses, what he or she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts.

Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## 3.    <u>INTERROGATORIES</u>

You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.

**4.    DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**5.    STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

6.     **<u>INFERENCES</u>**

In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, is permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proved, such reasonable inferences as would be justified In light of your experience.

7.     **<u>ACTION BY PRIVATE CITIZEN AGAINST POLICE OFFICERS:
       ALL PERSONS STAND EQUAL BEFORE THE LAW</u>**

As you know, this action was brought by a private citizen against police officers. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**8.**    **POLICE OFFICERS AND CIVILIAN WITNESSES**

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

**9.**    **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the thing testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice he or she may have;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

**10.**    **IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness's trial testimony. Generally, evidence of a

prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.  However, to the extent the prior statement was provided under oath and where the opposing party had the opportunity to cross-examine the witness, such as a deposition, then such statement may also be considered, to the extent you find the statement credible, for the truth of the matter asserted in the earlier statement.

In making the determination as to how much of a witness' testimony to believe, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## 11.    <u>ACCEPT IN WHOLE OR IN PART (FALSUS IN UNO)</u>

If you find that any witness has intentionally testified falsely as to any material fact, you may disregard that witness's entire testimony.  Or you may disregard so much of it as you find was untruthful, and accept so much of it as you find to have been truthful and accurate. (Authority: New York  Pattern Jury Instructions – Civil, PJI 1:22).

12.  **POLICE OFFICER WITNESS - BIAS**

A number of police officers testified at the trial.  At the time of the occurrence involved in this case all of the police officers were, and some still are, employees of the defendant County of Nassau Police Department.

The fact that these witnesses were and still are employed by the defendant Police department may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the police department. (Authority: New York Pattern Jury Instructions – Civil, PJI 1:92).

13.  **PLAINTIFF'S CAUSES OF ACTION UNDER 42 U.S.C. § 1983**

In his lawsuit, plaintiff Carl Semencic has sued the aforementioned police officers of the County of Nassau for money damages.  Mr. Semencic alleges that these defendants, acting under color of state law, deprived him of rights and privileges guaranteed by the United States Constitution.

A.  **Section 1983: Its Function, And Elements Of Claim For Relief**

**The Statute and Its Function**

Plaintiff asserts a claim under a federal civil rights statute, 42 U.S.C. § 1983. This statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states in part that:

> *Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].*

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the

Fourteenth Amendment of the Constitution.  The Fourteenth Amendment provides in relevant part that:

> *no state shall... deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.*

Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements: ***First,*** that the defendant's conduct was under color of state law; ***Second,*** that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [or by a federal statute]; and ***Third,*** that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

### First Element: Color of Law

As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants as police officers were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiffs case.

### Second Element: Deprivation of a Federal Right

The second element of the plaintiff's claim is that the defendants' conduct deprived plaintiff of a federal right.  Plaintiff claims in this case that he was deprived of his rights to be free of an unreasonable search and seizure under the Fourth Amendment to the federal Constitution. Plaintiff also claims that his right under the Fourth Amendment to be free from the use of excessive

10

force was violated.   I will explain the elements of the plaintiff's Fourth Amendment claim later in these instructions. [*See* Alleged Violations of Plaintiff's Constitutional Rights, *infra.*]

### Third Element: Proximate Cause

The third element that plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injury and damage.  Under Section 1983, the defendants are responsible for the natural consequences of their actions.  An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury.  You must determine whether the injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct.  An injury that is a direct result, or a reasonable probable consequence of a defendants' conduct, was proximately caused by that conduct.  The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury.  If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location.  In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### Elements of the Claim: Multiple Defendants

If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant is liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict in Defendants' favor.  Remember that the case as to each of these individual defendants must be considered separately by you.  The fact that you find that

one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

## B.    Burden of Proof on Section 1983 Elements

The plaintiff has the burden of proving each element of his § 1983 claim by a preponderance of the evidence.  A preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## C.    No Specific Intent

Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiffs federally protected rights. Nor does § 1983 require the plaintiff to show that the defendant abused governmental power.

## D.    Alleged Violations of Plaintiff's Constitutional Rights

### i.    Illegal Search And Seizure In General

Plaintiff Carl Semencic was arrested on July 19, 2016, by the defendant police officers. After arresting Mr. Semencic, the defendant officers searched his home and removed several items of his personal property from it.  The defendants did not have a warrant to arrest Mr. Semencic, nor did they have a warrant to search his home or confiscate his personal property.  Plaintiff claims he was unlawfully arrested because his arresting officers lacked an arrest warrant, and also lacked probable cause at the time of his seizure to believe he had committed an offense or crime.  Plaintiff further claims

that the Defendants unlawfully searched his entire home (including locked safes located inside his home) and confiscated his property without a warrant and without his consent. The Defendants claim that they arrested Mr. Semencic because they had probable cause to believe he's committed the crimes of Menacing in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree in violation of the New York State Penal Law. The defendants further claim that they only searched the safes located inside Mr. Semencic's home, and that they searched those safes only after obtaining Mr. Semencic's consent.

The Fourth Amendment to the United States Constitution provides as follows:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The Fourth Amendment prohibits the police from carrying out unreasonable seizures of a person and warrantless searches of homes. The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search or seizure is determined by assessing, on the one hand, the degree to which a search or seizure intrudes upon an individual's privacy and, on the other, the degree to which the search or seizure is needed for the promotion of legitimate governmental interests. (Authority: *United States v. Knights*, 534 U.S. 112, 118-19 [2001]; *Wyoming v. Houghton*, 526 U.S. 295, 300 [1999]; *United States v Mahama*, 2024 US Dist. LEXIS 145463, at *2 [D Conn Aug. 15, 2024, No. 3:23-cr-177]).

## ii.    <u>Plaintiff's Claim Of Unlawful Warrantless Arrest</u>

An arrest is considered a "seizure" within the meaning of the Fourth Amendment. Where an officer makes an arrest without a warrant, the presumption arises that the plaintiff's arrest was unlawful. (Authority: *Jenkins v. City of New York,* 478 F.3d 76, 88 [2d Cir. 2007]; *Curry v. City of*

*Syracuse,* 316 F.3d 324, 335 [2d Cir. 2003]).    Under the Fourth Amendment a warrantless arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct or is engaging in criminal conduct in the presence of the arresting officer.  An arrest without probable cause is an unreasonable seizure, and therefore unlawful under the Fourth Amendment.

I will refer to Menacing in The Second Degree and Criminal Possession of a Weapon in the Fourth Degree as "offenses."   In this case, the defendant police officers arrested Mr. Semencic for these offenses without a warrant, which is presumptively unlawful.   Therefore, the critical question for you to decide is this: whether the plaintiff's arrest on July 19, 2016 was lawful despite the lack of an arrest warrant?  The lawfulness of Mr. Semencic's arrest depends upon whether the defendant police officer had probable cause to believe that Mr. Semencic had committed either or both of the offenses, or was committing either or both of them, in the presence of the defendant police officers.

What does the law mean by probable cause?  Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict.  Neither, however, is it mere speculation or surmise.  Probable cause exists when the facts and circumstances within the knowledge of the police officers at the time the arrest was made were sufficient to warrant a reasonably prudent police to believe that an offense or a crime had been committed or was being committed by the person being arrested.  This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.  The existence of probable cause is measured as of the moment of the arrest, not on the basis of later developments.

14

The Defendants have the burden of establishing by a preponderance of the evidence that probable cause existed for Mr. Semencic's arrest. In order for you to determine whether the defendant police officers had probable cause to arrest the plaintiff for any of the charges made against him, I shall instruct you as to the elements of the crimes the plaintiff was charged with committing when he was arrested.

**Menacing in The Second Degree**. Under our law, a person is guilty of Menacing in the Second Degree when he intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon.

The following terms used in that definition have a special meaning: PHYSICAL INJURY means impairment of physical condition or substantial pain. SERIOUS PHYSICAL INJURY means impairment of a person's physical condition which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health or protracted loss or impairment of the function of any bodily organ. DEADLY WEAPON means any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged. A person acts INTENTIONALLY when that person's conscious objective or purpose is to cause a particular result or to engage in particular conduct. Thus, a person intentionally places or attempts to place another person in reasonable fear of physical injury or serious physical injury or death by displaying a deadly weapon, when that person's conscious objective or purpose is to do so. In order for the Defendants to have lawfully arrested Carl Semencic for the crime of Menacing in the Second Degree, the evidence must satisfy the following two elements: (1) that on July 19, 2016, in the county of Nassau, Carl Semencic placed or attempted to place Daniel Maloney in reasonable fear of physical injury or serious physical injury or death by displaying a deadly weapon; and (2) that Carl Semencic did so intentionally.

15

(Authority: New York Criminal Jury Instructions Second, Penal Law § 120.14(1)) [internal footnotes and citations omitted].

**<u>Criminal Possession of a Weapon in the Fourth Degree</u>**.  Under our law, a person is guilty of Criminal Possession of a Weapon in the Fourth Degree when that person knowingly possesses a deadly weapon with intent to use the same unlawfully against another. The following terms used in that definition have a special meaning: DEADLY WEAPON means any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged. POSSESS means to have physical possession or otherwise to exercise dominion or control over tangible property. A person KNOWINGLY possesses a deadly weapon when that person is aware that he or she is in possession of such deadly weapon.  INTENT means conscious objective or purpose.  Thus, a person acts with intent to use a deadly weapon unlawfully against another when his or her conscious objective or purpose is to do so.  In order for the Defendants to have lawfully arrested Carl Semencic for the crime of Criminal Possession of a Weapon in the Fourth Degree, the evidence must satisfy the following three elements: (1) that on or about July 19, 2016, in the county of  Nassau, Carl Semencic possessed a deadly weapon; (2) that Carl Semencic did so knowingly; and (3) that Carl Semencic did so with intent to use that deadly weapon against Daniel Maloney. (Authority: New York Criminal Jury Instructions Second, Penal Law § 265.01 (2)) [internal footnotes and citations omitted].

Accordingly, on the issue of the alleged constitutional violation of making an unlawful arrest for Menacing in the Second Degree and/or Criminal Possession of a Weapon in the Fourth Degree, I instruct you as follows: if you determine that the defendants have failed to establish, by a preponderance of the evidence, that police officer Kenneth Magnuson and/or police officer Robert McGrory had probable cause to arrest Mr. Semencic for either or both of those offenses,

your verdict must be in Mr. Semencic's favor and against the defendant police officers as to the unlawful arrest claim for relief.

However, if you determine that the defendants have established, by a preponderance of the evidence, that there was probable cause to arrest Mr. Semencic for Menacing in the Second Degree and/or Criminal Possession of a Weapon in the Fourth Degree, then the arrest would be lawful and your verdict must be in favor of the defendants on this claim.

### iii.    <u>Plaintiff's Claim Of Unlawful Warrantless Search Of His Home</u>

The Fourth Amendment protects individuals against warrantless intrusions into their homes by government officers. Ordinarily, a police officer's entry into and search of a person's home must be conducted pursuant to a warrant signed by a neutral, detached magistrate. (Authority: *Katz v. United States*, 389 U.S. 347, 356-57 [1967]; *United States v Price*, 2017 US Dist. LEXIS 175460, at *8-9 [EDNY Oct. 23, 2017, No. 17-CR-301 (NGG)]). The presence of a search warrant serves a high function. Absent some grave emergency, the Fourth Amendment interposed a magistrate between the citizen and the police, so that an objective mind might weigh the need to invade a suspect's privacy in order to enforce the law. For this reason, the Constitution requires a magistrate to pass on the intentions of the police before the police can violate the privacy of one's home. (Authority: *Chimel v California*, 395 US 752, 761 [1969]).

Warrantless searches are unreasonable by default, subject to only a few exceptions. (Authority: *United States v. Elliott*, 50 F.3d 180, 185 [2d Cir. 1995]). Voluntary consent is one exception to the warrant requirement. In this case, the defendant police officers claim that they searched Mr. Semencic's home only after they obtained his consent to do so. Mr. Semencic denies that he gave the defendant police officers consent to search his home. The government has the burden of proving, by a preponderance of the evidence, that a consent to search was voluntary.

(Authority:  *United States v. Calvente*, 722 F.2d 1019, 1023 [2d Cir. 1983]).   The critical question for you to decide is this: whether the defendant police officers had a reasonable basis for believing that they had been given consent to search Mr. Semencic's home on July 19, 2016? (Authority: *United States v. Garcia*, 56 F.3d 418, 423 [2d Cir. 1995]; *Florida v. Jimeno*, 500 U.S. 248, 251 [1991]).  Whether a suspect's consent was voluntary is a factual question determined under the totality of the circumstances. (Authority: *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); *United States v. Isiofia*, 370 F.3d 226, 231 [2d Cir.2004]; *United States v Franklin*, 2024 U.S. App. LEXIS 24079, at *5-6 [2d Cir Sep. 23, 2024, No. 23-6265]).

Accordingly, on the issue of the alleged constitutional violation of making an unlawful warrantless search of the plaintiff's home, I instruct you as follows: if you determine that the defendants have failed to establish, by a preponderance of the evidence, that police officer Kenneth Magnuson and/or police officer Robert McGrory and/or police officer Mayser Aljadar obtained Mr. Semencic's voluntary consent for the warrantless search of his home, your verdict must be in Mr. Semencic's favor and against the defendant police officers as to the unlawful search claim for relief.

However, if you determine that the defendants have established, by a preponderance of the evidence, that Mr. Semencic voluntarily consented to the warrantless search of his home by the defendants, then that search was lawful and your verdict must be in favor of the defendants on this claim.

### iv.    <u>Plaintiff's Claim Of Use Of Excessive Force</u>

Plaintiff claims that the defendant police officers violated his Fourth Amendment rights by using excessive force while arresting him.  Defendants deny that they used excessive force during Mr. Semencic's arrest.  The Fourth Amendment to the United States Constitution states

that there shall be no unreasonable seizures.  Since a police officer may use reasonable force in seizing a person, but the Fourth Amendment prohibits the use of unreasonable force, use of excessive force during an arrest is considered an unreasonable seizure.  Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when being arrested.

Fourth Amendment jurisprudence recognizes that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.  However, it is also well established that police officers violate the Fourth Amendment if the amount of force they use is objectively unreasonable in light of the facts and circumstances confronting them. (Authority: *Graham v Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed.3d 443 [1989]).  The Fourth Amendment's reasonableness standard requires you to pay careful attention to the totality of the facts and circumstances surrounding Mr. Semencic's arrest, including: (1) the severity of the crimes at issue;  (2) whether Mr. Semencic posed an immediate threat to the safety of the officers or others; and (3) whether Mr. Semencic was actively resisting arrest or attempting to evade arrest by flight.  (Authority: *Graham v Connor, supra*; *Cugini v City of NY*, 941 F3d 604, 612 [2d Cir 2019]).

The reasonableness of the amount of force used thus must be judged from the perspective of a reasonable officer on the scene at the moment when the force is used.  In other words, the standard to be applied in determining whether the amount of force used exceeded the amount that was necessary in the particular circumstances is "reasonableness at the moment." (Authority: *Graham v Connor*, 490 U.S. 386 [1989]; *Rogoz v City of Hartford*, 796 F3d 236, 246-247 [2d Cir 2015]).  Whether or not the force used by the defendant police officers in seizing Mr. Semencic was reasonable is an issue to be determined by you, and it requires you to decide the degree of

19

force a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances then present at the moment of Mr. Semencic's arrest.

In this case, plaintiff claims that on July 19, 2016, the defendant Kenneth Magnuson and/or the defendant Robert McGrory and/or the other defendant police officers involved in his arrest violently pushed Mr. Semencic backwards into his kitchen, violently turned him around, aggressively bent him over his kitchen counter and forcibly handcuffed his hands so tightly behind his back that his wrists later became swollen and his elbow was scraped and scabbed. The defendants deny that they did any of these things.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendants would not be sufficient, by itself, to demonstrate that the defendants violated the plaintiffs Fourth Amendment rights. On the other hand, you may find that degree of force used by the defendants when they seized Mr. Semencic on July 19, 2016, constituted unreasonable and excessive force that would render the defendants liable.

The critical question you must answer is this: whether the actions of the defendant police officers on July 19, 2016, were objectively reasonable, meaning were those actions ones a reasonably prudent police officer would have taken under facts and circumstances similar to those confronting the defendant police officers at the moment of Mr. Semencic's arrest? You are to make this determination without regard to the police officers' underlying subjective intent or motivation. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and

circumstances as you find them to be, including the severity of the offenses at issue, whether Mr. Semencic posed an immediate threat to the safety of the defendant police officers or others, and whether Mr. Semencic was actively resisting arrest at the time the alleged excessive force was applied.

Accordingly, on the issue of the alleged constitutional violation of use of excessive force, I instruct you as follows: if you determine that plaintiff has established, by a preponderance of the evidence, that on July 19, 2016, police officer Kenneth Magnuson and/or police officer Robert McGrory and/or the other defendant police officers involved used an unreasonable degree of force to effectuate Mr. Semencic's seizure, your verdict must be in Mr. Semencic's favor and against the defendant police officers.

However, if you determine that the defendant police officers have established, by a preponderance of the evidence, that on July 19, 2016, they employed only such force as was reasonably required to effectuate Mr. Semencic's seizure, then your verdict must be in favor of the defendants on this claim.

**v.    Plaintiff's Second Amendment Claim**

The Second Amendment codifies the pre-existing right of the people, independent of militia service, to keep and bear firearms in common use for lawful purposes like self-defense in the home. (Authority: *District of Columbia v. Heller*, 554 U.S. 570, 625 [2008]). The people's right to keep and bear firearms is a fundamental right. (Authority: *McDonald v. City of Chicago*, 561 U. S. 742, 748 [2010]). The Second and Fourteenth Amendments protect an individual's fundamental right to carry a firearm for self-defense outside the home. (Authority: *New York State Rifle & Pistol Ass'n v Bruen*, 597 U.S. at 1, 9 [2022]). Prior to his arrest on July 19, 2016, plaintiff

possessed a valid Nassau County firearm permit, and his possession of all of the firearms taken from his home by the defendant police officers was protected by the Second Amendment.

The parties have stipulated to the following facts: (1) At the time of his arrest and the search of his home on July 19, 2016, by defendants Magnuson, McGrory and the other police officers involved, plaintiff owned several firearms, in addition to the firearm involved in this case; (2), at this time, plaintiff possessed a valid Nassau County handgun permit; (3) in addition to confiscating the handgun involved in this case, defendants Magnuson, McGrory and the other police officers involved in the search of plaintiff's home confiscated 20 additional firearms from plaintiff's home following his arrest; (4) during his criminal prosecution and continuing after it was dismissed, Mr. Semencic made several demands of the defendant Nassau County Police Department that it return to him the firearms that defendants Magnuson, McGrory and the other police officers involved had confiscated from his home; (5) the defendant Nassau County Police Department did not return Mr. Semencic's firearms to him; and (6) on January 12, 2023, defendant Nassau County Police Department destroyed all of plaintiff's firearms.

Plaintiff claims that, as a direct result of his unlawful arrest by defendant Magnuson and defendant McGrory, his firearm license was suspended and this suspension prevented him from possessing handguns in his home after his criminal case was dismissed, in violation of his Second Amendment rights.

Plaintiff further claims that the defendant Nassau County Police Department unlawfully refused to return his firearms to him, and unlawfully destroyed those firearms, which prevented him from possessing those firearms in his home, in violation of his Second Amendment rights.

If you find, based on a preponderance of the evidence, that: (1) plaintiff's arrest was unlawful; and (2) the plaintiff's unlawful arrest led to the suspension of plaintiff's firearm permit;

and (3) as a direct result, the plaintiff was subsequently prevented from possessing a handgun in his home following the dismissal of his criminal case, then your finding will be for the plaintiff on this issue.

If, on the other hand, you find, based on a preponderance of the evidence, that (1) plaintiff's arrest was lawful; or (2) the plaintiff's arrest did not lead to the suspension of plaintiff's firearm permit; or (3) that plaintiff was not subsequently prevented from possessing a handgun in his home following the dismissal of his criminal case, then your finding will be for the defendants on this issue.

If you find, based on a preponderance of the evidence, that: (1) the defendant Nassau County Police Department unlawfully refused to return his firearms to him; or (2) the defendant Nassau County Police Department unlawfully destroyed those firearms; and (3) that defendant's refusal to return plaintiff firearms to him and/or the defendant's destruction of those firearms prevented plaintiff from possessing those firearms in his home, then your finding will be for the plaintiff on this issue.

If, on the other hand, you find, based on a preponderance of the evidence, that: (1) the defendant Nassau County Police Department refusal to return his firearms to him was lawful; or (2) the defendant Nassau County Police Department lawfully destroyed those firearms; or (3) that defendant's refusal to return plaintiff firearms to him and/or the defendant's destruction of those firearms did not prevent plaintiff from possessing those firearms in his home, then your finding will be for the defendant on this issue.

## 6.  ASSAULT AND BATTERY (STATE LAW CLAIMS)

In this case, plaintiff has brought separate causes of action seeking money damages from the defendants for the torts of assault and battery.

23

**Assault**.    An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact.  A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact.   In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault.  There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur.  It is not necessary that there be any contact.  Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result.  Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:2).

**Battery.**    A battery occurs when one person intentionally touches another person, without that person's consent, and causes an offensive bodily contact.  A person who commits a battery and is liable for all damages resulting from his act. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:3.)

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:3.)  I emphasize that the intent which is an essential element of the action of battery is the intent to make contact, not the intent to do injury. (Authority: *Willanueva v.*

*Comparetto*, 180 A.D.2d 627, 629 [2d Dep't 1992].)  An offensive contact is one which offends a reasonable sense of personal dignity.  (Authority: Restatement, Second, Torts § 19.)  In this regard, I instruct you that a battery can occur even if the contact is slight. (Authority: *Johnson v. Suffolk Co. Sheriff Dep't*, 245 A.D.2d 340, 341 [2d Dep't 1997].)

Mr. Semencic claims that he was both assaulted and battered on July 19, 2016, when defendant Kenneth Magnuson and/or defendant Robert McGrory and/or the other defendant police officers involved in his arrest entered his home without his consent and then violently pushed him backwards into his kitchen, violently turned him around, aggressively bent him over his kitchen counter and forcibly handcuffed his hands so tightly behind his back that his wrists later became swollen and his elbow was scraped and scabbed.  Mr. Semencic claims he was further assaulted and battered later that same evening, when, immediately after he opened the safe in his basement surrounded by the defendant police officers, defendant Kenneth Magnuson and/or defendant Robert McGrory and/or the other defendant police officers then present "swarmed" him, aggressively pushed him back and away from his safe, forcefully turned him around and roughly placed him in handcuffs.  The defendants deny that they did any of these things.

Courts interpreting New York state law of assault and battery as it applies to police officers have stated that except for § 1983's requirement that these torts be committed under color of state law, the essential elements of plaintiff's Fourth Amendment use of excessive force claim and his state law claims for assault and battery claims are substantially identical. (Authority: *Humphrey v Landers*, 344 F App'x 686, 688, 2009 U.S.App. LEXIS 19578 [2d Cir 2009]; *Posr v. Doherty,* 944 F.2d 91, 94-95 [2d Cir. 1991]).

I therefore instruct you that if you find that on July 19, 2016, the defendant Kenneth Magnuson and/or the defendant Robert McGrory and/or the other defendant police officers

involved in Mr. Semencic's arrest were not justified in using force at all, or that the force they used to arrest Mr. Semencic was in excess of the force actually needed, and that when the defendants use such force against the plaintiff they intended to cause plaintiff apprehension of imminent harmful or offensive contact, and that the plaintiff had such apprehension, you will find that the defendants committed an assault.  (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:2).

I instruct you that if you find that on July 19, 2016, the defendant Kenneth Magnuson and/or the defendant Robert McGrory and/or the other defendant police officers involved in Mr. Semencic's arrest were not justified in using force at all, or that the force they used to arrest Mr. Semencic was in excess of the force actually needed, and that when the defendants use such force against the plaintiff they intended to cause a bodily contact that a reasonable person would find offensive, and that this contact occurred and was offensive to the plaintiff,  you will find that the defendants committed a battery.  (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:3).

I instruct you that if you find that on July 19, 2016, the defendant Kenneth Magnuson and/or the defendant Robert McGrory and/or the other defendant police officers involved in the search of the safe in Mr. Semencic's basement were not justified in using force at all, or that the force they used against Mr. Semencic after he opened his basement safe was in excess of the force actually needed to place him back in handcuffs, and that when the defendants use such force against the plaintiff they intended to cause plaintiff apprehension of imminent harmful or offensive contact, and that the plaintiff had such apprehension, you will find that the defendants committed and assault.  (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:2).

I instruct you that if you find that on July 19, 2016, the defendant Kenneth Magnuson and/or the defendant Robert McGrory and/or the other defendant police officers involved in search

of the safe in Mr. Semencic's basement were not justified in using force at all, or that the force they used against Mr. Semencic after he opened his basement safe was in excess of the force actually needed to place him back in handcuffs, and that when the defendants use such force against the plaintiff they intended to cause a bodily contact that a reasonable person would find offensive, and that this contact occurred and was offensive to the plaintiff, you will find that the defendants committed a battery. (Authority: New York Pattern Jury Instructions. – Civil, PJI 3:3).

## 7.    FALSE ARREST AND FALSE IMPRISONMENT (STATE LAW CLAIMS)

As you have heard, the plaintiff, Mr. Semencic, seeks damages for false arrest. A person commits a false arrest if he intentionally and without the right to do so arrests or takes into custody another person who is aware of the arrest and does not consent to it. (Authority: New York Pattern Jury Instructions – Civil, PJI 3:5).

False imprisonment is sometimes spoken of as "false arrest." Arrest usually involves confinement, but not every confinement originates with an arrest. False imprisonment, therefore, includes but is not limited to false arrest. Except in this limited sense, the terms "false arrest" and "false imprisonment" are synonymous. (Authority: *Jacques v Sears, Roebuck & Co., Inc.*, 30 NY2d 466 [1972]; *Brown v Roland*, 215 AD2d 1000 [3d Dept 1995]; *Holland v Poughkeepsie*, 90 AD3d 841 [2d Dept 2011]). Any physical detention, though it be only for a few minutes, is sufficient. (Authority: *Jacques v Sears, Roebuck & Co., Inc.*, 30 NY2d 466 [1972]; *Seguin v Myers*, 279 App Div 690 [3d Dept 1951]; *Egleston v Scheibel*, 113 App Div 798 [2d Dept 1906]).

The elements of both false arrest and false imprisonment are: (1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. (Authority: *Torres v*

*Jones*, 26 NY3d 742 [2016]; *Martinez v Schenectady*, 97 NY2d 78 [2001]; *Parvi v Kingston*, 41 NY2d 553 [1977]; *Broughton v State*, 37 NY2d 451 [1975]).

Mr. Semencic claims that on July 19, 2016, the defendant Kenneth Magnuson, defendant Robert McGrory and the other defendant police officers involved in his arrest seized him without a warrant and without probable cause, that he was taken into custody and confined by the defendants, that he did not consent to either his seizure or his confinement, and that he was caused to sustain damages as a result. The defendants admit that they arrested and confined Mr. Semencic and that they did not have a warrant, but say that under the circumstances Mr. Semencic's arrest and confinement were lawful.

Defendants Magnuson, McGrory and the other defendant police officers involved in Mr. Semencic's arrest, as police officers, had the right to arrest Mr. Semencic without a warrant if they had reasonable cause to believe that both a crime had been committed and Mr. Semencic had committed it. The defendant police officers must prove that they had reasonable cause for believing that a crime had been committed and that Mr. Semencic was the person who had committed it. Reasonable cause for Mr. Semencic's arrest existed if the facts and circumstances known to police officer defendants, or the information that they had before making the arrest, were such as to lead a reasonably prudent person to believe that both a crime had been committed and Mr. Semencic was the person who had committed it. If the arrest of Mr. Semencic was made with reasonable cause, it was lawful even though Mr. Semencic was not convicted of the crime for which he was arrested. The defendant police officers claim that, at the time they arrested Mr. Semencic, the facts as they appeared to them were sufficient to constitute reasonable cause.

If you find that the facts appeared to the police officer defendants as they claim and that a reasonably prudent person would have believed that those were the facts, your finding will be that

the police officer defendants had reasonable cause to believe that both a crime had been committed, and Mr. Semencic had committed it, and there was no false arrest.  If, on the other hand,  you find that the facts as they appeared to defendant Kenneth Magnuson and/or defendant Robert McGrory and/or the other defendant police officers involved in Mr. Semencic's arrest, were not as they claim, or that it was not reasonable for these defendants to have believed that those were the facts, or that it was not reasonable for these defendants to conclude that Mr. Semencic had committed a crime, your finding will be that the police officer defendants did not have reasonable cause for the arrest and that there was a false arrest. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:5).

## 8.   **MALICIOUS PROSECUTION (STATE LAW CLAIM)**

Plaintiff claims that he was maliciously prosecuted by the defendants.  The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendants against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice.  (Authority: *De Lourdes Torres v Jones*, 26 NY3d 742, 760 [2016]; *Smith-Hunter v Harvey*, 95 NY2d 191, 195, 734 NE2d 750, 712 NYS2d 438 [2000];  *Thaule v Krekeler*, 81 NY 428, 433 [1880].)

When a criminal charge is dismissed pursuant to C.P.L. § 30.30 for a speedy trial violation, that dismissal is considered a "favorable termination" for purposes of a malicious prosecution cause of action.  (Authority: *Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000].)

In this case, the parties stipulate that the defendants' charge of Menacing in the Second Degree was dismissed on May 28, 2018, pursuant to C.P.L. § 30.30 due to the violation of Mr. Semencic's right to a speedy trial.  The dismissal of this charge ended the criminal proceedings against Mr. Semencic.  I instruct you that the dismissal of the Menacing in the Second Degree

charge for speedy trial reasons constitutes a "favorable termination" of the criminal proceedings against the plaintiff for the purposes of his malicious prosecution claim.

Since defendants stipulate that they commenced or caused to be commenced a criminal proceeding against the plaintiff, and this criminal proceeding was terminated in favor of the plaintiff, I instruct you that the plaintiff has satisfied the first and second elements of the malicious prosecution claim. Therefore, the only two issues for you to decide in this malicious prosecution claim are whether the defendants lacked probable cause to commence to commence the criminal proceeding, and whether they defendants acted with malice toward the plaintiff.

Whether probable cause existed depends upon whether a reasonably prudent person would have believed that the plaintiff was guilty of the crime charged on the basis of the facts known to the defendants at the time the prosecution was initiated, or what they reasonably believed to be true. The fact that the defendants personally believed that the plaintiff was guilty is not enough if a reasonably prudent person would not have believed that to be so. On the other hand, the fact that all of the charges against plaintiff were dismissed was does not establish that the defendants lacked probable cause at the time the prosecution was initiated. The question on the issue of probable cause is not whether the plaintiff was in fact guilty or innocent, or whether the defendants were in fact mistaken or correct, but rather whether, on the facts known to or reasonably believed by defendants at the time they charged the plaintiff with the offenses, a reasonably prudent person would have believed the plaintiff was guilty.

You must determine whether defendants Magnuson and McGrory had probable cause to begin the District Court criminal proceeding on the charges of Menacing in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree in accordance with the instructions that I gave to you earlier in discussing Mr. Semencic's claim for false arrest. Unlike his false arrest

claim, Mr. Semencic bears the burden of proving by a preponderance of the evidence that the defendants did not have probable cause to arrest and prosecute him.  (Authority: *Cook v Sheldon*, 41 F.3d 73, 79 [2d Cir. 1994]).

You are not to determine whether the plaintiff was, in fact, innocent or guilty.  Instead, you are determine if, based only on the facts as they reasonably appeared to the defendants Magnuson and/or McGrory, a reasonably prudent officer would have believed that the plaintiff was guilty of the crimes he was charged with.  In other words, regarding the probable cause element of a malicious prosecution claim, Mr. Semencic need establish only that probable cause was lacking for any of the offenses Magnuson and McGrory described in their Informations. (Authority: Kee v. City of New York, 12 F.4th 150, 166 [2d Cir. 2021].)

If you find that the facts reasonably appeared to defendants Magnuson and McGrory defendant as they claim, and that based on those facts a reasonably prudent person would have believed that plaintiff had committed the crimes of Menacing in the Second Degree and/or Criminal Possession of a Weapon in the Fourth Degree, your finding will be that the defendants had probable cause for believing the plaintiff was guilty and you need proceed no further on the malicious prosecution claim.  If, however, you find that the facts did not appear to be as defendants Magnuson and/or McGrory claim, or that defendants Magnuson and/or McGrory were not reasonable in their beliefs as to the facts, or that it was not reasonable for defendants Magnuson and/or McGrory to have believed that plaintiff committed the crimes of Menacing in the Second Degree and/or Criminal Possession of a Weapon in the Fourth Degree, your finding will be that the defendants did not have probable cause to believe that the plaintiff was guilty.  You will then proceed to consider whether the defendant acted maliciously in initiating the prosecution.

A prosecution is initiated maliciously if it is brought for a purpose other than bringing an offender to justice or out of personal ill will.  If you find that the defendants Magnuson and McGrory  did not have probable cause for believing that the plaintiff was guilty at the time they initiated the prosecution, you may, although you are not required to, infer from that fact alone that defendants acted maliciously.  If you find that defendants Magnuson and McGrory brought the prosecution against the plaintiff out of ill will, or gave a false or incomplete statement of the facts to the district attorney, or testified falsely during the course of plaintiff's criminal trial, your finding will be that defendants Magnuson and McGrory acted maliciously. To show actual malice, Mr. Semencic does not have to prove that the defendants acted with intent to do him harm, although that is sufficient; rather, you can infer malice if you conclude that the defendants did not have a reasonable basis -- or any basis -- to believe that Mr. Semencic had committed the crimes for which he was arrested or charged.  (Authority: *Jestic v. Long Island Savings Bank*, 81 A.D.2d 255, 258 [2d Dep't 1981]; *Boose v. City of Rochester*, 71 A.D.2d 59, 69 [4th Dep't 1979]).

If you find that these defendants did not act maliciously, you will find for the defendants, even though you find that they did not have probable cause to believe that the plaintiff was guilty. If you find that the plaintiff has proved both that the defendants Magnuson and McGrory did not have probable cause and that they acted maliciously, the plaintiff is entitled to recover and you will proceed to consider the question of damages.

The fact that I charge you on the law of damages must not be taken as an indication that you should find for the plaintiff.  It is for you to decide whether plaintiff has proved both malice and lack of probable cause. If you find that the plaintiff has not proved both, you need go no further. Only if you find that the plaintiff has proved both will you consider the measure of damages. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:50).

9.      **ABUSE OF PROCESS (STATE LAW CLAIM)**

In this action the plaintiff seeks damages, which he claims he suffered because of the defendants' improper use of the criminal process.  An abuse of process takes place when one party, without justification or excuse and with the intent to do harm, initiates criminal proceedings against another party for a purpose other than the one for which criminal proceedings are legally intended and, as a result, the other party suffers economic harm.   Plaintiff claims that defendants Magnuson and McGrory committed an abuse of process when, without excuse or justification and with the intention to do plaintiff harm, they charged him with the crimes of Menacing in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree.  Plaintiff further claims that defendants Magnuson and McGrory filed criminal charges against him for the purposes of avoiding personal liability for their actions and/or to avoid adverse consequences in their employment.  Defendants Magnuson and McGrory admit that they charged plaintiff with these crimes, but deny that their commencement of the criminal process against Mr. Semencic was used for any purpose other than that for which it is legally intended.

In order to decide whether or not the Mr. Semencic is entitled to recover for abuse of process, you must compare the purpose for which an arrest and commencement of the legal process is intended with the purpose for which it was in fact used.  The legitimate purpose of criminal arrests is to effectuate a valid criminal charge.  If you find that plaintiff's arrest was used only for that purpose, then even though the arrest put the plaintiff to trouble and expense and even though the prior prosecution was in fact unfounded, your finding will be that the defendants properly used the arrest and commencement of the legal process for its intended purpose and you will find for the defendants. If, however, you find that the defendants Magnuson and McGrory abused the legal process for the purpose of avoiding personal liability for their actions and/or to avoid adverse job consequences in

33

their job employment, your finding will be that the defendants abused the process by using it to accomplish an improper purpose, and you will find for the plaintiff. (Authority: New York Pattern Jury Instructions – Civil, PJI 3:51).

## 10.    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW CLAIM)**

In this action the plaintiff seeks money damages from the defendants for intentional infliction of emotional distress. One who intentionally and for the purpose of causing severe emotional distress, or recklessly conducts himself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress. (Authority: New York Pattern Jury Instructions – Civil, PJI 3:6).

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result. An act is reckless when it is done in such a manner and under such circumstances as to show utter disregard of the consequences that may follow. Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

The parties have stipulated to the following facts: (1) at the time of his arrest and the search of his home on July 19, 2016, by defendants Magnuson, McGrory and the other police officers involved, plaintiff owned several firearms, in addition to the firearm involved in this case; (2), at this time, plaintiff possessed a valid Nassau County handgun permit; (3) in addition to confiscating the handgun involved in this case, defendants Magnuson, McGrory and the other police officers involved in the search of plaintiff's home confiscated 20 additional firearms from plaintiff's home

following his arrest; (4) during his criminal prosecution and continuing after it was dismissed, Mr. Semencic made several demands of the defendant Nassau County Police Department that it return to him the firearms that defendants Magnuson, McGrory and the other police officers involved had confiscated from his home.

You have heard evidence in this case that: on February 4, 2020, during the course of this case, U.S. District Court Judge Sandra Feuerstein ordered the defendant Nassau County Police Department to return all of the firearms it confiscated from Mr. Semencic's home to him within 30 days; that the defendant Nassau County Police Department failed to comply Judge Feuerstein's order; and that during a conference held on March 10, 2020, Judge Feuerstein struck the answer of the defendant Nassau County Police Department as punishment for their contempt of her order and entered default against them.

The parties have further stipulated that: (5) the defendant Nassau County Police Department did not return Mr. Semencic's firearms to him; and (6) on January 12, 2023, defendant Nassau County Police Department destroyed all of plaintiff's firearms.

Plaintiff claims that the actions of the defendant Nassau County Police Department in refusing his requests for the return of his property, in ignoring Judge Feuerstein's order to return plaintiff's property to him, and in subsequently destroying his personal property was done with the intention of causing him severe emotional distress. Plaintiff further claims that the defendant Nassau County Police Department's actions as described here were so reckless toward him, and so shocking and outrageous that they exceeded all reasonable bounds of decency and directly caused him to suffer severe emotional distress.

If you find: (1) that the defendant police officers' conduct toward plaintiff was intentional, or was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured

by what the average member of the community would tolerate; and (2) that defendants' conduct caused severe emotional distress to plaintiff;  and (3) that defendants acted with the desire to cause such distress to plaintiff, or under circumstances known to them which made it substantially certain that that result would follow, or that the defendants acted recklessly and with utter disregard of the consequences that might follow, your finding on this issue will be for plaintiff.

If, on the other hand, you find: (1) that the defendants' conduct was not intentional, or was not so outrageous and shocking as to exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate;  or (2) that although it was, the defendants' conduct did not cause severe emotional distress to plaintiff; (3) that although defendants' conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, defendant did not act with the desire to cause such distress to plaintiff, or under circumstances known to them which made it substantially certain that that result would follow, or that the defendants did not act recklessly and with utter disregard of the consequences that might follow, your finding on this issue will be for the defendants. (Authority: New York  Pattern Jury Instructions – Civil, PJI 3:6).

## 11.   **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (STATE LAW CLAIM)**

In this action the plaintiff seeks money damages from the defendants for negligent infliction of emotional distress.  Under New York law, where a defendant owes a duty to a plaintiff, breaches that duty, and the breach of that duty results in direct emotional harm to the plaintiff, the defendant is liable to the plaintiff for negligent infliction of emotional distress. (Authority: *Kennedy v McKesson Co.*, 58 NY2d at 504; *Lando v State of New York*, 39 NY2d 803, [1976]; *Battalla v State of New York*, 10 NY2d 237 [1961]; *Ferrara v Galluchio*, 5 NY2d 16, 152 NE2d 249 [1958]; *Taggart v Costabile*, 131 AD3d 243, 252 [2d Dept 2015]).

36

A plaintiff asserting a claim for the negligent infliction of emotional distress must therefore establish that: (1) the defendants owed a duty to him; (2) the defendants breached that duty; and (3) that the breach of the duty directly resulted in the plaintiff experiencing emotional harm.

The tort of negligent infliction of emotional distress does not require extreme and outrageous conduct, as does a claim for intentional infliction of emotional distress. A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred, when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness. (Authority: *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 504 [1983]; *Ornstein v. New York City Health and Hospitals Corp.*, 10 N.Y.3d 1 [2008]; *Ferrara v. Galluchio*, 5 N.Y.2d 16, 21 [1958].)

A custodian of property is a person or institution responsible for managing real or personal property. A property custodian's duties generally include securing, safeguarding, and maintaining the property in the condition received and accounting for any changes in it. (Authority: Black's Law Dictionary [11th ed 2019]). In short, a custodian holds, cares for and/or protects property owned by another. A lawful custodian maintains an interest in the protected property, but a custodial interest in the property held is not absolute and does not surpass the possession rights of the property's owner. (Authority: *People v Ovalle*, 77 Misc 3d 996, 1000 [Crim. Ct. Bronx County 2022]).

Parties to litigation have a duty to obey lawful court orders. A court may punish a person for failing to obey a lawful court order if, after a hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order. (Authority: *Matter of Elliot v Marble*, 49 AD3d 923, 924 [3d Dept 2008]); *Matter of Aumell v King*, 18 AD3d 905, 905-906, 795 NYS2d 360 [2005]).

37

The parties have stipulated to the following facts: (1) At the time of his arrest and the search of his home on July 19, 2016, by defendants Magnuson, McGrory and the other police officers involved, plaintiff owned several firearms, in addition to the firearm involved in this case; (2), at this time, plaintiff possessed a valid Nassau County handgun permit; (3) in addition to confiscating the handgun involved in this case, defendants Magnuson, McGrory and the other police officers involved in the search of plaintiff's home confiscated 20 additional firearms from plaintiff's home following his arrest; (4) during his criminal prosecution and continuing after it was dismissed, Mr. Semencic made several demands of the defendant Nassau County Police Department that it return to him the firearms that defendants Magnuson, McGrory and the other police officers involved had confiscated from his home.

You have heard evidence in this case that: on February 4, 2020, during the course of this case, U.S. District Court Judge Sandra Feuerstein ordered the defendant Nassau County Police Department to return all of the firearms it confiscated from Mr. Semencic's home to him within 30 days; that the defendant Nassau County Police Department failed to comply Judge Feuerstein's order; and that during a conference held on March 10, 2020, Judge Feuerstein struck the answer of the defendant Nassau County Police Department as punishment for their contempt of her order and entered default against them.

The parties have further stipulated that: (5) the defendant Nassau County Police Department did not return Mr. Semencic's firearms to him; and (6) on January 12, 2023, defendant Nassau County Police Department destroyed all of plaintiff's firearms.

Here, plaintiff claims that: the defendant Nassau County Police Department was the custodian of all of the property that was confiscated from his home on July 19, 2016; that, as custodian of his property, defendant Nassau County Police Department was under a duty of care

to protect and maintain the confiscated property; that defendant Nassau County Police Department was under a duty to obey the order of Judge Feuerstein to return plaintiff's property to him; that the defendant Nassau County Police Department breached both of these duties when it refused to return plaintiff's property and subsequently destroyed it; and that the defendant's breaches caused him to suffer emotional distress.

If you find: (1) that the defendant Nassau County Police Department owed the plaintiff the duty of custodial care and/or obeyance of lawful court orders; and (2) that the defendant Nassau County breached either or both of these duties to the plaintiff; and (3) that the breach of either or both these duties by the defendant Nassau County Police Department caused plaintiff to suffer emotional distress, then your finding on this issue will be for the plaintiff.

If, on the other hand, you find: (1) that the defendant Nassau County Police Department did not owe the plaintiff either the duty of custodial care or the obeyance of lawful court orders; or (2) even if the that the defendant Nassau County Police Department Nassau County did owe these duties to the plaintiff, it did not breach either or both of them; or (3) even if the defendant Nassau County Police Department did breach either or both of these duties to the plaintiff, those breaches did not cause plaintiff to suffer emotional distress, then your finding on this issue will be for the defendant.

12.    **DAMAGES**

    A.    **Generally**

If you find that Mr. Semencic has carried his burden of proving by a preponderance of the evidence that the defendants violated his constitutional rights, then you must consider the amount of damages which will fairly and reasonably compensate Mr. Semencic for those injuries he sustained as a result of the violations of his rights.

39

The fact that I instruct you on damages should not be considered as an intimation that you should find for Mr. Semencic on his liability claims against any or all of the defendants. It is for you to decide, based upon the evidence and the law as I have instructed you, whether Mr. Semencic is entitled to recover against them.

Mr. Semencic seeks two types of damages, compensatory and punitive damages. The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss that resulted from the defendants' violations of Mr. Semencic's rights. You may award damages for those injuries that you find Mr. Semencic has proven by a preponderance of the evidence to have been the direct result of culpable conduct by a defendant.

These are known as "compensatory damages." Compensatory damages seek to make Mr. Semencic whole--that is, to compensate him for the damage that he has suffered and will continue to suffer. Compensatory damages may include, for example, damages for physical injuries, pain and suffering, mental anguish, medical and legal expenses.

In awarding compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult; but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require Mr. Semencic to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In sum, your award of compensatory damages should reasonably compensate Mr. Semencic for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained or is reasonably likely to sustain in the future as a direct result of the defendants' culpable conduct.

As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.

Punitive damages are awarded to punish defendants for extreme or outrageous conduct, or to deter or prevent defendants, and others like them, from committing such acts in the future. You may award Mr. Semencic punitive damages if you find that the acts or omissions of the individual defendants were done maliciously or wantonly.

An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Mr. Semencic has the burden of proving, by a preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly with regard to him rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when he or she has a conscious desire to injure the plaintiff in a manner he or she knows to be unlawful. A conscious desire to perform the physical acts that cause the plaintiff's injury, or to fail to undertake certain acts, does not itself establish that a particular defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that any of the individual defendants acted with malicious intent to violate Mr. Semencic's federal rights or unlawfully injure him, or if you find that any of the individual defendants acted with a callous or reckless disregard of his rights, then you may award punitive damages against any of the particular defendants. An award of punitive damages is discretionary; if you find that the legal requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making your decision whether to award punitive damages against a particular defendant, you should consider the underlying purpose of punitive damages. Punitive damages are awarded to punish individual defendants for outrageous conduct, or to prevent them and other members of

41

the Nassau County Police Department from engaging in such conduct in the future (Authority: *George v. Wade,* 461 U.S. 30, 45 [1983].)

### B.    <u>Compensatory Damages - Causation</u>

If you find that the plaintiff is entitled to recover against any or all defendants, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the plaintiff has sustained as a result of any of his claims. The plaintiff is entitled to recover the total amount of damages that he actually sustained as a direct consequence of the defendants' actions. These are known as compensatory, or actual damages. A plaintiff who prevails is entitled to compensatory damages for physical injury, pain, and suffering, as well as for emotional distress, fear, personal humiliation, and indignation, and any loss of enjoyment resulting from a shortened life span.

If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in violation of Section 1983. That is, you may not simply compensate plaintiff for any injury suffered by him; you must compensate plaintiff only for those injuries that are a direct result of defendants' conduct that violated the plaintiffs constitutional rights on which I have instructed you.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his constitutional rights. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his constitutional rights described to you.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

There is a claim in this case that plaintiff's property was unlawfully destroyed. If you find that plaintiff has established by a preponderance of the evidence that the defendants unlawfully destroyed his property, your award of compensatory damages may include the reasonable value of the property unlawfully destroyed by the plaintiff.

There is a claim in this case that the defendants' unlawful conduct caused plaintiff to incur attorney's fees. The parties have stipulated that plaintiff paid his criminal defense attorney $41,437.45 to defend plaintiff in the criminal case the defendants commenced. If you find that plaintiff has established by a preponderance of the evidence that the defendant's the lawful conduct caused plaintiff to incur attorney's fees, your award of compensatory damages may include the attorney's fees plaintiff claims here.

There is no claim in this case that the plaintiff sustained any loss of income. So, in calculating compensatory damages, you may not include any amount for loss of income.

### C.    Pain, Suffering, and Emotional Distress

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your

common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

### D.    Injury/Pain/Disability/Disfigurement/Loss of Capacity For Enjoyment of Life

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury.  No evidence of the value of intangible things, such as mental or physical pain or suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should

### E.    No Double Recovery

I have said that if you return a verdict for the plaintiff, you must award the plaintiff a sum of money as you believe will fairly and justly compensate him for any injury you believe the plaintiff actually sustained as a direct result of a defendant's conduct. In this case, the plaintiff claims that the defendants violated several of his federal and state rights.

If you find that a defendant did, in fact, violate more than one of the plaintiffs rights, you must remember in calculating the damages that the plaintiff is entitled to be compensated only for injuries he actually suffered. Thus, if a defendant violated more than one of the plaintiffs rights,

but the resulting injury was no greater than it would have been had a defendant violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant had violated only one of the plaintiff's rights. In sum, you must be careful in the determination of the proper measure of damages in a federal section 1983 cause of action when there is a similar pendent state law claim <u>that you do not award double compensation</u> for a single injury resulting from violation of different rights.

### F.    <u>Punitive Damages - Multiple Defendants</u>

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the wrongdoer and others not to engage in that type of conduct in the future. Whether to award punitive damages, in addition to actual damages, is a matter exclusively within the discretion of you, the jury.

If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for actual, and you further find that the conduct of defendants Mantovani and Beckwith, which proximately caused injury or damage to the plaintiff, was maliciously, or wantonly, or oppressively done, then you may award an amount you unanimously agree to be proper as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge toward the injured person.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity,

as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of another person.

In this case, there are two (2) individual defendants. You must make the decision whether to award punitive damages and, if so, the amount awarded, as to each individual defendant separately. In this regard there is no joint responsibility.

Punitive damages may be allowed only if you should first unanimously award the plaintiff either actual or nominal damages against the particular defendant. The amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with regard to any party in the case.

It is entirely within your discretion whether or not punitive damages should be awarded. You may decide that even though compensatory or nominal damages have been awarded, you believe that no punitive damages are called for.

There is no objective yardstick for measuring the amount of punitive damages that should be awarded against a particular defendant. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendant and to create a deterrent example. The amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the defendant and to deter him or her and others from like wrongful conduct. You must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to the actual harm inflicted on the plaintiff. The amount of punitive damages awarded should not be based on whim or on unrestrained imagination.

DATED: February 10, 2025
      White Plains, NY

Yours, etc.,

**THE LAW OFFICE**
**OF BRIAN T. STAPLETON, ESQ**

*Brian T. Stapleton, Esq.*

By: Brian T. Stapleton, Esq.
***Attorney for the Plaintiff***
***CARL T. SEMENCIC***
75 South Broadway – 4th Floor
White Plains, NY 10601
(914) 623-3024
brian.t.stapleton@gmail.com

### AFFIRMATION OF SERVICE

I hereby certify that on the 10th day of February, 2025, a copy of the foregoing was

served by email as well as by ECF filing to the following:

Nassau County Attorney's Office
One West Street
Mineola, NY 11501
*Attention: John Carnevale, Esq.*
jcarnevale@nassaucountyny.gov


*Brian T. Stapleton, Esq.*
**BRIAN T. STAPLETON, ESQ.**