UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARL SEMENCIC,

                              Plaintiff,                       18-CV-05244 (NRM)(AYS)

    -against-                                 **REVISED PROPOSED JOINT**
                                              **PRETRIAL ORDER**

THE COUNTY OF NASSAU, THE NASSAU
COUNTY POLICE DEPARTMENT,
COMMISSIONER PATRICK J. RYDER,
POLICE OFFICER ROBERT B. McGRORY
and POLICE OFFICER KENNETH J. MAGNUSON,
and JOHN DOE #1, individually
and officially;

                            Defendants.
-------------------------------------------------------------------X

## I.     CAPTION

The full caption of the action appears above.

## II.    PARTIES AND COUNSEL

### For Plaintiff

Brian T. Stapleton, Esq.
The Law Offices of Brian T. Stapleton, Esq
75 South Broadway – 4th Floor
White Plains, New York 10601
(914) 623-3024
brian.t.stapleton@gmail.com

### For Defendants

Thomas A. Adams, Nassau County Attorney
John Carnevale, Deputy County Attorney
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
(516) 571-3046
jcarnevale@nassaucountyny.gov

### III.    JURISDICTION

#### A.    Statement by the plaintiff explaining the basis of subject-matter jurisdiction:

Plaintiff's claims arise under the Constitution and laws of the United States, and the jurisdiction of the Court is therefore invoked pursuant to 28 USC § 1331.  Plaintiff seeks to recover damages for injury to his person and to his property, and for deprivation of his rights, privileges and immunities as secured by the Constitution, under the color of law, by the defendants.  For this reason, this Court has jurisdiction pursuant to 28 USC § 1343(a)(3).  This Court also has supplemental jurisdiction over the state and local law claims made herein pursuant to 28 USC § 1367(a), because these claims are so closely related to the federal claims that they form part of the same case or controversy.

#### B.    Statement by the defendants of the presence or absence of subject-matter jurisdiction:

Defendants agree with plaintiff's statements of jurisdiction.

### IV.    CLAIMS AND DEFENSES

#### A.    Plaintiff's Claims

Plaintiff Dr. Carl Semencic alleges that on the evening of July 19, 2016, in the Town of West Hempstead, New York, former co-defendant Daniel Maloney falsely accused him of felonious criminal conduct.  Plaintiff claims that co-defendants and Nassau County police officers Kenneth Magnuson, Robert McGrory, Kevin McEvoy and then Sgt. Mayser Aljadar failed to investigate Maloney's false claims before illegally entering Dr Semencic's West Hempstead home, assaulting him, battering him and using excessive force to arrest him.  Dr. Semencic claims that these co-defendants lacked probable cause to enter his home and arrest him.  Dr. Semencic asserts that the actions of the co-defendants as described above caused him physical injury, anxiety and emotional distress.

Dr. Semencic claims that during the course of his arrest, and the subsequent search of his home by the co-defendants, he was repeatedly subject to public humiliation and embarrassment.

Dr. Semencic alleges that during and following his arrest, co-defendants Magnuson and McGrory and several other members of the Nassau County searched the entirety of his home without the consent of either himself or his wife, and wrongfully confiscated his property.  Dr. Semencic claims that these co-defendants lacked both a warrant and probable cause to enter and search his home and confiscate his property.

Dr. Semencic asserts that co-defendants Magnuson and McGrory manufactured false reasons for taking him into custody, falsely imprisoned him, falsely accused him of criminal conduct, and caused him to be falsely and maliciously prosecuted in the Nassau County District Court.  Dr. Semencic claims that the co-defendants' actions were undertaken in violation of his

2

constitutional and civil rights, and caused him emotional distress, anxiety, loss of his firearm permit, loss and destruction of his property, and economic damages.

Following his arrest, Dr. Semencic claims that representatives of the Nassau County police department repeated the false allegations of Daniel Maloney to local press and media outlets, when they knew or should have known that these allegations were false, further causing Dr. Semencic public embarrassment and humiliation, anxiety and emotional distress.

Dr. Semencic claims that his criminal prosecution lasted from August 11, 2016 until May 21, 2018, and that all of the false criminal charges brought against him were eventually dismissed. Dr. Semencic asserts that during the course of this wrongful prosecution, he was forced to retain the services of a criminal defense attorney, prepare a legal defense and make dozens of appearances in the Nassau County District Court in order to defend himself. Dr. Semencic claims that being forced to defend himself against the bogus claims of the co-defendants caused him to incur significant financial expense, as well as anxiety and emotional distress.

Finally, Dr. Semencic alleges that during the course of his criminal prosecution, and afterwards, he made several demands of the co-defendants that his confiscated property be returned to him. Dr. Semencic claims that the co-defendants intentionally ignored these requests, failed to respond to them, and eventually destroyed that property. Dr. Semencic alleges that the actions of the co-defendants as described here has caused him to suffer the loss of his property, as well as emotional distress.

Based on the foregoing allegations, Dr. Semencic now seeks redress for the deprivations by the co-defendants of the constitutional rights guaranteed to him by state and federal laws, and also for the injuries and damages inflicted upon him by the co-defendants' tortious conduct.

Dr. Semencic's causes of action against the co-defendants are as follows: Illegal Search and Seizure (in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 12 of the New York State Constitution and 42 USC § 1983) (First Cause of Action); Use of Excessive Force (in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 12 of the New York State Constitution and 42 USC § 1983) (Second Cause of Action); Assault (Eighth Cause of Action); Battery (Ninth Cause of Action); False Arrest and Imprisonment (Tenth Cause of Action); Malicious Prosecution (Eleventh Cause of Action); Abuse of Process (Twelfth Cause of Action); Intentional Infliction of Emotional Distress (Fourteenth Cause of Action); and Negligent Infliction of Emotional Distress (Fifteenth Cause of Action).

**B.    Defendants' Defenses**

1.    Plaintiff fails to state a cause of action upon which relief can be granted.

2.    Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

3.      Plaintiff has not complied with Section 52 of the County Law of the State of New York.

4.      Plaintiff has failed to mitigate his damages in this matter.

5.      That at all times herein mentioned and mentioned in the Complaint, the police officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each police officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with Plaintiff were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties as such police officers, and/or agents, servants or employees of the Defendant County of Nassau, and as police officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and Plaintiff's arrest and confinement.

6.      Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees solely on the basis of *respondeat superior* in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

7.      The Police Officers will testify that Mr. Semencic voluntarily revealed the location of the handgun that he came to the door with to confront the Volunteer Fireman.  The Police officers will further testify that Mr. Semencic volunteered that he had an additional 20 Firearms in his house because he was a gun collector.  Mr. Semencic volunteered that the additional weapons were located in a safe in his basement.  Mr. Semencic volunteered that he had licenses for those additional 20 weapons, because he was a gun collector, and he offered to show them to the police by giving the combination to the safe.  The police will testify that following their inability to open the safe with the combination provided by Mr. Semencic that Mr. Semencic volunteered and did in fact open the safe himself for the police. The actions complained of were in full accord with the applicable law.

8.      Plaintiff's constitutional and statutory rights have not been violated by the County Defendants herein.

9.      The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

10.      The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff. Any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

11.      Punitive damages may not be recovered against the County of Nassau as a matter of law.

12.     Plaintiff has failed to extinguish all available state remedies and, therefore is not entitled to institute the within claim.

13.     Pursuant to the New York Civil Procedure Law and Rules ("CPLR") Section 1603, the Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

14.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of the Defendants contributing thereto.

15.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent and/or wrongful conduct of the Plaintiff, without any negligence or wrongdoing on the part of the Defendants contributing thereto.

16.     Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence and/or wrongdoing of plaintiff in contributing to such damages.

## V.     JURY OR BENCH TRIAL & TRIAL LENGTH

Plaintiff demands that this case be tried with a jury, and estimates that the trial will require four (4) days, inclusive of jury selection.

Defendant demands that this case be tried by the Bench and estimates the trial will require three (3) days.

## VI.     CONSENT TO TRIAL BY A MAGISTRATE JUDGE

The parties **do not** consent to trial by a Magistrate Judge.

## VII.     STATEMENT OF RELIEF SOUGHT

In this case, Dr. Semencic claims that the unlawful and unconstitutional action of the defendants has caused him to suffer the following injuries and damages:

a.     Deprivation of his rights to freedom from unreasonable search and seizure, and use of excessive force under the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 12 of the New York State Constitution;

b.     Deprivation of his right to possess firearms in his home under the Second Amendment to the United States Constitution;

5

c.      Physical injury;

d.      Physical pain and suffering;

e.      Limitations on the daily activities of living;

f.      Damage to his reputation;

g.      Emotional distress, trauma and suffering, including anger, fear, embarrassment, humiliation, sadness, frustration, extreme inconvenience, and anxiety;

h.      Loss of liberty;

i.      The revocation / suspension of his handgun permit;

j.      The confiscation of his personal property, including several valuable firearms;

k.      Expenditure of significant funds to cover necessary expenses, including attorney's fees, hospital and doctor's fees, and medical / pharmacy fees; and

l.      Economic losses.

Dr. Semencic seeks compensatory and punitive monetary awards pursuant to 42 USC §§ 1983 and 1988 for the aforementioned damages.  More specifically, plaintiff seeks the following awards for the following causes of action:

| CAUSE OF ACTION | COMPENSATORY DAMAGES SOUGHT | PUNITIVE DAMAGES SOUGHT |
|---|---|---|
| (1)   Illegal Search and Seizure | $1,000,000.00 | $1,000,000.00 |
| (2)   Use of Excessive Force | $1,000,000.00 | $1,000,000.00 |
| (8)   Assault | $1,000,000.00 | $1,000,000.00 |
| (9)   Battery | $1,000,000.00 | $1,000,000.00 |
| (10)  False Arrest and Imprisonment | $1,000,000.00 | $1,000,000.00 |
| (11)  Malicious Prosecution | $1,000,000.00 | $1,000,000.00 |
| (12)  Abuse of Process | $1,000,000.00 | $1,000,000.00 |
| (14)  Intentional Infliction of Emotional Distress | $1,000,000.00 | $1,000,000.00 |
| (15)  Negligent Infliction of Emotional Distress | $1,000,000.00 | $1,000,000.00 |

In the event plaintiff obtains a judgment in his favor on one, some or all of the above-listed causes of action plaintiff's counsel intends to move for an award of attorney's fees, costs and expenses pursuant to Fed.R.Civ.P. 54.

**DEFENDANTS' POSITION**

 Defendants' position is that Plaintiff will not be able to credibly prove his case; that the arrest was proper and that the subsequent searches were conducted lawfully with the Plaintiff's permission.

## VIII.  WITNESSES

### A.      Plaintiff's Witnesses

1.      Dr. Carl Semencic
         13013 North Panorama Drive, #114
         Fountain Hills, AZ 85268

Dr. Semencic will testify to: the facts and circumstances of the incident he had with Volunteer Fireman Daniel Maloney on the evening of July 19, 2016, at the front door of his West Hempstead home; his encounters with the co-defendants shortly afterwards; the co-defendants' acts of pushing their way into his home and violently handcuffing him; the co-defendants' warrantless search of his home; the co-defendants' repeatedly putting Dr. Semencic into, and taking him out of, the back seat of a police car parked in in front of his home, while he was handcuffed with his hands behind his back; the recovery of his firearms and firearms license from inside his home by the co-defendants; the process of being transported, arrested and confined inside of a police precinct by the co-defendants; and the process of being criminally prosecuted by the co-defendants.  Dr. Semencic will describe the humiliation and embarrassment he suffered as a result of the co-defendants' public statements about his arrest and the publication of that arrest in local news and media outlets.  Dr. Semencic will testify about the number of firearms confiscated from his home by the co-defendants on July 19, 2016, the nature and value of those firearms, his demands that those firearms be returned, the co-defendants' ignorance of those demands, and the co-defendants' destruction of those firearms.  Dr. Semencic will further testify about the physical, emotional and financial harm caused by the co-defendants' conduct.

2.      Barbara Semencic
         13013 North Panorama Drive, #114
         Fountain Hills, AZ 85268

Barbara Semencic will testify to: the facts and circumstances of the incident her husband Carl Semencic had with Daniel Maloney on the evening of July 19, 2016, at the front door of their West Hempstead home; her and her husband's encounters with the co-defendants shortly afterwards; the co-defendants' acts of pushing their way into her home and handcuffing her husband; the co-defendants' warrantless search of her home; the co-defendants' repeatedly putting Dr. Semencic into, and taking him out of, the back seat of a police car parked in in front of her home while he was handcuffed with his hands behind his back; and the recovery of her husband's firearms and firearms license from inside her home by the co-defendants.  Mrs. Semencic will describe the humiliation and embarrassment her husband suffered as a result of the co-defendants' public statements about his arrest.  Mrs. Semencic will describe the process of

her husband being criminally prosecuted by the co-defendants, and the physical, emotional and financial harm her husband suffered as a result of the co-defendants' conduct.

    3.      Daniel Maloney
            c/o Franklin Square and Munson Fire Department
            841 Liberty Place
            Franklin Square, NY 11010

Mr. Maloney will testify to the facts and circumstances of the incident he had with Dr. Carl Semencic on the evening of July 19, 2016, at the front door of Dr. Semencic's West Hempstead home. Mr. Maloney will testify regarding the inconsistent statements he gave to the police immediately after that encounter, and he will admit that he lied to the police when he told them that Dr. Semencic had pointed a gun at him.

    4.      Nassau County Police Officer Robert McGrory
            Nassau County Police Department
            1490 Franklin Avenue
            Mineola, New York 11501

Officer McGrory will testify to: the facts and circumstances leading to his presence at the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Dr. Semencic that night; the arrest of Dr. Semencic that night by members of the Nassau County Police Department; the search of Dr. Semencic's home that night by members of the Nassau County Police Department; the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department; the transport of Dr. Semencic from his home to a local precinct by members of the Nassau County Police Department; Dr. Semencic's confinement within that precinct while he (Dr. Semencic) was being processed by members of the Nassau County Police Department; the filing of a criminal accusatory instrument against Dr. Semencic by the Nassau County Police Department; and Officer McGrory's participation in Dr. Semencic's subsequent criminal prosecution.

    5.      Nassau County Police Officer Kenneth Magnuson
            Nassau County Police Department
            1490 Franklin Avenue
            Mineola, New York 11501

Officer Magnuson will testify to: the facts and circumstances leading to his presence at the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Dr. Semencic that night; the arrest of Dr. Semencic that night by members of the Nassau County Police Department; the search of Dr. Semencic's home that night by members of the Nassau County Police Department; the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; the taking of statements from Daniel Maloney that night by members of the Nassau

County Police Department; the transport of Dr. Semencic from his home to a local precinct by members of the Nassau County Police Department; Dr. Semencic's confinement within that precinct while he (Dr. Semencic) was being processed by members of the Nassau County Police Department; the filing of a criminal accusatory instrument against Dr. Semencic by the Nassau County Police Department; and Officer Magnuson's participation in Dr. Semencic's subsequent criminal prosecution.

6.    Nassau County Police Officer Kevin McEvoy
      Nassau County Police Department
      1490 Franklin Avenue
      Mineola, New York 11501

Retired Officer McEvoy will testify to: the facts and circumstances leading to his presence at the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Dr. Semencic that night; the arrest of Dr. Semencic that night by members of the Nassau County Police Department; the search of Dr. Semencic's home that night by members of the Nassau County Police Department; the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; and the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department.

7.    Nassau County Police Officer Frank DiConza
      Nassau County Police Department
      1490 Franklin Avenue
      Mineola, New York 11501

Officer DiConza will testify to: the facts and circumstances leading to his presence at the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Dr. Semencic that night; the arrest of Dr. Semencic that night by members of the Nassau County Police Department; the search of Dr. Semencic's home that night by members of the Nassau County Police Department; the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; and the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department.

8.    Nassau County Police Lt. Mayser Aljadar
      Nassau County Police Department
      1490 Franklin Avenue
      Mineola, New York 11501

Lt. Aljadar will testify to: the facts and circumstances leading to his presence at the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Dr. Semencic that night; the arrest of Dr. Semencic that night by members of the Nassau County Police Department; the search of Dr. Semencic's home that night by members of the Nassau County Police Department; the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department;

the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department; the transport of Dr. Semencic from his home to a local precinct by members of the Nassau County Police Department; Dr. Semencic's confinement within that precinct while he (Dr. Semencic) was being processed by members of the Nassau County Police Department; and the filing of a criminal accusatory instrument against Dr. Semencic by the Nassau County Police Department.

> 9.  John Salzman
>     943 Maple Drive
>     Franklin Square, NY 11010

Mr. Salzman will testify to: his employment history with the Franklin Square and Munson Fire Department; the facts and circumstances leading to his presence in the vicinity of the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Daniel Maloney and Robert Fineo upon his arrival near Dr. Semencic's home that night and for the remainder of that evening; his interactions with the co-defendants that evening; his observations of the arrest of Dr. Semencic that night by members of the Nassau County Police Department; his observations of the search of Dr. Semencic's home that night by members of the Nassau County Police Department; his observations of the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; his observations of the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department; his observations of the transport of Dr. Semencic from his home to a local precinct by members of the Nassau County Police Department; and the actions taken by himself, Mr. Maloney and other members of the Franklin Square and Munson Fire Department in the hours and days that followed Dr. Semencic's arrest on July 19, 2016.

> 10.  Joseph Gerrato
>      841 Liberty Place
>      Franklin Square, NY 11010

Mr. Gerrato will testify to: his employment history with the Franklin Square and Munson Fire Department; the facts and circumstances leading to his presence in the vicinity of the West Hempstead home of Dr. Carl Semencic on the evening of July 19, 2016; his interactions with Daniel Maloney and Robert Fineo upon his arrival near Dr. Semencic's home that night and for the remainder of that evening; his interactions with the co-defendants that evening; his observations of the arrest of Dr. Semencic that night by members of the Nassau County Police Department; his observations of the search of Dr. Semencic's home that night by members of the Nassau County Police Department; his observations of the recovery and confiscation of Dr. Semencic's handgun license and firearms from within his home that night by members of the Nassau County Police Department; his observations of the taking of statements from Daniel Maloney that night by members of the Nassau County Police Department; his observations of the transport of Dr. Semencic from his home to a local precinct by members of the Nassau County Police Department; and the actions taken by himself, Mr. Maloney and other members of the Franklin Square and Munson Fire Department in the hours and days that followed Dr. Semencic's arrest on July 19, 2016.

11.       Mr. Stephen Carlin
            Office of the Nassau County Attorney

Mr. Carlin will testify that: he acted as counsel for the defendant Nassau County Police Department in this case; on February 4, 2020, during the course of this case, U.S. District Court Judge Sandra Feuerstein ordered the defendant Nassau County Police Department to return all of the firearms it confiscated from Mr. Semencic's home to him within 30 days; that the defendant Nassau County Police Department failed to comply Judge Feuerstein's order; and that during a conference held on March 10, 2020, Judge Feuerstein struck the answer of the defendant Nassau County Police Department as punishment for their contempt of her order and entered default against them.

**B.       Defendants' Witnesses**

1.       Police Officer Robert McGrory
            Nassau County Police Department
            1490 Franklin Avenue
            Mineola, New York 11501

            Will testify regarding the arrest of plaintiff on July 19, 2016

2.       Police Officer Kenneth Magnuson
            Nassau County Police Department
            1490 Franklin Avenue
            Mineola, New York 11501

            Will testify regarding the arrest of plaintiff on July 19, 2016

3.       Lt. Mayser Aljader
            Nassau County Police Department
            1490 Franklin Avenue
            Mineola, New York 11501

            Will testify regarding the arrest of plaintiff on July 19, 2016

4.       Daniel Maloney
            Franklin Square Munson Fire Department
            c/o Bee Ready Fishbein Hatter & Donovan, LLP
            170 Old Country Road, Suite 200
            Mineola, NY 11501

            Will testify regarding his encounter with plaintiff on July 19, 2016

5.       Robert Fineo
            Franklin Square Munson Fire Department

c/o Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road, Suite 200
Mineola, NY 11501

Will testify regarding his encounter with plaintiff on July 19, 2016

6.      Plaintiff Carl Semencic
Present address unknown

Will testify as to his encounter with members of the Franklin Square Munson Fire
Department and the Nassau County Police Department on July 19, 2016

7.      Barbara Semencic, Plaintiff's wife
Present address unknown

Will testify as to her encounter with members of the Franklin Square Munson Fire
Department and the Nassau County Police Department on July 19, 2016

## IX.    DEPOSITION TESTIMONY

### A.    Plaintiff

Plaintiff does not intend to use deposition testimony at this time.  Plaintiff respectfully
reserves the right to utilize deposition testimony as is allowed under the Federal Rules of Civil
Procedure and as allowed by the Court, and for rebuttal.

### B.    Defendants

Defendants do not intend to use deposition testimony at this time, however they
respectfully reserve the right to utilize deposition testimony as is allowed under the Federal
Rules of Civil Procedure and as allowed by the Court, and for rebuttal.

## X.    STIPULATED FACTS

1.      On July 19, 2016, plaintiff was 65 years old and employed as a wine importer (he

is now retired).

2.      Plaintiff has no criminal record.

3.      Prior to July 19, 2016, Semencic had never been arrested.

4.      Plaintiff was arrested by co-defendants on Tuesday, July 19, 2016.

5.      At the time of his arrest, plaintiff possessed a valid Nassau County handgun permit.

6.      At the time of his arrest, plaintiff owned twenty additional  firearms.

7.      In addition to the handgun involved in this case, the co-defendants confiscated twenty (20) additional firearms from plaintiff's home following his arrest.

8.      Plaintiff was eventually given a Desk Appearance Ticket directing him to appear in the Nassau County District Court on August 11, 2016.

9.      Magnuson  and McGrory never provided plaintiff with a ballistics report showing that the handgun recovered from his home on July 19, 2016 was operable.

10.     No other member of the Nassau County police department did so, either.

11.     Judge Kleuwer dismissed the CPW4 charge as part of her July 5, 2017, decision.

12.     On October 19, 2017, Judge Kleuwer held a hearing to determine whether the statements attributed to plaintiff should be suppressed.

13.     During this hearing, Judge Kleuwer heard testimony from Magnuson, McGrory and McEvoy.

14.     In a decision dated December 11, 2017, Judge Kleuwer suppressed all statements attributable to the plaintiff.

15.     On May 28, 2018, Judge Norman St. George dismissed the Menacing in the Second Degree count on speedy trial grounds.

16.     Semencic's criminal prosecution lasted from August 11, 2016, until May 21, 2018,

17.     Altogether, plaintiff paid his criminal defense attorney Frederick Brewington $41,437.45 in attorney's fees.

18.     During his criminal prosecution and afterward, Semencic made several demands of the co-defendants that they return the firearms they confiscated from his home.

19.     Plaintiff's firearms were not returned.

20.   On January 12, 2023, co-defendants destroyed all of plaintiff's firearms.

## XI.   <u>EXHIBITS</u>

### A.   <u>Plaintiff's Exhibits</u>

| P's Exs. | Description | Defendants' Objections/Bases | Plaintiff's response/bases |
|---|---|---|---|
| 1 | Supporting Deposition of Daniel Maloney, made on July 19, 2016 at 8:50 pm. | FRE 802 Hearsay. | The supporting deposition is not hearsay as per FRE 801(d)(1) and 801(d)(2). |
| 2 | Supporting Deposition of Daniel Maloney, made on July 19, 2016 at 9:20 pm. | FRE 802 Hearsay. | The supporting deposition is not hearsay as per FRE 801(d)(1) and 801(d)(2). |
| 3 | Photo of Front Door of 527 Dogwood Avenue, West Hempstead, NY. | Needlessly presents cumulative evidence. | Photo is not cumulative, but relevant and necessary to accurately depict plaintiff's front door as it appeared on 07/19/16. |
| 4 | Photo of Front Door of 527 Dogwood Avenue, West Hempstead, NY. | Needlessly presents cumulative evidence. | Photo is not cumulative, but relevant and necessary to accurately depict plaintiff's front door as it appeared on 07/19/16. |
| 5 | Photo of Front Door of 527 Dogwood Avenue, West Hempstead, NY. | | |
| 6 | Photo of Plaintiff's Scabbed Elbow | FRE 401, 402 – Relevance. FRE 403 - Prejudice and misleading the jury and; FRE 901 - lacks authentication. | Photo is relevant to show effect of defendant's use of excessive force.  Photo is a fair and accurate depiction of how plaintiff's elbow looked following defendant's use of excessive force. Photo will be authenticated at trial. |
| 7 | Firearm License – Carl Semencic | | |
| 8 | NCPD Receipts for Confiscated Firearms to Carl Semencic, 07/19/16 | | |

| 9 | Notice of Suspension, Carl Semencic Firearm License, undated | | |
|---|---|---|---|
| 10 | Certificate of Disposition, <u>PSNY v Carl Semencic</u>, 06/12/18 | FRE 403 – Prejudice, Confusion, and Misleading the Jury. FRE 403 – Prejudice, Confusion, and Misleading the Jury. FRE 802 Hearsay. | Cert of Dispo is fair, accurate and complete as provided. The disposition in plaintiff's criminal case is a matter of stipulated fact. The Cert of Dispo is an exception to the hearsay rule as per FRE 803(6). |
| 11 | Information re CPW4 by Kenneth Magnuson, 07/20/16 | FRE 802 Hearsay. | The information is not hearsay as per FRE 801(d)(2).  The information is an exception to the hearsay rule as per FRE 803(6). |
| 12 | Information re Menacing 2 by Robert McGrory, 07/20/16 | FRE 802 Hearsay. | The information is not hearsay as per FRE 801(d)(2).  The information is an exception to the hearsay rule as per FRE 803(6). |
| 13 | DAT for Carl Semencic | | |
| 14 | NCPD Physical Condition Questionnaire | | |
| 15 | NCPD Press Release re Carl Semencic Arrest | FRE 802 Hearsay. FRE 401, 402 – Relevance. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 16 | News Report – FireRescue1, 07/21/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 17 | News Report – LI Herald, 07/20/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 18 | News Report – News12, 07/21/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 19 | News Report – Newsday, 07/20/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to |

| | | | |
|---|---|---|---|
| | | | show the impact of the statement on the plaintiff. |
| 20 | News Report – Statters911, 07/20/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 21 | News Report – Patch.com, 07/20/16 | FRE 802 Hearsay. | Statement is not being offered for its truth, but to show the impact of the statement on the plaintiff. |
| 22 | Daniel Maloney Interrogatory Responses, 07/21/19 | FRE 801(c) & 801(d)(2) – Hearsay | The interrogatory responses are not hearsay as per FRE 801(d)(1) and 801(d)(2). |

### B.  Defendants' Exhibits

| Description | Plaintiff's Objections/bases | Defendants' response/bases |
|---|---|---|
| A. Transcript of deposition of plaintiff Carl Semencic conducted March 11, 2022 | | |
| B. Nassau County Police Department Arrest Report No. 216AR0010536 | Hearsay. Relevance. | |
| C. Supporting Deposition of Daniel Maloney sworn to July 19, 2016 | | |
| D. Transcript of deposition of defendant Robert McGrory conducted June 8, 2022 | | |
| E. Transcript of deposition of defendant Kenneth Magnuson conducted June 9, 2022 | | |
| F. Court decision of District Court of Nassau County dated July 5, 2017 | Relevance. The court decision referenced here is a matter of stipulated fact. | |
| G. Court decision of District Court of Nassau County dated May 21, 2018 | Relevance. The court decision referenced here is a matter of stipulated fact. | |

Dated: February 10, 2025

**THE LAW OFFICES OF BRIAN T. STAPLETON. ESQ.**

By: /s/ *Brian T. Stapleton, Esq.*
BRIAN T. STAPLETON
***Attorneys for Plaintiff***
75 South Broadway – 4th Floor
White Plains, New York 10601
(914) 623-3024
brian.t.stapleton@gmail.com

**THOMAS A. ADAMS**
**Nassau County Attorney**

By: /s/  *John Carnevale, Esq.*
JOHN CARNEVALE
Deputy County Attorney
***Attorney for the Defendants***
1 West Street
Mineola, New York 11501
(516) 571-1799
jcarnevale@nassaucountyny.gov