February 21, 2025

# JOINT LETTER

**Filed Via ECF**

Honorable Nina Morrison
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  In Re:  <u>Carl T. Semencic v The County of Nassau</u>, *et al*
       18-CV-5244-GRB-AYS

Your Honor:

  Please consider this correspondence the Joint Letter required by Order dated and filed February 20, 2025.

  **Case Summary**. Plaintiff's counsel agrees to the summary of the case to be read to potential jurors at the start of *voir dire* as drafted by the Court and discussed during the pre-trial conference held on February 19, 2025. Defense counsel intends to submit their own summary under separate cover.

  **Additional Potential Witnesses / Other Names To Be Read**. There are no additional potential witnesses or other individuals whose names should be read to the jury during *voir dire*.

  **Elements of Criminal Offenses Plaintiff With Which Plaintiff Was Charged**. Following his arrest on July 19, 2016, Mr. Semencic was charged with the crimes of Menacing in the Second Degree (in violation of NY Penal Law § 120.14(1)) and Criminal Possession of a Weapon in the Fourth Degree (in violation of NY Penal Law § 265.01(2)).

  Under NY Penal Law § 120.14(1), a person is guilty of Menacing in the Second Degree when he intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, shotgun, machine gun or other firearm.

  Under NY Penal Law § 265.01(2), a person is guilty of Criminal Possession of a Weapon in the Fourth Degree when that person knowingly possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another. Counsel agree that the above are in fact the elements of the crime. Although the statute is silent on the point, it is now accepted that to establish criminal possession of a handgun the People must prove that the weapon is operable.

Hon. Nina Morrison
18-CV-5244-GRB-AYS
February 21, 2025
Page 2 of 2

*People v Longshore*, 86 NY2d 851, 852 [1995]. In Mr. Semencic's case, the State Court dismissed this count because operability of the pistol was not proven.

Respectfully Submitted,

| | |
|---|---|
| **LAW OFFICE OF** <br> **BRIAN T. STAPLETON, ESQ.** | **THOMAS A. ADAMS** <br> **NASSAU COUNTY ATTORNEY** |
| *Brian T. Stapleton* | *John Carnevale* |
| By: Brian T. Stapleton, Esq. <br> 75 South Broadway – 4th Floor <br> White Plains, NY 10601 <br> (914) 623-2034 <br> brian.t.stapleton@gmail.com <br> *Counsel For Plaintiff* <br> *Carl T. Semencic* | By: John Carnevale, Esq. <br> One West Street <br> Mineola, NY 11501 <br> (516) 571-1799 <br> jcarnevale@nassaucountyny.gov <br> *Counsel For Co-Defendants* <br> *Nassau County* <br> *Nassau County Police Department* <br> *NCPO Robert B. McGrory* <br> *NCPO Kenneth J. Magnuson* |