UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carl T. Semencic,

    Plaintiff,

   v.

The County of Nassau, The Nassau County Police Department, Commissioner Patrick J. Ryder, Police Officer Robert B. McGrory and Police Officer Kenneth J. Magnuson, and John Doe #1, *in their individual and official capacities*,

    Defendants.

18-cv-05244 (NRM) (AYS)

**<u>JURY CHARGE</u>**

NINA R. MORRISON, United States District Judge:

   Members of the Jury:

   Now that the evidence in this case has been presented, and the attorneys for the plaintiff and defendants have finished their closing arguments, it is my responsibility to instruct you as to the law that governs this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

   My instructions will be in three parts:

   First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case.

   Second, I will instruct you as to the legal elements of the plaintiff's claims.

   Third, I will give you some general rules regarding your deliberations.

1

You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## I.     A JURY'S DUTY

To begin, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is therefore for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you believe are reasonable and appropriate based on the evidence.

It is your job — not mine — to find the facts. I have neither expressed nor attempted to suggest that I have an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as an expression of an opinion about the facts or the merits of this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

My job is to instruct you on the law. You must apply the law to the facts as you find them in accordance with my instructions. While the lawyers may have

commented on some of these rules, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you are bound to follow them.

## A. The Evidence

I will instruct you now about what counts as evidence, and how you should consider it. The evidence you should consider in deciding what the facts are comes in several forms:

First, the sworn testimony of a witness is evidence. That testimony includes things that a witness says on direct examination and on cross-examination, regardless of which side called them to the witness stand. It also includes portions of deposition testimony that the lawyers read into the record, as to which I instructed you to consider that testimony as if it had been given in court.

Second, exhibits that have been admitted into evidence by the Court are also evidence.

Third, stipulations to which the parties have agreed are also evidence.

You had the chance to hear the witnesses' testimony during trial and to see the exhibits (some of them briefly). You will have the opportunity, if you wish, to examine the exhibits in the jury room during your deliberations. You will also have the chance to ask for what are called "read-backs" of portions of a witness's testimony, if you cannot remember what was said or you and your fellow jurors disagree about what was said, and you think it would be helpful to hear a portion of that testimony read back to you.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are. The following are not evidence:

(1) Arguments or statements by lawyers;

(2) Questions put to the witnesses;

(3) Objections to such questions or to offered exhibits;

(4) Testimony that has been excluded, stricken, or that you have been instructed to disregard;

(5) Anything you may have seen or heard outside the courtroom;

(6) Anything I have said or done, including any questions I asked a witness or rulings I made on the parties' objections. You should not draw any inferences or conclusions from these interactions. They were conducted for the sole purpose of ensuring that the evidence you heard was presented to you in a way that is orderly, clear, and in accordance with the law.

B.     **Direct and Circumstantial Evidence**

In deciding whether or not the plaintiff has met his burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that, if believed by you, proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom had no windows, and you could not look outside. Then, later, as you were sitting here,

someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Those observations would be circumstantial evidence from which you could infer, or conclude, that it is raining — even if you did not see the rain with your own eyes, and even if no one came into the courthouse and said, "It's raining outside."

In this case, the plaintiff has asked you to draw one set of inferences, while the defendants have asked you to draw another set of inferences, based on the same evidence. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that you should not reach your conclusions through speculation or guesswork. You should do so through logical inferences and reasoning, based on the evidence you have heard.

Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and you may give them such weight as you conclude is warranted.

## C.    Available Evidence

In this civil trial, the plaintiff bears the burden of proof — meaning that unless I instruct you otherwise, he must prove to you, by a preponderance of the evidence, that the defendants are liable for one or more violations of his rights. I'll explain a bit later more about what "preponderance of the evidence" means and what the specific questions are that you will be asked to decide in this case. But in the

meantime, I instruct you that the law does not require the plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

## D. Improper Considerations

Your verdict must be based solely upon the evidence developed at trial, or the lack of such evidence. It would be improper for you to allow any feelings you might have about the nature of the claims or the parties in this case to influence your decision-making.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not concern yourselves with, or speculate about, the contents of any discussion among me and the attorneys at the sidebar. You should not hold it against any attorney that the attorney objected to the admissibility of evidence or asked to discuss those issues with me out of your hearing.

To repeat, your verdict must be based exclusively upon the evidence, or lack of evidence, as it has been presented in this case.

In deciding issues of fact and reaching a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party — that includes both the clients and their lawyers. You are not to be swayed by sympathy for the parties or their lawyers; whether the verdict will please or displease anyone; be popular or unpopular or, indeed, by any consideration outside the case as it has been presented to you in this courtroom. In

addition, it is improper for you to allow any personal feelings you may have about race, religion, national origin, ethnic background, sex, disability, or age to influence your decision.  All parties are equal before the law and are entitled to the same fair consideration.  I have confidence that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## E.    Deciding What to Believe

In deciding what the facts are in this case, you must consider all the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony. You may choose to disbelieve all or part of any witness's testimony.  Any assumption that a witness will speak the truth, or swore to tell the truth, may be contradicted in your mind by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by other evidence or testimony contrary to that witness's testimony.

You should carefully examine and consider all the testimony given, the circumstances under which each witness testified, and other matters in evidence that tend to indicate whether a witness's testimony is worthy of belief.  Consider each witness's motive, state of mind, possible interest in the outcome of the case, and his or her demeanor while on the witness stand.

At times, you may have noticed inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses.  Those

inconsistencies may cause you to discredit their testimony — or they might not. Two or more persons witnessing an incident may see or hear it differently, and innocent mis-recollection, such as a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it relates to a matter of importance or to an unimportant detail. Consider also whether you believe it results from innocent error, on the one hand, or from the witness intentionally testifying to something that he or she knows is not true, on the other. You may also consider whether the witness had an explanation for the inconsistency and use your common sense to decide whether you believe that explanation.

If a witness is shown to have knowingly testified falsely about any important matter, you have a right to discredit that witness's testimony in other areas — meaning that if you believe a witness did not tell the truth about something important, you may rely on that conclusion to give less weight to, or disbelieve, other things the witness has testified about. If you believe a witness has knowingly testified falsely, you may reject all the testimony of that witness, or you may give it some other weight as you think it deserves. That decision is yours, and left to your sound judgment.

In determining the weight to be given to a witness's testimony, you may consider any demonstrated bias, prejudice, or hostility of that witness.

The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary. This means that if one witness testifies to a certain fact — but two or more other witnesses testify to the contrary —

it is still up to you to decide whom you believe and whose testimony to credit. If, based on all the evidence, you believe the single witness's testimony over the account given by a larger number of contrary witnesses, you are permitted to decide the disputed fact or facts in that single witness's favor. On the other hand, if based on all the evidence, you believe the testimony of the larger number of witnesses on a particular fact or issue, that is also permissible. The decision is yours, to be made with your own logic, reasoning, and judgment.

## F.     Burden of Proof — Preponderance of the Evidence

As a general matter, the plaintiff has the burden of proving his claims by a preponderance of the evidence. That means that unless I expressly instruct otherwise, the plaintiff has the burden of proving each element of each claim by a preponderance of the evidence.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means evidence that, when you consider and compare it with the evidence opposed to it, convinces you that what is sought to be proved is, more likely than not, true. If you think of the evidence presented on a particular issue as being on two sides of a weighted scale, a preponderance of the evidence would cause the scale to tip ever so slightly in one direction.

Some of you may have heard of proof beyond a reasonable doubt. That is the standard in a criminal trial. That requirement does **not** apply to a civil case like this one, and you should put it out of your mind.

Instead, a preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses, or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence — the weight and effect it has in your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of which side called them, and all the exhibits received in evidence, regardless of who may have produced them.

This is a case involving one plaintiff and three defendants — two individual officers, as well as the County of Nassau. I will instruct you shortly on how you will consider the claims against each defendant, and you will also receive written verdict sheets which will help guide your deliberations.

## G. Impeachment by Prior Inconsistent Statements and Prior Untruthful Acts

You may have heard evidence that, at some earlier time, a witness has said or done something which a lawyer has argued is inconsistent with the witness's testimony at trial. You may have also heard evidence that a witness has made what might be considered to be untruthful statements during a different proceeding.

The parties were allowed to present evidence of a prior inconsistent statement at this trial for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. First, you should decide whether there was a prior inconsistent statement — meaning, did the witness say something at trial about a particular fact or issue, yet at an earlier point in time said

something different about the same fact or issue. Then, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## H.    Interested Witnesses

In evaluating the credibility of witnesses, you should take into account any evidence showing that a witness may benefit in some way from the outcome of the case.    For example, both the plaintiff and the defendants have an interest in prevailing at trial.  An interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no

matter what their interest in the outcome of the case may be, would testify truthfully. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## I. Multiple Defendants

Before I discuss the plaintiff's claims in more detail, I want to note that there are two individual defendants in this case: Robert McGrory and Kenneth Magnuson. There is also a municipal defendant in this case: Nassau County.

The plaintiff's claims for false arrest, unlawful search, and excessive force are federal constitutional claims against the individual defendants only. On those claims, you must consider the plaintiff's claims against each individual defendant separately. Liability on these claims is individual. As a result, for each of them, you must decide whether the plaintiff has shown, by a preponderance of the evidence, that each defendant either falsely arrested the plaintiff; subjected him to an unlawful search and seizure; or used excessive force against him. If you decide that the plaintiff has not made such a showing on a particular claim with respect to a particular defendant, then you must find in favor of that individual defendant on that claim.

In this case, the plaintiff also brings state law claims for assault, battery, false arrest, malicious prosecution, and abuse of process. On these claims, Nassau County can be held liable as the employer of the two individual officer defendants or any other Nassau County police officer, as employees of the Nassau County Police Department. Thus, if the plaintiff proves by a preponderance of the evidence that any officer employed by the Nassau County Police Department is liable for the

violation of one or more of the plaintiff's rights under state law, you must find Nassau County liable on that claim.

**J.  Testimony of Law Enforcement Agents and Firefighters**

You have heard the testimony of police officers and firefighters at this trial. The fact that a witness may be a police officer or firefighter does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness or fire department witness and what weight, if any, you find it deserves.

**K. Action by Private Citizen Against Police Officers**

As you know, this action was brought by a private citizen against police officers. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

**L.  Separate Defendants**

Although the defendants in this trial are being represented by the same counsel, you should consider each defendant separately.  You should consider the evidence against each defendant separately and ask with respect to each defendant whether the plaintiff has proven the elements of their claims against the defendant you are considering by a preponderance of the evidence.  Each defendant is entitled

to a fair consideration of the evidence relating to that defendant and is not to be prejudiced by any finding you make for or against another defendant.

## II.      SUBSTANTIVE LAW

I will now instruct you as to the law governing the plaintiff's claims. I will first instruct you about the legal elements of the plaintiff's claims, or what the plaintiff has to prove. Then, I will instruct you about the law of damages.

### A.      Section 1983

The plaintiff brings three claims under a federal civil rights statute. That statute is Title 42, United States Code, Section 1983. This law provides a remedy to people who have been deprived of certain rights guaranteed by the United States Constitution. To establish any claim under Section 1983, the plaintiff must demonstrate three elements, each of them by a preponderance of the evidence.

First Element: Color of State Law

As to the first element, a government employee who is acting in his official capacity is acting under color of state law. Here, it is undisputed that, at the time of the alleged incident both individual defendants were employed by the Nassau County Police Department and were, at all times relevant to this case, acting in their official capacity as police officers. Therefore, I instruct you that the first element of the plaintiff's Section 1983 claims has been met.

Second Element: Deprivation of Constitutional Right

The second element is that each defendant's conduct deprived the plaintiff of a constitutional right.

To determine whether the plaintiff has established this element with respect to a particular defendant, you must first determine whether the plaintiff has proven that this defendant committed the acts as alleged by the plaintiff. The law imposes liability on a defendant only if he subjects, or causes to be subjected, any person to the deprivation of a federal constitutional right. The plaintiff must also show that the defendant's acts caused the plaintiff to suffer the loss of a constitutional right. I will provide more detail about the constitutional rights that the plaintiff alleges defendants violated in this case in a moment.

On each of plaintiff's claims brought under Section 1983, he must show that the defendant acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. The plaintiff does not have to establish that the defendants intended to violate his federal constitutional rights. In other words, even if a defendant did not intentionally seek to deprive the plaintiff of his rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of his rights, then the second essential element would be satisfied.

Third Element: Proximate Cause

The third element that the plaintiff must prove with respect to his claims against each defendant is that the defendant's conduct was a proximate cause of the plaintiff's injury and damage. An act is a proximate cause of an injury or damage if

it was a substantial factor in bringing about this injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury. This means that if you find that a defendant's conduct was a substantial factor in bringing about the plaintiff's injury, and you find that his injury was a reasonably foreseeable consequence of the defendant's actions, then the proximate cause requirement is satisfied — even if you conclude that there was more than one cause of the plaintiff's injury, and even if the conduct of two or more people may have caused the injury.

Now I want to provide you with some additional instructions about the deprivation of constitutional rights that the plaintiff is alleging here.

### 1. Deprivation of Constitutional Right Through False Arrest

The plaintiff's first claim is that the defendants violated his rights under the Fourth Amendment when they arrested him on July 19, 2016.

Under the United States Constitution, no person may be arrested without probable cause. Furthermore, an arrest without a warrant is presumptively unlawful.

There is no dispute here that the defendants did not have a warrant when they arrested the plaintiff. However, the defendants will not be liable for false arrest if (1) they had probable cause to believe that the plaintiff violated New York's criminal law

at the time they arrested him, and (2) you find that the arrest occurred outside the plaintiff's home. I will now explain more about each of these factors.

**Probable Cause**. Probable cause exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime, or other violation of the penal law, has been committed or is being committed by the person to be arrested. Probable cause does not require an actual showing of criminal activity, only the objectively reasonable probability of criminal activity at the moment of the arrest. For the purposes of plaintiff's false arrest claim, the defendants bear the burden of proving that there was probable cause to arrest the plaintiff.

Probable cause exists where, at the time of the arrest, the totality of the facts and the circumstances known to an arresting officer, and of which the officer had reasonably trustworthy information, are sufficient to warrant an officer of reasonable prudence to believe that a crime has been or is being committed by the person arrested. To determine whether there was probable cause to arrest Plaintiff, you should only consider those facts that were actually known to the defendants, or could have been perceived by them, at the moment they arrested the plaintiff. Probable cause is an objective standard, meaning that the subjective state of mind of the plaintiff and the defendants is irrelevant.

In addition, it is not necessary to show that there was probable cause for each possible offense the plaintiff committed or was committing. The arresting officer or

officers need only have probable cause to believe that the arrestee was committing or had committed any offense.

Defendants contend that they had probable cause to detain Plaintiff for committing two violations of the New York Penal Code: Menacing in the Second Degree, in violation of NYPL § 120.14(1); and Criminal Possession of a Weapon in the Fourth Degree, in violation of NYPL § 265.01(2). I will now explain to you the elements of the offense for which the plaintiff was arrested by the defendants.

### a. Menacing in the Second Degree

You should consider whether, on July 19, 2016, the defendants had probable cause to arrest plaintiff for violating NYPL § 120.14(1). That section of the New York penal law prohibits persons from menacing in the second degree.

Under § 120.14(1), a person commits the crime of Menacing in the Second Degree when he (1) intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death, and does so (2) by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, shotgun, machine gun or other firearm.

### b. Criminal Possession of a Weapon in the Fourth Degree

Under New York law a person is guilty of Criminal Possession of a Weapon in the Fourth Degree when the person knowingly possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon, with intent to use the same unlawfully against another. And to establish that a person is guilty of Criminal Possession of a Weapon in the Fourth Degree, the weapon must be operable.

It is your job, as jurors, to determine whether defendants have established, by a preponderance of the evidence, that they had probable cause to arrest the plaintiff for either Menacing in the Second Degree or Criminal Possession of a Weapon in the Fourth Degree.

**Warrantless arrests in the home**. The Fourth Amendment protects the right of all persons to be free from warrantless arrests inside their own homes, even where the police otherwise may have probable cause for the arrest. Police officers may not enter a person's home to carry out an arrest unless they (1) have a warrant, or (2) establish that an exception to the warrant requirement applies.

In this case, there is a factual dispute about the location of the plaintiff's arrest. The plaintiff contends that the police entered his home without a warrant and arrested him there. The defendants contend that they placed the plaintiff under arrest only after he voluntarily exited his home. It is up to you, as the sole and exclusive judge of the facts, to resolve that dispute.

If you find that plaintiff was arrested inside his home, your verdict will be for the plaintiff on his claim of false arrest. I instruct you that if you find that the defendants conducted a warrantless arrest of the plaintiff inside his home, their actions were unlawful, even if they had probable cause to believe that the plaintiff had committed a crime.

However, if you find that plaintiff was arrested outside his home, defendants must prove only that they had probable cause to arrest the plaintiff at the time they

did so.  If you find that plaintiff was arrested outside his home, and that the police had probable cause for the arrest, your verdict on this claim will be for defendants.

## 2. Deprivation of a Constitutional Right through Unlawful Search

The Fourth Amendment protects individuals against warrantless intrusions into their homes by state officials.  Ordinarily, a police officer's entry into and search of a person's home may be conducted only if they have a warrant signed by a judge.

Warrantless searches of a person's home are unlawful unless the search is covered by a specific exception.  Voluntary consent of the person whose home is searched is one exception to the warrant requirement.

In this case, the defendant police officers claim that they searched the plaintiff's home only after they obtained his consent to do so.  The plaintiff denies that he gave police officers consent to search his home.  Because there was not a warrant for the search, the defendants have the burden of proving, by a preponderance of the evidence, that a consent to search was voluntary.  The standard to apply is whether it was objectively reasonable for the officers to believe the plaintiff had given them his consent to search his home on July 19, 2016; put another way, the question is whether defendant police officers had a reasonable basis for believing that they had been given consent to search the plaintiff's home.  To answer that question, you look at the totality of the circumstances.  Similarly, if you find that the plaintiff did consent, whether that consent was voluntary is a factual question also determined under the totality of the circumstances.

If you determine that the defendants have not established, by a preponderance of the evidence, that police officer Kenneth Magnuson and/or police officer Robert McGrory obtained the plaintiff's voluntary consent for the warrantless search of his home, your verdict must be in the plaintiff's favor on his unlawful search claim.

However, if you determine that the defendants have established, by a preponderance of the evidence, that the plaintiff voluntarily consented to the warrantless search of his home by the defendants, then that search was lawful and your verdict must be in favor of the defendants on the plaintiff's unlawful search claim.

### 3. Deprivation of Constitutional Right Through Use of Excessive Force

The Fourth Amendment protects individuals from excessive force. In this case, the plaintiff claims that he was subjected to excessive force by the individual defendants, Police Officers Robert McGrory and Kenneth Magnuson, on July 19, 2016. You may find that both of these defendants used excessive force against the plaintiff; you may find that only one of the defendants used excessive force against the plaintiff; or you may find that neither of the defendants used excessive force against the plaintiff.

Accordingly, you must first determine for each defendant accused of using excessive force whether the plaintiff has proven, by a preponderance of the evidence, that the defendant used force against him. If your answer is no, then your deliberations are over for that defendant as to this claim, and you must bring back a verdict for that defendant on the excessive-force claim.

If you find that a defendant did use force against the plaintiff, then you must decide whether the amount of force that that defendant used was objectively reasonable in light of the facts and circumstances confronting that defendant. To make that decision, you must determine the degree of force that a reasonable and prudent police officer would have applied under the circumstances shown from the evidence received in this case.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on scene rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments — under circumstances that are tense, uncertain and rapidly evolving — about the amount of force that is necessary in a particular situation. Which is to say, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of the courtroom, constitutes excessive force. The question is whether the defendant police officers' actions are objectively reasonable under the facts and circumstances confronting them, without regard to their underlying intent or motivation.

This reasonableness inquiry is an objective one. The question is whether a defendant officer's actions are objectively reasonable in light of the facts and circumstances confronting that defendant, without regard to that defendant's underlying intent or motivation. That means that allegations about an officer's bad intentions will not make the use of objectively reasonable force unconstitutional. Similarly, an officer's good intentions will not make the use of objectively

unreasonable force constitutional. In other words, the plaintiff need not prove that a defendant intended to violate his rights.

You heard testimony that the plaintiff was handcuffed at various times on the night of July 16, 2019. Not every use of handcuffs constitutes excessive force, since handcuffs can be a necessary tool to detain someone who has been arrested. To be effective, handcuffs must be tight enough to prevent the arrestee's hands from slipping out. However, applying handcuffs in an excessively tight manner can amount to excessive force if you determine that the application and tightness of the handcuffs were unreasonable in light of the amount of force necessary to maintain custody of the arrestee. In evaluating the reasonableness of the handcuffing, you should consider whether or not the handcuffs were unreasonably tight, whether the plaintiff made pleas that the handcuffs were too tight which a defendant or defendants ignored, and the degree of injury to the plaintiff's hands or wrists.

If you find that the plaintiff has proven by a preponderance of the evidence that a defendant's use of force against him was unreasonable, then you will return a verdict for the plaintiff on this claim with respect to that defendant. If you find that the plaintiff has not proven by a preponderance of the evidence that a defendant's use of force against his was unreasonable, then you will return a verdict for defendant on this claim.

As a general matter, whether or not the force used was unreasonable is a question to be answered by you in light of all of the evidence.

**B.     State Law Claims**

The plaintiff also brings claims for assault, battery, false arrest, malicious prosecution, and abuse of process under New York law.  These claims are brought against the police officers' employer, Nassau County.  If you find that either defendant McGrory or defendant Magnuson, or any other officer employed by Nassau County who participated in the events of July 19, 2016, are liable for a violation of plaintiff's rights under New York state law, then your verdict will be for plaintiff on that claim against Nassau County.  But if you find that neither of the officer defendants nor any other Nassau County police officer are liable on a particular claim, then Nassau County will not be liable on that claim, and your verdict must be for the defendants.

### a.  Assault

An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact.  In order to establish a claim for assault, the plaintiff must prove the following three elements by a preponderance of the evidence: first, that the defendants had the real or apparent ability to cause imminent harmful or offensive bodily contact with the plaintiff; second, that the defendants intentionally performed or made a menacing act or gesture that threatened imminent harmful or offensive bodily contact with the plaintiff; and, third, that the acts of the defendants actually caused the plaintiff to believe that a harmful or offensive bodily contact was about to occur.  It is not actually necessary that there be any contact.

However, under New York law, a police officer or a peace officer, in the course of effecting or attempting to effect an arrest of a person whom he reasonably believes

to have committed an offense, may use physical force when and to the extent he or she reasonably believes such to be necessary to effect the arrest.

Notice that I use the word intentional in defining an assault. Assault can only be done with an intentional act. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, they are said to have intended that result. To find the defendants liable for an assault, you must find by a preponderance of the evidence that the defendants intentionally did some act that was an assault, and intended to cause the plaintiff to believe that a harmful or offensive bodily contact was about to occur.

## b. Battery

In addition to his assault claim, the plaintiff claims that the defendants committed a battery against him. If you find that the plaintiff has proven that he was falsely arrested, you must find that the plaintiff has also proven his battery claim. However, if you find that the plaintiff did not prove that he was falsely arrested, then you must still determine whether Plaintiff has proven that the defendants committed a battery against him. In order to establish a claim for battery, the plaintiff must prove by a preponderance of the evidence that the Defendants made bodily contact with the plaintiff, that the contact was offensive, and that the defendants acted with the intention of making the contact. However, under New York law, a police officer, in the course of effecting or attempting to effect an arrest of a person whom he or she reasonably believes to have committed an offense, may use physical force when and to the extent he or she reasonably believes such to be necessary to effect the arrest.

### C. False Arrest under New York Law

The plaintiff's claim of false arrest under New York state law has the same elements as his claim of false arrest under federal law. Accordingly, you need not consider this claim separately. If you find that the plaintiff has proven that either defendant McGrory or defendant Magnuson is liable under Section 1983 for false arrest, you must find that the plaintiff has proven his state false arrest claim. If you find that the plaintiff did not prove that either defendant is liable under Section 1983 for false arrest, nor that any other Nassau County police officer is liable for false arrest, then you must find that the plaintiff has also not proven his state false arrest claim.

### D. Malicious Prosecution under New York Law

The plaintiff claims that the defendants violated his constitutional rights by causing him to be maliciously prosecuted.

To succeed on a claim that a defendant violated a plaintiff's constitutional rights through malicious prosecution, the plaintiff is required to prove the following:

1. First, that the defendant initiated or continued a prosecution against the plaintiff;

2. Second, that the prosecution was terminated in the plaintiff's favor;

3. Third, that the defendant acted with malice; and

4. Fourth, that the defendant lacked probable cause to believe the plaintiff committed the offenses for which he was prosecuted.

I instruct you that the first and second elements have been met: The prosecution of plaintiff was terminated in his favor when the state court dismissed his criminal possession of a weapon in the fourth degree charge on July 5, 2017 and his menacing in the second degree count on May 28, 2018. And the defendants initiated a criminal prosecution against the plaintiff when, in July 2016, they signed an information charging him with these crimes.

It is for you, the jury, to determine whether the plaintiff has satisfied the remaining two elements of his claim for relief. I will provide more information about those elements of malicious prosecution now.

### a. Malice Element

To prove that a defendant acted with malice, the plaintiff must show that the criminal prosecution was initiated for a purpose other than to secure the conviction of a guilty person, or that it was initiated out of ill will or reckless disregard for the rights of the accused. A prosecution is initiated out of ill will or reckless disregard for the rights of the accused when it is initiated without any reasonable belief that the accused has actually committed the offense for which he is charged. Malice may be inferred where probable cause was so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted.

### b. Probable Cause Element

Next, the plaintiff must prove by a preponderance of the evidence that defendants lacked probable cause to believe that he was guilty of a crime.

Probable cause to prosecute exists when the facts and circumstances within an officer's knowledge at the time he takes steps to proceed with a prosecution are

sufficient for an officer of reasonable prudence to believe that the person being charged was guilty of the crimes charged. Even if the defendant personally believed that the plaintiff was guilty, that belief is not enough if a reasonably prudent person would not have believed that to be so. On the other hand, the fact that the criminal charge was ultimately dismissed does not prove that a defendant lacked probable cause at the time the prosecution was initiated.

You are not to determine whether the plaintiff was, in fact, innocent or guilty of the offenses for which he was prosecuted. You are only to determine whether, based on the facts as they reasonably appeared to the defendants, a reasonably prudent officer would have believed that the plaintiff was guilty of each of the two crimes with which he was charged. If you find that the defendant lacked probable cause as to any one of the charged offenses, the plaintiff has met his burden of proof as to this element. In other words, if the plaintiff establishes that the defendants lacked probable cause for even one of the offenses with which he was charged, he satisfies this element, even if the defendants had probable cause to charge him with another crime.

### E. Abuse of Process under New York Law

The plaintiff also claims that the defendants engaged in an abuse of process. An abuse of process takes place when one party, without justification or excuse and with the intent to do harm, uses a legal document or procedure to achieve a collateral purpose other than the purpose for which the process was legally intended.

To prevail on such a claim, the plaintiff must prove by a preponderance of the evidence the following three elements: first, the plaintiff must prove that the

defendants employed regularly issued legal process to compel performance or forbearance of some act; second, the plaintiff must prove that the defendants employed legal process with intent to do harm without excuse or justification; third, the plaintiff must show that the defendants took these actions in order to obtain a collateral objective that is outside the legitimate ends of the process.

### a. Defendants Employed Regularly Issued Legal Process to Compel Performance or Forbearance of Some Act

To satisfy the first element of an abuse of process claim — that the defendants employed regularly issued legal process to compel performance or forbearance of some act — the plaintiff must show that the defendants arrested the plaintiff or initiated criminal proceedings against him. Since there is no dispute that defendants Magnuson and McGrory arrested plaintiff on July 19, 2016, I instruct you that this element has been met.

### b. Defendants Employed Legal Process with Intent to do Harm Without Excuse or Justification

To satisfy the second element of an abuse of process claim — that the defendants employed legal process with intent to do harm without excuse or justification — the plaintiff must show that the defendants acted without excuse or justification and with the intention to cause harm. In determining whether the plaintiff proved that the defendants acted without excuse or justification, you may consider whether probable cause existed to arrest the plaintiff.

### c. Defendants Employed Legal Process in Order to Obtain a Collateral Objective That Is Outside the Legitimate Ends of the Process

To satisfy the third element of his abuse of process claim — that the defendants employed legal process in order to obtain a collateral objective that is outside the legitimate ends of the process — the plaintiff must show that the defendants had an improper purpose in instigating the legal process against him, and that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution. Simply showing that the defendants had an improper or malicious motive in detaining the plaintiff does not establish the plaintiff's claim. The plaintiff must also show that the defendants meant to achieve a collateral objective, meaning that they acted with an improper purpose beyond or in addition to the regular outcome of an arrest. This means that the defendants sought to use the criminal process for something other than what it was designed to achieve. Examples of collateral objectives that may satisfy this element of an abuse of process claim may include, but are not limited to, a defendant's intent to avoid personal liability or adverse employment consequences.

## III.	DAMAGES

If you conclude that the plaintiff has met his burden of proving liability, then you must determine the damages, if any, to which he is entitled. You should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide, first, whether one or more of the defendants is liable on any of the plaintiff's claims, and only then

to consider damages.  I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

You may have heard the parties' attorneys suggest specific dollar amounts to you in their closing arguments as to what damages, if any, you should award the plaintiff if you find the defendants liable on his claims.  However, an attorney's argument is not evidence.  If you do decide to award the plaintiff damages in this case, your award must be based on the evidence presented at trial in accordance with the instructions that I am about to give you.

## A. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered. It is the plaintiff's burden to prove the amount of damages and to prove that the damages were caused by a defendant's actions.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an award of

damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

You should not award damages more than once for the same injury. A plaintiff is not entitled to more than one full and fair award of damages for the same injury. In other words, a plaintiff is entitled to be compensated only for injury that he actually suffered — he is entitled only to be made whole, not to recover more than he lost. Of course, if different injuries are attributed to a plaintiff's separate claims, then you must compensate him fully for all of the injuries.

Thus, if defendants violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendants violated only one of those rights, the award of damages cannot be greater than if the defendants had violated only one of those rights. On the other hand, if the defendants violated more than one of the plaintiff's rights, and he has established separate injuries resulting from separate violations, then the plaintiff would be entitled to be compensated for each of the separate injuries he suffered.

In this case, the plaintiff seeks to recover "compensatory damages" as well as punitive damages, which I will tell you about in a moment. A plaintiff who prevails is entitled to compensatory damages for several harms, if he can establish that he suffered these damages and that they were proximately caused by a defendant's conduct. These include any physical injury or injuries, pain and suffering, emotional distress, fear, personal humiliation, and indignation.

Some of the compensatory damages that the plaintiff seeks are for past and future humiliation, indignation, pain, suffering, and emotional distress. Those kinds of damages are not easily given a dollar value and there is no precise formula for measuring them. Therefore, the amount of damages, if any, that you award should be fair and reasonable in light of all the evidence in the case.

If you find that the plaintiff was falsely arrested, then from the fact of his confinement alone you must award him monetary damages for the loss of freedom and movement. The plaintiff is not required to show any particular loss of money resulting from confinement before you award damages for false arrest. In awarding damages for the fact of confinement, you may consider the loss of time, the physical discomfort or inconvenience, and the conditions of confinement.

In this case, the plaintiff also alleges that he suffered the loss of certain personal property as a result of the defendants' actions. If you find for the plaintiff on his claims of false arrest and/or unlawful search and seizure, and you find that any of the individual or County defendants' actions caused him to suffer this loss, you may award fair and reasonable compensation for his property loss.

In sum, if you find that a defendant deprived the plaintiff of his rights and that plaintiff suffered any injury as a result of that violation, you must award compensatory damages in an amount that is fair and reasonable.

## B. Punitive Damages

Whether or not you award the plaintiff compensatory damages for his claims, you may award punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or

prevent a defendant, and others like him, from committing such acts in the future. Punitive damages may only be awarded against individual defendants, not Nassau County.

You may award the plaintiff punitive damages only if you find that the acts or omissions of one or more of the individual defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiff's rights.

Therefore, if you find by a preponderance of the evidence that defendant acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

There is one specific instruction I will give you as applied to the evidence you heard at this trial. You heard evidence, in the form of a stipulation read into the record, that in February 2020, a judge ordered Nassau County to return the plaintiff's firearms to him within 30 days; that Nassau County failed to comply with that order; and that the County subsequently destroyed those firearms. However, there is no

evidence that the individual defendants in this case — Officers McGrory and Magnuson — played any role in the County's failure to return plaintiff's firearms in 2020 nor their subsequent destruction. Thus, you may properly consider the loss of those firearms only by way of compensatory damages if you find for the plaintiff on his claims for unlawful search and seizure. But you may not consider the destruction of plaintiff's property in determining whether to award punitive damages against the individual officers.

If you decide to award punitive damages, then you should consider the reprehensibility of the liable defendant's conduct in assessing damages. The reprehensibility of a defendant's conduct includes, but is not limited to, whether there was deceit, insult, or intended or reckless injury, and whether defendant's conduct was motivated by bias, prejudice, or by a desire to obtain some type of benefit or profit.

Finally, if you decide to award punitive damages, the damages you award should be reasonable and should be proportionate only to the need to punish and deter.


## IV. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A. Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, Juror No. 1 does not wish to serve as the foreperson, or you decide for other reasons that you want to elect another foreperson, you are free to do so. The foreperson will be responsible for signing all communications to the Court and for handing them to the Deputy Marshal during your deliberations. However, the foreperson's vote is entitled to no greater weight than that of any other juror.

### B. Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal who will be stationed outside your door, signed by your foreperson. No member of the jury

should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing or orally here in open court.

### C. Juror's Recollection Governs and Requests for Trial Testimony

Your recollection governs. Nobody else's. If in the course of your deliberations your recollection of any part of the testimony should fail or be in doubt, you may request that a witness's testimony, or portions thereof, be sent back to you in the jury room or read back to you. Again, you may make such a request by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony that you do not want or need. Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record, and the more we need to locate and produce for you, the longer that process will take.

### D. Deliberations and Unanimous Verdict

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. You should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. However, you should examine the issues and the evidence before you with candor and

frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should also not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict. The last thing we want you to do is to rush to reach a verdict, or to abandon your honest convictions, either to appease your fellow jurors or to conclude deliberations. You have all sat patiently and listened carefully throughout this trial for many days, and it is important that you take the time you need during deliberations to reach a verdict that each and every one of you believes is the correct one in light of all the evidence.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the Court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

## V.	VERDICT FORMS

Once you have reached your verdict, you will record your decision on a verdict sheet that I have prepared for you.  You should proceed through the questions in the order in which they are listed and in the manner instructed on the form as to each question.  The foreperson should complete the verdict sheet, date it, and sign it.  The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  The foreperson should keep the verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in court.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.

Dated: March 3, 2025

Brooklyn, New York