# THE LAW OFFICE OF BRIAN T. STAPLETON, ESQ.

75 SOUTH BROADWAY – 4th FLOOR  o: (914) 770-7402
WHITE PLAINS, NY 10601  f: (914) 517-5980
 c: (914) 623-3024
 brian.t.stapleton@gmail.com

April 1, 2025

## OBJECTION TO REQUEST FOR BRIEFING SCHEDULE

**Via ECF Filing**

The Hon. Nina R. Morrison
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    In Re: <u>Semencic v County of Nassau</u>, *et al.*
          Case No.: 2:18-cv-05244 (NRM)(AYS)

Your Honor:

    This office represents the Plaintiff Carl Semencic in the above-referenced case.

    I am in receipt of the defendants' letter request to the Court dated May 31, 2025, requesting a briefing schedule on the plaintiff's currently pending motion for attorney's fees and costs. *See* ECF Doc. # 123. The defendants' request should be denied in its entirety.

    The defendants' request boils down to this: because they *might* file a motion pursuant Fed.R.Civ.P. 59(e), and because that motion *might* be successful, the defendants should be excused from answering the motion that plaintiff *actually has* filed. This is not a valid reason for adjourning the current return date of plaintiff's motion.

    In the same breath, plaintiff's argue that they are currently prepared to respond to plaintiff's now-pending motion. This rather puzzling admission, by itself, should defeat the defendants' request for an adjournment. If the defendants are prepared to brief the plaintiff's motion – as they claim they are – then they should do so.

    The defendants are subject to the same rules as the plaintiff. Plaintiff's motion for fees and costs was timely filed and has been pending for nearly two weeks, and the defendants have had ample time to analyze that motion and respond to it. Granting the defendants' request for an open-ended adjournment of plaintiff's motion would grant defendants an unfair advantage by allowing them more time than is permitted Local Rule 6.1(b) to respond to plaintiff's motion.

The defendants' request is nothing more than a meritless delay tactic. Granting the defendants' request on the basis of a motion that has not yet been filed will only serve to needlessly delay these proceedings, thereby visiting additional unfair prejudice on the plaintiff.

If and when the defendants decide to file a motion pursuant to Fed.R.Civ.P. 59(e), then a briefing schedule for that motion should be set at the appropriate time. In the meantime, defendants should be forced to focus on the one motion that has actually been filed and respond in a timely fashion.

Thank you very much for your consideration.

Respectfully Submitted,

The Law Office of Brian T. Stapleton, Esq.

*Brian T. Stapleton*

By: Brian T. Stapleton, Esq.

BTS/ma
cc:
Mr. John Carnevale, Esq.
via email to jcarnevale@nassaucountyny.gov
Mr. Robert Costello, Esq.
via email to rcostello@nassaucountyny.gov