UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARL T. SEMENCIC,

                       Plaintiff,                    18-CV-05244 (NRM)(AYS)

-against-

THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
COMMISSIONER PATRICK J. RYDER, individually
and officially; POLICE OFFICER ROBERT B.
McGRORY, individually and officially;
POLICE OFFICER KENNETH J. MAGNUSON,
Individually and officially; JOHN DOE #1, individually
and officially; and JOHN DOE #2, individually,

                       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND OTHER DISCRETIONARY COSTS
PURSUANT TO 42 U.S.C. § 1988 AND FED. R. CIV. P. 54(d).**

**THE LAW OFFICE
OF BRIAN T. STAPLETON, ESQ**

*Brian T. Stapleton, Esq.*

By: Brian T. Stapleton, Esq.
*Attorney for the Plaintiff*
***CARL T. SEMENCIC***
75 South Broadway – 4th Floor
White Plains, NY 10601
(914) 623-3024
brian.t.stapleton@gmail.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………….  i

FACTS……………………………………………………………………………..  1

PRELIMINARY STATEMENT……………………………………………………  1

ARGUMENT………………………………………………………………………  2

    BECAUSE PLAINTIFF PREVAILED ON HIS PENDENT STATE
    CONSTITUTIONAL LAW CLAIM FOR FALSE ARREST, WHICH
    WAS VIRTUALLY IDENTICAL TO HIS FEDERAL LAW CLAIM FOR
    FALSE ARREST, PLAINTIFF SHOULD BE DEEMED A
    "PREVAILING PARTY" AND THIS COURT SHOULD EXERCISE
    ITS DISCRETION AND GRANT PLAINTIFF'S MOTION FOR
    ATTORNEY'S FEES……………………………………………………  2

CONCLUSION……………………………………………………………………..  10

## **TABLE OF AUTHORITIES**

**CASES**

*Alyeska Pipeline Service Co. v Wilderness Society*,
421 U.S. 240 [1975].................................................................................................................. 7

*Asseng v Nassau Cnty. Police Officer John Biesel Serial No. 7586*,
2024 U.S. Dist. LEXIS 28118, 2024 WL 669871 [USDC/EDNY 2024].................................... 10

*Bridges v Eastman Kodak Co.*,
102 F.3d 56 [2d Cir. 1996] ........................................................................................................ 2

*Carroll v. Blinken*,
42 F.3d 122 [2d Cir. 1994] ........................................................................................................ 2

*Farrar v. Hobby*,
506 U.S. 103 [1992]................................................................................................................... 2

*Grant v City of Syracuse*,
357 F.Supp.3d 180 [USDC/NDNY 2019] ................................................................................. 10

*Hagans v Levine*,
415 U.S. 528 [1974]................................................................................................................... 4

*Hanrahan v. Hampton*,
446 U.S. 754 [1980]................................................................................................................... 3

*Lund v. Affleck*,
587 F.2d 75 [1st Cir. 1978] ........................................................................................................ 4

*Maher v. Gagne*,
448 U.S. 122 [1980], *aff'd* 594 F.2d 336 [2d Cir. 1979] ............................................................ 3, 4

*Meriweather v Sherwood*,
514 F. Supp. 433 [USDC/SDNY 1981]………………………………………………………3,8

*Russo v State of New York, D.C.*,
515 F. Supp. 470 [USDC/SDNY 1981] ..................................................................................... 5

*Russo v New York*,
672 F2d 1014, 1023 [2d Cir 1982]………………………………………………………9

*Seals v. Quarterly County Court*,
562 F.2d 390 [6th Cir. 1977] ................................................................................... 4

*United Mine Workers v Gibbs*,
383 U.S. 715 [1966] .................................................................................................. 4

*Weyani v Okst*,
101 F.3d 845 [2d Cir. 1996] ................................................................................... 10

**STATUTES**

28 U.S.C. § 1367…………………………………………………………………………..9

42 U.S.C. § 1983 ................................................................................................. 2, 6

42 U.S.C. § 1988 ................................................................................................. 2, 6

## **PRELIMINARY STATEMENT**

On July 19, 2016, the defendants arrested the plaintiff in his home, without a warrant, and they battered him in the process. Plaintiff brought this case pursuant to 42 U.S.C. § 1983 to vindicate his rights under the Fourth Amendment, clear his name and to obtain a damages award. All of those goals were achieved: the jury unanimously found in plaintiff's favor on his state law claims of false arrest and battery, and they awarded him compensatory damages in the amount of $500,000.

Congress clearly had Fourth Amendment issues like warrantless search and seizure and use of excessive force by the police in mind when it enacted § 1983. Congress enacted 42 U.S.C. § 1988, which permits discretionary awards of attorney's fees to successful civil rights litigants just like the plaintiff, to encourage non-frivolous lawsuits under § 1983.

The reason the jury found in favor of plaintiff's state law false arrest claim, and not his federal law false arrest claim, has no relationship to the strength of Mr. Semencic's § 1983 false arrest claim. The jury was unanimously convinced that the NCPD officers who arrested him violated his Fourth Amendment rights, but couldn't determine which NCPD officer actually violated them. This isn't a valid reason to deny Mr. Semencic's request for attorney's fees, since he is a "prevailing party" in every other sense of the phrase. Since there can be no doubt that Congress enacted § 1988 for the purposes of encouraging claims for false arrest in cases precisely like the plaintiff's, it is properly within this Court's discretion to grant the plaintiff's motion for attorney's fees.

For these reasons, plaintiff's motion for attorney's fees should be granted in its entirety.

## FACTS

The facts supporting the arguments made in this Memorandum of Law have been established in the *Declaration In Support of Plaintiff's Motion for Attorney's Fees* dated March 19, 2025, that accompanied plaintiff's initial filing (ECF Doc. # 122-1), and all exhibits attached thereto, as well as the *Affirmation In Reply and Further Support of Motion for Attorney's Fees* dated April 10, 2025 ("Reply Affirmation"), that accompanies this Memorandum. Those facts are hereby incorporated by reference as if fully restated here. Facts pertinent to the arguments made here will be restated as necessary.

## ARGUMENT

**BECAUSE PLAINTIFF PREVAILED ON HIS PENDENT STATE CONSTITUTIONAL LAW CLAIM FOR FALSE ARREST, WHICH WAS VIRTUALLY IDENTICAL TO HIS FEDERAL LAW CLAIM FOR FALSE ARREST, PLAINTIFF SHOULD BE DEEMED A "PREVAILING PARTY" AND THIS COURT SHOULD EXERCISE ITS DISCRETION AND GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES.**

42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Id.* 42 U.S.C. § 1988 (The Civil Rights Attorney's Fee Award Act of 1976 or "the Act") provides, in relevant part, that in any action or proceeding to enforce a provision of 42 U.S.C. § 1983 "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

To be eligible for attorney's fees and costs under the Act, a plaintiff must be a "prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 433 [1983]; *Bridges v Eastman Kodak Co.*, 102 F.3d 56 [2d Cir. 1996]. A plaintiff prevails when he succeeds "on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Carroll v. Blinken*, 42 F.3d 122, 129 [2d Cir. 1994] (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 [1992]). A plaintiff "succeeds" when the relief granted "materially alters the legal relationship between the parties by

2

modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12; *Carroll*, 42 F.3d at 129; *Bridges*, 102 F.2d at 58.

Plaintiffs pressing federal civil rights claims often combine them with related state-law claims. *Bridges*, 102 F.2d at 58. A plaintiff may succeed on all, some, or none of his federal claims, while succeeding on all, some, or none of his state claims. *Id.* Accounting for full or partial settlements, alternative holdings, and reversals on appeal, it often becomes difficult to discern when a plaintiff has "prevailed." *Id.* "Congress intended to encourage non-frivolous suits under the civil rights laws when … it provided for the discretionary award of attorney's fees to prevailing parties in civil rights cases. [internal cites omitted]. A plaintiff is clearly a prevailing party when he secures a judgment on a claim covered by section 1988." *Meriweather v Sherwood*, 514 F. Supp. 433, 435 [USDC/SDNY 1981]. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar, supra*, 506 U.S. at 113.

In *Hanrahan v. Hampton*, 446 U.S. 754 [1980], the Supreme Court reviewed the legislative history of the Act and confirmed that "a plaintiff seeking attorney's fees may sometimes be deemed a 'prevailing party' without having obtained a favorable 'final judgment following a full trial on the merits.'" *Id.* at 756-57. *See also Maher v. Gagne*, 448 U.S. 122 [1980] ("The legislative history makes it clear that Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under the Act."). Courts have found plaintiffs to have "prevailed" even when they have not obtained judgment on any claim for which a fee recovery is specifically authorized by the statute. For example, awards of fees have approved under the Act: when the suit is settled by

3

entry of a consent decree (*see Maher v. Gagne*, 448 U.S. 122 [1980], *aff'd* 594 F.2d 336 [2d Cir. 1979]); when plaintiff's success on a pendent statutory claim for which fees are not authorized obviates the court's need to reach constitutional issues (*see Lund v. Affleck*, 587 F.2d 75 [1st Cir. 1978]); and when plaintiff has prevailed on a state law claim and the court has reserved decision on the constitutional claim (*see Seals v. Quarterly County Court*, 562 F.2d 390 [6th Cir. 1977]. *Meriweather*, 514 F. Supp. at 435. Where a plaintiff succeeds on a pendent state law claim joined with a federal constitutional claim, but judgment is entered on only the pendent claim, a plaintiff can still be awarded attorney's fees as long the federal claims are "substantial" and the federal pendent claims arise from a "common nucleus of operative fact." *United Mine Workers v Gibbs*, 383 U.S. 715 [1966]; *Hagans v Levine*, 415 U.S. 528 [1974].

"Several considerations support the proposition that a party may prevail under the Attorney's Fees Act without actually securing a judgment on a claim covered by the Act. The fact that a plaintiff does not obtain a favorable judgment on a particular claim may have little or no relationship to the strength of the claim asserted. A plaintiff may be amply justified in filing a civil rights claim, and may even establish a reasonable likelihood of success on the merits, but nevertheless fail to secure a favorable judgment for such reasons as judicial restraint, economy, or mootness. … When these factors coalesce, the policies that led Congress to authorize the award of fees are served by finding the plaintiffs involved to be prevailing parties. The civil rights claims in such cases may be substantial enough to justify encouraging their assertion, and the plaintiffs involved may have vindicated the civil rights claims as fully as if they had obtained favorable judgments." *Id.*

Even so, it seems to be settled that "a plaintiff who loses on the merits of his federal civil rights claim is not a 'prevailing party' for purposes of an award of attorney's fees . . . even if he

4

prevails on a related pendent state law claim." *Id*. Indeed, this is the sole basis of the defendants' opposition to plaintiff's fee application. As a general proposition, a rule precluding attorney's fees when the plaintiff has specifically lost on the civil rights claim asserted seems proper. "Congress has provided that only prevailing parties may secure attorney's fees, and the statutory standard reflects a policy that would encourage suits only to the extent of rewarding plaintiffs who actually prevail or whose civil rights claims, though not decided, are substantial and have been vindicated." *Meriweather*, 514 F. Supp. at 436.

However, this general proposition should not preclude a court from exercising the discretion explicitly authorized by the Act to award attorney's fees in the rare instance where a plaintiff loses on his § 1983 cause of action but succeeds on a closely-related or (as is the case here) a <u>*virtually identical*</u> pendent state law claim. [emphasis added]. "[E]xceptional circumstances may arise in which a court should have the discretion to deem that a plaintiff has prevailed even though the civil rights claim asserted was decided adversely. Though rare, situations do occur in which a party loses on the civil rights claims asserted, but succeeds on another, closely related claim not covered by the Act. In such cases, the party losing the civil rights claim may nevertheless establish ample justification for bringing the civil rights claim, and may obtain from the jury a verdict on other claims that substantially vindicates his constitutional quest." *Meriweather*, 514 F. Supp. at 436.

One case that presented such special circumstances is *Russo v State of New York, D.C.*, 515 F. Supp. 470, 479 [USDC/SDNY 1981]. In *Russo*, plaintiffs brought suit under § 1983 alleging that defendants deprived them of their constitutional rights. 515 F. Supp. at 471. Plaintiffs also brought a number of state law claims (including malicious prosecution), based upon the same series of events. *Id*. The jury found one defendant liable to plaintiff Anthony Russo for malicious

5

prosecution, and awarded him $25,000 in compensatory damages and $5,000 in punitive damages. *Id.* The jury found no liability on plaintiffs' § 1983 claim. *Id.*

In *Meriweather*, *supra*, a companion case to *Russo,* Judge Abraham Sofaer explained the reasoning behind his discretionary award of attorney's fees in *Russo*. He began his analysis by noting that Russo was "undoubtedly justified" in bringing his civil rights claim: "While plaintiff was unable to prove all of his allegations … the evidence satisfied the jury that at least one defendant had in fact prosecuted plaintiff maliciously." Judge Sofaer reasoned that plaintiff's success on his malicious prosecution claim strongly suggested a violation of plaintiff's civil rights. 515 F. Supp. at 436. Judge Sofaer gave particular attention to the jury instruction as to plaintiff's § 1983 claim, which directed the jury to consider whether "the practices of the defendant established a pattern of harassment in violation of plaintiff's constitutional rights." *Id.* In effect, this instruction advised the jury that the existence of a § 1983 violation was a question of degree and asked them – without further guidance – to determine if the defendant's conduct rose to the level of a constitutional violation:

> The jury's finding that the officer acted maliciously, in his official capacity, would appear in principle to establish a constitutional violation. The additional instruction, … was read to the jury because of the present uncertainty in the law governing the specific issue of whether proof of malicious prosecution establishes a violation of 42 U.S.C. § 1983. [internal cites omitted]. It is possible that this uncertainty will eventually be resolved in a manner that would necessitate a directed verdict in plaintiff's favor on a civil rights claim whenever the jury finds malicious prosecution under state law. But even if this rule of law is not eventually adopted, these state and federal claims are so similar that the federal courts should treat a victory on a malicious prosecution claim as providing an adequate evidentiary basis for the exercise of a District Court's discretion in finding that the plaintiff has prevailed under 42 U.S.C. § 1988.

515 F. Supp. at 436.

Judge Sofaer bolstered this conclusion by focusing on the "strong evidence of maliciousness" as evidenced by the award of punitive damages: "In any event, even if a finding

6

for plaintiff on a claim of malicious prosecution is in itself an insufficient factual predicate to authorize finding that a plaintiff has prevailed, such an exercise of discretion should be permissible where that finding is accompanied by an award of punitive damages. The jury's verdict on the civil rights complaint appears likely to have been the result of confusion or compromise." 515 F. Supp. at 437. Ultimately, Judge Sofaer justified a discretionary award of attorney's fees on the fact that the jury verdict vindicated plaintiff's constitutional quest:

> In *Russo*, a finding that plaintiff is the prevailing party is warranted because, in addition to the presence of an adequate factual predicate for such a finding, the litigation vindicated the plaintiff's constitutional quest. The defendant was found liable under state law precisely for the kind of activity that may create liability under section 1983. Plaintiff was awarded significant damages, both compensatory and punitive, and succeeded, to a significant extent, in clearing his name in the community in which he lives and needs to secure employment. … For these reasons, an award of attorney's fees is proper in *Russo*, and the amount is calculated in a separate order filed with this opinion.

515 F. Supp. at 437.

On appeal, the Second Circuit reversed, relying on *Alyeska Pipeline Service Co. v Wilderness Society*, 421 U.S. 240 [1975]: "In section 1988 Congress has provided that a prevailing party in a section 1983 action can recover attorney's fees, however, it has not provided that a prevailing party in a malicious prosecution action can do so. … A court cannot appropriate a function which Congress has reserved for itself." *Russo v New York*, 672 F2d 1014, 1023 [2d Cir 1982].

The reasoning used and the "special circumstances" identified in *Russo* apply with even more force to plaintiff's case: here, plaintiff has prevailed on a state law constitutional claim for False Arrest that is virtually identical to his federal constitutional claim for False Arrest.

The jury award here shows that Mr. Semencic was "undoubtedly justified" in bringing his civil rights action. The jury was unanimously convinced that Mr. Semencic was falsely arrested by

7

the Nassau County Police Department. *See* ECF Doc. # 126-1. The reason the jury found in favor of his state law false arrest claim, and not his federal law false arrest claim, has "little or no relationship to the strength" of Mr. Semencic's § 1983 false arrest claim. *Meriweather*, 514 F. Supp. 435. *See* also Reply Affirmation at ¶¶ 5 – 10. Instead, it speaks to the particular wording of the verdict sheet used here and the fact that Mr. Semencic does not have eyes in the back of his head. Mr. Semencic testified that, during the course of his arrest, he was violently turned around and his hands were cuffed behind his back. For this reason, he couldn't see or identify the NCPD officer(s) who actually cuffed him. The interrogatories for Mr. Semencic's § 1983 false arrest claim asked the jury to decide *only* if either of the two *identified* police officer defendants (Kenneth Magnuson or Robert McGrory) falsely arrested him. *See* ECF Doc. # 126-1, questions 3 and 4. In contrast, the interrogatories for his state law false arrest claim asked the jury to decide the broader questions of whether Magnuson, McGrory or *any other* NCPD police officer falsely arrested him. [emphasis added]. *See* ECF Doc. # 126-1, questions 9 and 10. It was for this reason alone that the jury denied Mr. Semencic relief on his federal law cause of action. *See* Reply Affirmation at ¶¶ 5 – 10. Had the questionnaire permitted the jury to assign § 1983 liability to an unidentified NCPD, they surely would have done so. *Id.* Put another way, the jury here was clearly convinced that the NCPD officers who arrested him violated Mr. Semencic's Fourth Amendment rights, but couldn't determine *which* NCPD officer actually violated them. This isn't a valid reason to deny Mr. Semencic's request for attorney's fees, since he is a "prevailing party" in every other sense of the phrase.

Several factors support this conclusion. First, the plaintiff raised several "significant" issues in this litigation, including unlawful search and seizure, false arrest, use of excessive force, assault and battery. Plaintiff's goals in bringing these claims were to vindicate his Fourth

8

Amendment rights, clear his name and obtain a monetary damages award. Under *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 [1983], plaintiff needed to succeed on only one (1) of claims. Since plaintiff succeeded on two (2) of them (his pendent state law claims for false arrest and battery), vindicated his Fourth Amendment rights and obtained a $500,000 compensatory damages award, he satisfies all "prevailing party" criteria required under *Hensley, supra*. Second, the compensatory damages award plaintiff obtained "materially altered" his relationship with the defendants since they must now pay him the monetary damages they fought so strenuously to avoid. This also makes plaintiff a "prevailing party" under the standard enumerated in *Farrar v Hobby, supra*.

Additionally, in an April 18, 2024, letter to the Court seeking permission to file a dispositive motion, the defendants admitted the "substantiality" of plaintiff's Fourth Amendment claims of Illegal Search and Seizure and Use of Excessive Force by conceding that they warranted a jury trial. *See* ECF Doc. # 84 at p.2. In the Joint Pre-Trial Order dated December 12, 2024, the defendants agreed that this Court's exercise of supplemental jurisdiction over plaintiff's pendent state claims was proper under 28 U.S.C. § 1367 since plaintiff's state law claims and federal law claims formed part of the same case or controversy. *See* ECF Doc. # 94 at p.2, section III(B). Since plaintiff prevailed on a pendent state law claim that was brought alongside "substantial" federal law claims, and since all of plaintiff's claims arose from a "common nucleus of operative facts," he should be awarded attorney's fees under the reasoning contained in *Maher v Gagne*, 448 U.S. 122 [1980], *Hagans v. Lavine*, 415 U.S. 528 [1974] and *United Mine Workers v. Gibbs*, 383 U.S. 715 [1966].

Most importantly, the jury fully "vindicated plaintiff's constitutional quest" when they found defendants liable for false arrest, which is "precisely the kind of activity that creates liability

9

under section 1983." *Meriweather, supra*, 515 F. Supp. at 437. The elements of plaintiff's federal and state law claims for False Arrest are virtually identical (*Weyani v Okst*, 101 F.3d 845, 852 [2d Cir. 1996]), and attorney's fees are routinely awarded to plaintiffs who prevail under § 1983 claims for false arrest. *See, e.g., Asseng v Nassau Cnty. Police Officer John Biesel Serial No. 7586*, 2024 U.S. Dist. LEXIS 28118, 2024 WL 669871 [USDC/EDNY 2024]; *Grant v City of Syracuse*, 357 F.Supp.3d 180 [USDC/NDNY 2019]. Unlike the plaintiff in *Russo* (who prevailed in a state law malicious prosecution claim) Mr. Semencic prevailed here on a state law claim of false arrest, a constitutional violation Congress clearly had in mind when passing the Act. The Second Circuit's rationale for overturning the award of attorney's fees in *Russo* – that Congress has not authorized an award of attorney's fees under section 1988 for malicious prosecution cases (*Russo, supra*, 672 F2d at 1023) – has no application here. Since there can be no doubt that Congress enacted § 1988 for the purposes of encouraging claims for false arrest in cases <u>*precisely like the plaintiff's*</u>, it is properly within this Court's discretion to grant the plaintiff's motion for attorney's fees.

## **CONCLUSION**

The award of attorney's fees in § 1983 case furthers the central purpose of the statute: encouraging suits to vindicate constitutional rights. To deny plaintiff's motion for attorney's fees here would thwart the central purpose of the statute, and also defy reason and fairness. For all of the reasons stated herein, plaintiff's motion for attorney's fees should be granted.

Dated: April 10, 2025
White Plains, New York

*Brian T. Stapleton, Esq.*
By: Brian T. Stapleton, Esq.

10