```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARL T. SEMENCIC,
                          Plaintiff,               18-CV-05244 (NRM)(AYS)
 -against-

THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
COMMISSIONER PATRICK J. RYDER, individually
and officially; POLICE OFFICER ROBERT B.
McGRORY, individually and officially;
POLICE OFFICER KENNETH J. MAGNUSON,
Individually and officially; JOHN DOE #1, individually
and officially; and JOHN DOE #2, individually,

                          Defendants.
-----------------------------------------------------------------X
```

**AFFIRMATION IN REPLY AND FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO 42 U.S.C. § 1988 AND FED. R. CIV. P. 54(d).**

**BRIAN T. STAPLETON, ESQ.,** pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, hereby declares the following:

1. I am an attorney duly admitted to practice law in, and in good standing with, the state and federal courts of New York and Connecticut.

2. I am over the age of eighteen, believe in the nature of an oath, and am not a party to this case.

3. I submit this affirmation in reply and further support of plaintiff Carl Semencic's motion for discretionary costs and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

4. I was the attorney who represented Mr. Semencic during the jury trial of this case.

5. On Tuesday, March 4, 2025, following the return of the jury verdict here, I encountered seven (7) of the eight (8) jurors who returned the verdict here as they were exiting the courthouse. Juror Number Two was not present. I asked the jurors if I could speak with them about their verdict. All of the jurors agreed to speak with me. We spoke for approximately twenty minutes.

6. During our talk, I inquired as to why the jury returned a verdict on plaintiff's state law claim for false arrest, but not his federal law claims under 42 U.S.C. § 1983.

7. The jurors all said they believed, based largely on the testimony of non-party eyewitness John Saltzman, that Mr. Semencic was arrested inside his house without a warrant. They believed Mr. and Mrs. Semencic's testimony describing how Mr. Semencic was violently handcuffed in his kitchen by the Nassau County police officers, but also found that neither of them ever identified the officer(s) who actually put Mr. Semencic in handcuffs.

8. They told me the reason they didn't find for plaintiff on his § 1983 claims was because the verdict interrogatories for those claims only inquired about Nassau County police officer defendants Robert McGrory and Kenneth Magnuson, and Mr. Semencic never identified McGrory or Magnuson as the officers who violently handcuffed him.

9. The jurors found for Mr. Semencic on his state law claims of false arrest and battery because the interrogatories for those claims asked them to decide the broader questions of whether Magnuson, McGrory or any other Nassau County police officer falsely arrested him. Since they believed that at least one Nassau County police officer unlawfully arrested Mr. Semencic in his home and violently handcuffed him, the jury found for the plaintiff on his state law claims of false arrest and battery.

10. Finally, the jurors told me that if the § 1983 interrogatories for false arrest and use of excessive force had permitted them to assign liability to an unidentified member of the Nassau County police department, they would have done so.

11. I have reviewed the foregoing statements, and they are true, accurate and complete to best of my information, knowledge and belief.

DATED: April 10, 2025
       White Plains, NY

*Brian T. Stapleton, Esq.*
By: Brian T. Stapleton, Esq.