# United States District Court
# Eastern District Of New York

---------------------------------------------------------------------x

CARL SEMENCIC,   18-CV-05244 (NRM)(AYS)

                     Plaintiff,

   -*against*-

THE COUNTY OF NASSAU,
POLICE OFFICER ROBERT B. McGRORY and
POLICE OFFICER KENNETH J. MAGNUSON,

                     Defendants.

---------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO ALTER/AMEND A
JUDGMENT PURSUANT TO RULE 59(e) F.R.Civ.Pro.**

**THOMAS A. ADAMS
NASSAU COUNTY ATTORNEY
OFFICE OF THE NASSAU COUNTY ATTORNEY
516-571-1799**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ………………………………...…………………… 1

POINT I. - PLAINTIFF'S OPPOSITION TO THE RULE 59 (e) MOTION RESTS ON A FALSE POST-VERDICT NARRATIVE…………...…………………………………….......2

    1. The Jury Necessarily Found That the Arrest Took Place Outside the Home and Was Supported by Probable Cause…………………………..…………….…….…3
    2. Plaintiff's Own Testimony Contradicts His Post-Trial Theory…………………......4
    3. The State Battery Claim Cannot Stand Without a Valid False Arrest Claim……….…5

POINT II. - THE JURY WAS GIVEN INCONSISTENT INSTRUCTIONS…..………………..6

POINT III. - IF THE JURY VERDICTS ARE UPHELD THE JURY'S COMPENSATORY AWARD SHOULD BE GREATLY REDUCED AS EXCESSIVE……………………………..7

CONCLUSION ……………………………...………………………………………. 10

## TABLE OF AUTHORITIES

**Cases**

• *People v. Ramirex-Portoreal, 88 N.Y. 2d 99,114 (1996)*………………………..……………4

• *United States v. Colon, 250 F.3d 130,135 (2d Cir. 2001)*…………..……..………......…………4

## PRELIMINARY STATEMENT

From the outset, this case was about Officers Kenneth Magnuson and Robert McGrory. Plaintiff Carl Semencic testified at trial that Magnuson was the one who told him, "You're under arrest" (Tr. 295). The Court reflected the parties' shared understanding when it instructed the jury:

> "Since there's no dispute that defendants Magnuson and McGrory arrested plaintiff on July 19, 2016, I instruct you that the first element has been met." (Tr. 891).

While other Nassau County officers may have been on the scene, no evidence was presented that any officer other than Magnuson or McGrory effectuated the arrest, and the jury was not asked to consider the conduct of any other individual.

The jury ultimately found no liability on any federal claim, including false arrest, excessive force, and unlawful search and seizure. Those findings necessarily entailed a determination that the arrest occurred outside the home and that probable cause existed and yet, based on verdict sheet question 9 that referenced "Robert B. McGrory, Kenneth J. Magnuson or any other officer employed by the Nassau County police department "the jury returned findings of liability for State False Arrest and Battery and awarded Plaintiff $500,000 in damages.

Faced with this inconsistency, Plaintiff now proposes a theory never presented at trial: that the arrest took place inside the home and that an unidentified Nassau County police officer may have been the true arresting party, and further he speculates that the jury must have credited that theory, even though that theory was never presented to the jury during the trial. The Court's charge on the State False Arrest claim was:

> "If you find that the plaintiff did not prove that either defendant is liable under Section 1983 for false arrest, nor that any other Nassau County police officer is liable for false arrest, then you must find that the plaintiff has also not proven his state false arrest claim." (Tr. 887)

1

Since the jury found no liability for Magnuson or McGrory on the Federal False Arrest claim, in order to argue in support of the liability verdict on the State False Arrest claim, Plaintiff's Counsel now argues that the arrest was made by an unidentified police officer in the home of the Plaintiff. The unchallenged evidence at trial was that Magnuson was the arresting police officer, and the jury found the arrest took place outside the home.

Accordingly, Defendants submit this reply in support of their Rule 59(e) motion to alter or amend the judgment, which Plaintiff's opposition mischaracterizes through a narrative which is unsupported by the trial record; contradicted by the jury's verdict; and inconsistent with the Court's jury instructions. The jury verdict's inconsistencies and legal errors warrant relief under Rule 59(e) to correct the fundamental errors and prevent manifest injustice.

## POINT I
### PLAINTIFF'S OPPOSITION TO THE RULE 59 (e) MOTION RESTS ON A FALSE POST-VERDICT NARRATIVE

Plaintiff's Counsel bases his opposition to Defendants' Rule 59(e) motion on a narrative that is both contradicted by the trial record and unsupported by the jury's findings. Plaintiff's Counsel now suggests, for the first time, that an unidentified Nassau County police officer effectuated the arrest—despite the fact that the Plaintiff testified at trial that it was Officer Magnuson who told him, inside his home: "You're under arrest" (Tr. 295). The Court confirmed the parties' shared understanding when it instructed the jury:

> "Since there's no dispute that defendants Magnuson and McGrory arrested plaintiff on July 19, 2016, I instruct you that the first element has been met" (Tr. 891).

The jury rejected Plaintiff's claims of Federal False Arrest, Excessive Force, Unlawful Search and Seizure, and each of the State claims for Assault, Malicious Prosecution, and Abuse of Process (questions 1, 2, 3, 4, 5, 6, 7, 10 and 11). It only found liability on the State Law False

2

Arrest and Battery claims (Questions 8 and 9). That outcome—clearing the only officers identified at trial while still returning a verdict for Plaintiff—cannot be reconciled with the evidence or the jury charge.

> 1. **The Jury Necessarily Found That the Arrest Occurred Outside the Home and Was Supported by Probable Cause**

The jury was instructed, and it was undisputed, that there was no arrest warrant. Accordingly, if the jury believed that the arrest occurred inside Plaintiff's home, it would have been required to find for Plaintiff on the Federal False Arrest claim. The jury did not. The only logical conclusion is that the jury found the arrest took place outside the home, thereby rejecting Plaintiff's and his wife's testimony to the contrary.

Nonetheless, Plaintiff's Counsel continues to assert—despite the verdict—that the arrest occurred inside the home. In his opposition, while trying to support both the State False Arrest and the State Battery claims he writes:

> "*Since the jury clearly credited the plaintiff's testimony that he was handcuffed inside the home without a warrant by unidentified members of the Nassau County Police Department, the jury could have reasonably have (sic) credited plaintiff's testimony that these same officers used excessive force when placing him in handcuffs*" (Plaintiff's Opposition, p.9) (italics supplied).

That assertion is flatly contradicted by the jury's verdict. The jury found no liability on the Excessive Force claim and no liability on the Federal False Arrest claim—findings which necessarily imply that the arrest occurred outside the home and was supported by probable cause, and that the testimony by the Plaintiff and his wife that the arrest took place inside the home was not believed by the jury.

3

The jury verdict finding liability for the State False Arrest claim is not supported by the Court's instruction:

> "If you find that the plaintiff did not prove that either defendant is liable under Section 1983 for false arrest, nor that any other Nassau County police officer is liable for false arrest, then you must find that the plaintiff has also not proven his state false arrest claim." (Tr. 887).

### 2. Plaintiff's Own Testimony Contradicts his Post-Trial Theory

Plaintiff Counsel's theory about an unidentified police officer making the arrest is not even supported by his own client. The Plaintiff himself, Carl Semencic, testified that it was Magnuson who shouted he "was under arrest". (Tr.295), and the Court instructed the jury that: "there was no dispute that defendants Magnuson and McGrory arrested plaintiff on July 19, 2016." (Tr. 891). Neither plaintiff Semencic, nor his wife, ever claimed that an unnamed officer carried out the arrest, nor did they suggest that the arrest was conducted by someone other than Magnuson or McGrory. To now argue—after the verdict—that the jury could have found liability based on the conduct of some unidentified actor is not just factually baseless; it is directly at odds with Plaintiff's sworn testimony and the entire theory of his case as presented to the jury.

The unidentified police offer claim, even if true, would not be sufficient to save the liability verdict on the State False Arrest claim. Under New York law and Second Circuit precedent, once probable cause has been established, it is a complete defense to false arrest and applies to all officers on the scene through the "fellow officer" or collective knowledge" doctrine. *See People v. Ramirez-Portoreal*, 88 N.Y.2d 99, 114 (1996); *United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001). Here, the jury's verdict finding no liability on the Federal False Arrest claim necessarily includes a finding of probable cause that extends to all officers.

4

### 3. The State Battery Claim Cannot Stand Without a Valid False Arrest Claim.

Plaintiff relies on the jury's erroneous State False Arrest liability finding to establish liability for the State Battery Claim based on the jury charge that stated:

> "If you find that the plaintiff has proven that he was falsely arrested, **you must** find that the plaintiff has proven that the defendants committed a battery against him." (Tr.885-886) (Emphasis added).

The logic behind the jury charge is that a false arrest necessarily involves an unjustified touching that amounts to battery. Since Officers Magnuson and McGrory were found not liable for the Federal False Arrest claim, Plaintiff's Counsel theorizes that the jury found that unidentified officers made the arrest of Plaintiff Semencic in his home, and in doing so, made an unjustified touching of the Plaintiff qualifying as a battery.

The jury's rejection of the Federal False Arrest claim reflects a finding that the arrest was lawful and supported by probable cause. If the facts were as Plaintiff's Counsel now suggests—that an unnamed officer made a warrantless arrest inside the home—then the jury would have necessarily found for Plaintiff on the Federal False Arrest claim because any arrest without an arrest warrant inside the home would be unlawful and the jury was so instructed . The jury did not find liability for the Federal False Arrest claim. Instead, it accepted the Defendants' account: that the arrest occurred outside the home,with probable cause and after a positive identification by the complainant, Mr. Maloney. Plaintiff's new theory contradicts his own testimony, the trial record, and the jury's findings, and it must be rejected.

5

## POINT II
## THE JURY WAS GIVEN
## INCONSISTENT INSTRUCTIONS

In response to the Defendants' initial argument that the jury was given inconsistent instructions, Plaintiff's Counsel curiously argues: "The Court's oral instructions do not conflict with the Court's written instruction. Despite this statement, Plaintiff's Counsel then concedes: "The defendants correctly point out that there is a discrepancy between the Court's written jury instructions (see Defendants Ex. E at 118, p.26) and the transcript of the Court's oral instructions as contained at Ex. 1 at p. 866."

In a futile attempt to escape the clear impact of the discrepancy, Counsel claims that the official trial transcript "reflects a typographical error and does not reflect what the Court actually read to the jurors."  To credit this theory, is to undermine the validity of the transcript itself. Additionally, the claim of a one typographical error is incorrect, because it would have been two typographical errors.  Plaintiff's Counsel claims the word "neither" was "either" and ignores the fact that the transcript also says "nor" rather than the word "or."

Counsel for the Plaintiff further surmises that if the transcript was accurate, the Defendants would have immediately objected.  Of course, this ignores the very real fact that the Defendants heard "neither and nor", but could not be sure their hearing was correct, until they saw the actual trial transcript, which was not available until at least a day later.   The claim that the Court read the written instructions word for word into the transcript is disproven by a review of the written instructions with the spoken instructions. While the Court largely adhered to the verbiage of the written instructions, there were instances where the Court deviated, admittedly slightly, from the written text. Even so, those slight deviations had significant impacts on the jury deliberations.

6

Lastly, the claim that the deviations amount to nothing more than harmless error is nonsense because to the extent these confusing, inconsistent instructions led or contributed to, a liability finding on the State False Arrest claim, other court instructions directed that having found liability for the State False Arrest claim, the jury must find liability for the State Battery claim. (Tr. 885-886). The result is that the incorrect statement spoken orally allowed the jury to find liability for both the State False Arrest claim, and because of that finding, the jury was directed to find liability for the State Battery claim.

### POINT III
### IF THE JURY VERDICTS ARE UPHELD, THE JURY'S COMPENSATORY AWARD SHOULD BE GREATLY REDUCED AS EXCESSIVE

In responding to that branch of the Defendants' motion that the $500,000 award is excessive, Plaintiff's Counsel notes that Defendants raised the approximate $41,000 that Plaintiff spent on attorney's fees. That expenditure is highlighted solely to point out that it was the only monetary amount that Plaintiff referenced throughout the trial. Since the jury found that there was probable cause and that there was no liability for the Federal False Arrest claim, the amount spent on attorney fees in the criminal proceeding is not recoverable because that amount would have been expended in any event. Additionally, there was significant testimony by Plaintiff with respect to each and every weapon that was seized and ultimately destroyed by the Nassau County Police Department. Plaintiff was often asked by his Counsel what the value of each weapon was. As this Court instructed the jury, none of that testimony justified any compensatory damages because the jury did not find liability for unlawful search and seizure. (Tr. 897-898).

7

Plaintiff's Counsel claims that his client should be compensated for the following categories of alleged injury:

1. "The embarrassment and humiliation Plaintiff experienced during his arrest.

2. The 5–6-hour period of incarceration Plaintiff was subject to following his arrest.

3. The embarrassment and humiliation Plaintiff experienced in the days following his arrest due to Defendants publication of his arrest to the local news outlets.

4. The fear and anxiety Plaintiff experienced during his criminal prosecution.

5. The frustration Plaintiff experienced when all of the criminal charges against him were dismissed.

6. The anger and frustration he experienced when the Defendants refused his numerous requests for the return of his confiscated property.

7. The anger and frustration Plaintiff experienced due to Defendants' will (sic) ignorance of a court order directing them to return his confiscated property to him, and;

8. The anger and frustration he experienced when the Defendants actually destroyed his coveted and rare property. Taking all these factors into consideration, Plaintiff unconvincingly argues the jury's award of $500,000 in compensatory damages cannot be said to 'shock the conscience and constitute a denial of justice' ". (ECF 132, Memo. in Opposition at 12,13). (Numbering added).

That is quite a list of anger and frustration, but examining each item listed demonstrates that most do not constitute a category that the jury should have considered for compensation. The injuries alleged can be broken down into two categories. First, examining categories numbered 1 through 5, each relates to harms claimed to have occurred because of the Plaintiff's arrest and his subsequent booking at the police station and anger and frustration he allegedly felt during the course of his criminal prosecution until the matter was dismissed for the technical reasons of not test firing the Glock to determine operability and the violation of the speedy trial act cause by the absence of the complaining witness, who was unavailable due to serving the Country on active duty with the United States Army.

The Defendants' position is that none of those five categories of alleged damages are compensable because each category complained of would have occurred in any event because the jury found probable cause to effectuate the arrest, as determined by their finding of no liability for the claim of Federal False arrest under 42 U.S.C. 1983. Since the jury found there was probable cause to arrest Carl Semencic, every item complained of naturally and logically flows from the arrest. Plaintiff would have been handcuffed and detained; he would have been brought to the precinct for processing; he would have been arraigned at court following the issuance of a desk appearance ticket; Plaintiff would have attended various court appearances until the two charges were dismissed (not on the merits). The publicity Plaintiff complains of consisted of identical stories in local periodicals and those stories were written because of the arrest for which there was probable cause. That means that there is no causal connection between the alleged compensatory damages and the counts on which the jury found no liability. There should be no compensation for events that would have and did occur, because a jury determined there was probable cause to arrest.

Turning to categories numbered 6, 7 and 8 from Plaintiff's opposition: Category 6 is "the anger and frustration he experienced when the Defendants refused his numerous requests for the return of his confiscated property; Category 7 is "the anger and frustration Plaintiff experienced due to Defendants' will(ful) ignorance of a court order directing them to return his confiscated property to him" and Category 8 was the anger and frustration he experienced when the Defendants actually destroyed his coveted and rare property." Each of those three categories of alleged injuries are not compensable in accordance with the Court's charge to the Jury.

The Court instructed the jury as follows:

> "You heard evidence in the form of a stipulation read into the record that in February 2020, a judge ordered Nassau County to return the plaintiff's firearms to him within 30 days, but Nassau County failed to comply with that order, and that order, and that the County subsequently destroyed those firearms. However, there was no evidence that the individual defendants in this case, Officers McGrory and Magnuson, played any role in the county's failure to return plaintiff's firearms in 2020, nor in their subsequent destruction. **Thus, you may properly consider the loss of those firearms only by way of compensatory damages if you find for the plaintiff on his claims for unlawful search and seizure**. But you may not consider the destruction of plaintiff's property in determining whether to award punitive damages against the individual officers." (Tr.897-898) (emphasis supplied)

The jury found no liability for the claim of unlawful search and seizure. Therefore, pursuant to the Court's instructions, the jury was directed to award no compensatory damages for items 6, 7 and 8. That means that there is no basis to justify compensatory damages. Any event that Plaintiff complains about would have, and did, happen because the jury found there was probable cause to arrest Plaintiff and charge him with the two crimes with which he was charged.

## CONCLUSION

The verdict in this case reflects the inconsistency and confusion that Rule 59 (e) is designed to address. The jury found liability for the only officers who participated in the arrest, yet they still awarded substantial compensatory damages for alleged injuries that would have occurred in the normal course of events following their clear finding of probable cause to arrest. Plaintiff Counsel's post-verdict theory of an unidentified officer is in fact an admission that there was no basis for compensatory damages based upon the evidence that was produced during trial. Based upon all the foregoing, Defendants respectfully request that the Court grant their Rule 59 (e) motion to alter or amend the judgment, or in the alternative remove all compensatory damages.

DATED:    April 22, 2025
               Mineola, New York

By:  */s/ JCarnevale*
     JOHN CARNEVALE
     Deputy County Attorney
     *Attorneys for County Defendants*
     1 West Street
     Mineola, New York 11501
     (516) 571-1799
     jcarnevale@nassaucountyny.gov

11