UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CARL T. SEMENCIC,

           Plaintiff,

      -against-

THE COUNTY OF NASSAU, THE
NASSAU COUNTY POLICE
DEPARTMENT, COMMISSIONER
PATRICK J. RYDER, POLICE
OFFICER ROBERT B. McGRORY,
POLICE OFFICER KENNETH J.
MAGNUSON, and JOHN DOE #1, *in
their individual and official capacities*,

           Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

18-CV-5244 (NRM) (AYS)

**NINA R. MORRISON**, United States District Judge:

      Plaintiff Carl T. Semencic, following a civil rights trial in which the jury rendered a verdict in his favor on two claims brought under New York state law but not on any of his federal claims, brings this motion for attorney's fees pursuant to 42 U.S.C. § 1988(b). For the reasons discussed below, Plaintiff's motion is denied.

## BACKGROUND

      Plaintiff brought suit alleging civil rights claims under 42 U.S.C. § 1983 and pendent state law claims against Nassau County, the Nassau County Police Department, Nassau County Police Department Commissioner Patrick J. Ryder, and Nassau County Police Officers Robert B. McGrory, Kenneth J. Magnuson, and John

1

Doe #1 (collectively "Defendants").[1] *See* Compl., ECF No. 1.[2] The case proceeded to trial, at which time the only remaining Defendants in the action were Police Officer Robert B. McGrory, Police Officer Kenneth J. Magnuson, and Nassau County. Following a six-day trial between February 24, 2025 and March 4, 2025, the jury found in favor of Plaintiff on his state law claims of false arrest and battery, but found that the individual officer-defendants were not liable on each of the federal claims raised by Semencic through 42 U.S.C. § 1983 — excessive force, false arrest, and unlawful search and seizure. Jury Verdict ("Verdict"), ECF No. 120 (Mar. 4, 2025). The jury also found for Defendants on the remaining state law claims of assault, malicious prosecution, and abuse of process. *Id.* The Clerk of Court entered judgment against Defendant Nassau County on March 7, 2025. ECF No. 121.

Plaintiff filed the instant motion for attorney's fees on March 19, 2025, along with a memorandum of law in support of the motion. Pl. Mot. for Attorney's Fees and Costs ("Pl. Mot."), ECF No. 122; Pl. Mem. of L. in Supp. of Mot. for Attorney's Fees ("Pl. Mem."), ECF No. 122-6. Defendants filed their opposition on April 2, 2025, Defs. Mem. in Opp'n ("Defs. Resp."), ECF No. 127, and Plaintiff filed a reply on April 10, 2025. Pl. Mem. of L. in Reply ("Pl. Reply"), EFC No. 128. With leave of the

---

[1] The facts of the underlying case are recounted in detail in the Court's decision on Defendant's Rule 59 motion to alter or amend judgment, filed the same day as this decision. *See* ECF No. 138. This decision recounts only the background necessary to the Court's decision on the instant motion for attorney's fees.

[2] The Complaint originally included other Defendants who were subsequently dismissed from the action. *See* Mem. & Order Granting Mot. to Dismiss for Failure to State a Claim, ECF No. 47.

2

Court, Defendants filed a sur-reply on April 14, 2025. Defs. Sur-Reply in Opp'n ("Defs. Sur-Reply"), ECF No. 131.

## **DISCUSSION**

Section 1988 provides that, "[i]n any action or proceeding to enforce a provision of [Section 1983] of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). The Court's decision on the instant motion depends on whether Plaintiff constitutes a "prevailing party" within the meaning of Section 1988 when he prevailed on some of his pendent state law claims but did not prevail on his Section 1983 claims. Because the Second Circuit has previously held that a plaintiff must prevail on at least one of his federal claims to recover attorney's fees as a prevailing party under Section 1988 — even where, as here, a plaintiff prevailed against the municipality on a state claim whose substantive elements are virtually identical to his unsuccessful federal claim — the Court has no authority to grant Plaintiff's fee application.

### I.     The Parties' Positions

Plaintiff argues that he received "an outstanding result at trial," notes that "the jury unanimously found in [Plaintiff's] favor on his state law claims of [battery and false arrest]," and contends "[t]here is no doubt that, in this case brought pursuant to [Section 1983], [Plaintiff] is the 'prevailing party' pursuant to [Section 1988(b)]." Pl. Mem. at 5.[3] Plaintiff's initial submission largely focused on the

---

[3] Page references are to ECF pagination unless otherwise noted.

purported reasonableness of the requested fee award under a "lodestar" evaluation. *Id.* at 9–17.

Defendants, in their opposition, contest Plaintiff's entitlement to a fee award and argue that "[p]laintiffs in a civil rights action who lose their federal claim but recover only on their pendant state claim are not 'prevailing parties' under Section 1988 who could be awarded attorney fees." Defs. Resp. at 3 (collecting cases). Defendants assert that, "to qualify for attorney's fees [under Section 1988(b)], the party must be successful on his section 1983 claim." *Id.* at 4 (citing *Russo v. State of New York*, 672 F.2d 1014, 1023 (2d Cir. 1982), *decision modified on reh'g*, 721 F.2d 410 (2d Cir. 1983), and *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir. 1996)).

In reply, Plaintiff primarily relies upon *Meriwether v. Sherwood*, 514 F. Supp. 433, 435 (S.D.N.Y. 1981) (ADS), and *Russo v. State of New York*, 515 F. Supp. 470, 479 (S.D.N.Y. 1981) (ADS) (*Russo I*), *vacated,* 672 F.2d 1014,[4] to support his case for attorney's fees. Plaintiff points to cases that have held Section 1988(b) authorized fees

> when the suit is settled by entry of a consent decree; when plaintiff's success on a pendent statutory claim for which fees are not authorized obviates the court's need to reach constitutional issues; and when

---

[4] Plaintiff also explains the close relationship between *Meriwether* and the district court *Russo I* decision, noting that, "[i]n *Meriweather* [sic] . . . a companion case to *Russo [I]*, Judge Abraham Sofaer explained the reasoning behind his discretionary award of attorney's fees in *Russo [I]*." Pl. Reply at 10. Plaintiff is correct that Judge Sofaer discussed his decision in *Russo I* at length in his *Meriwether* opinion. *See Meriwether*, 514 F. Supp. at 436–38 (comparing the circumstances of *Russo* and *Meriwether*). As discussed *infra*, the Second Circuit overturned Judge Sofaer's decision in *Russo I* and rejected the reasoning of *Meriwether*. *Russo*, 672 F.2d 1014 (2d Cir. 1982).

4

> plaintiff has prevailed on a state law claim and the court has reserved decision on the constitutional claim.

Pl. Reply at 7–8 (citation modified) (citing *Meriwether*, 514 F. Supp. at 435). Plaintiff argues that the Court should "exercise[e] the discretion explicitly authorized by [Section 1988(b)] to award attorney's fees in the rare instance where a plaintiff loses on his [Section] 1983 cause of action but succeeds on a closely-related or (as is the case here) a virtually identical pendent state law claim." *Id.* at 9 (citing *Meriwether*, 514 F. Supp. at 436).[5]

In their sur-reply, Defendants argue that the Second Circuit "directly rejected the very theory Plaintiff now advances." Defs. Sur-Reply at 3 (citing *Russo*, 672 F.2d 1014).

## II.  Plaintiff is Not a Prevailing Party Under Section 1988

Because Plaintiff's Section 1983 claims were actually decided against him by the jury, Plaintiff is not entitled to attorney's fees under Section 1988(b).

Plaintiff is correct that, in *Maher v. Gagne*, the Supreme Court affirmed a Second Circuit decision that allowed for court discretion to award attorney's fees

---

[5] Plaintiff also provided purported statements allegedly made by jurors to Plaintiff's counsel during a post-trial interview to support his characterization of the jury verdict as "vindicat[ing] plaintiff's constitutional quest." Pl. Reply at 13–14 (citing *Meriwether*, 515 F. Supp. at 437); *see also* Affirmation of Brian T. Stapleton dated Apr. 10, 2025 ("Stapleton Aff."), ECF No. 128-1 (documenting purported post-trial interview). "It is well established that, absent evidence of extraneous prejudicial information or outside influence, post-trial jury inquiries may not be used to impeach a verdict." *Campbell v. City of New York*, No. 99-CV-5129 (LTS) (THK), 2003 WL 660847, at *1 (S.D.N.Y. Feb. 27, 2003), *aff'd*, 93 F. App'x 315 (2d Cir. 2004); *see also* Fed. R. Evid. 606(b). Though Plaintiff's instant motion is not a motion challenging the jury verdict, the Court finds his inclusion of post-trial juror hearsay statements inappropriate and does not consider them in deciding this motion.

5

when a party prevails on certain pendent state claim(s), and the federal civil rights claim remains unresolved. 448 U.S. 122, 132–133 (1980); *see also id.* at 129 ("The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees."). The *Maher* Court noted that lower courts may hesitate to reach "substantial constitutional claims" where a pendant state law claim is dispositive. *Id.* at 132 & n.15 (citing H.R. Rep. No. 94–1558, p. 4, n.7 (1976)). The Court further found that "Congress was not limited to awarding fees only when a constitutional or civil rights claim is actually decided" and stated

> We agree with the courts below that Congress was acting within its enforcement power in allowing the award of fees in a case in which the plaintiff prevails on *a wholly statutory, non-civil-rights claim* pendent to a substantial constitutional claim or in one in which both a statutory and a substantial constitutional claim are *settled favorably to the plaintiff without adjudication.*

*Id.* at 132 (emphasis supplied). The *Maher* Court concluded that "such a fee award furthers the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the longstanding judicial policy of avoiding unnecessary decision of important constitutional issues." *Id.* at 133 (citation modified).

After *Maher*, however, the Second Circuit made clear that the discretion to award fees to a plaintiff who prevails on one or more state-law claims in *Maher* is inapplicable where "the federal claim — whether constitutional or statutory — has been *actually decided.*" *Bonner v. Guccione*, 178 F.3d 581, 595 (2d Cir. 1999) (emphasis supplied).[6] Moreover, in *Russo*, the Second Circuit specifically foreclosed

---

[6] *Bonner* concerned awarding attorney's fees under 42 U.S.C. § 2000e–5(k), the fee-shifting provision of Title VII, which also uses the term "prevailing party."

6

a Section 1988 fee award in a situation like this one, holding that "nothing in the plain language, the legislative history or the judicial interpretations of [S]ection 1988 requires or justifies the award of fees to a party who lost on the constitutional claim [under Section 1983] after a plenary trial."  672 F.2d at 1022 (citation modified) (citations omitted).  Indeed, in *Russo*, the Second Circuit specifically rejected Judge Sofaer's reasoning in *Meriwether* — the principal case on which Plaintiff relies here. *See id.* at 1023 (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)) (holding that *Alyeska* "foreclose[s] this expansive interpretation of [S]ection 1988").[7]

To be sure, in the wake of *Maher*, courts have awarded Section 1988(b) fees to plaintiffs where those plaintiffs' Section 1983 claims were either unresolved or resulted in only nominal recovery.  *See, e.g., King v. New York City Emps.' Ret. Sys.*, No. 13-CV-4730 (LB) (JBW), 2017 WL 1317851, at *1–3 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 1317223, at *1 (Apr. 5, 2017) (finding that, where the plaintiff prevailed on both Fourteenth Amendment and state law claims, and damages on federal constitutional claims were not awarded for policy

---

*Bonner*, 178 F.3d at 593.  However, in determining whether to award fees in *Bonner*, the Second Circuit extensively discussed how "prevailing party" has been interpreted in the § 1988 context.  *Id.* at 594.

[7] Plaintiff acknowledges that *Meriwether* and the *Russo I* decision he cites are not good law, despite his reliance upon Judge Sofaer's reasoning in his motion for attorney's fees.  Pl. Reply at 11 (noting that, "[o]n appeal, the Second Circuit reversed").  It appears he seeks to have this Court follow the reasoning of those decisions and award him fees, notwithstanding Second Circuit precedent to the contrary.  This, of course, the Court cannot do.

reasons, the plaintiff was still a "prevailing party" under Section 1988 and was awarded attorney's fees); *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 23–25 (N.D.N.Y. 2015) (holding that, when the plaintiff prevailed on a state-law question certified to a state court, thereby resolving the plaintiff's state law claims without deciding the constitutional issues, the plaintiff may be awarded attorney's fees under Section 1988); *cf. Farrar v. Hobby*, 506 U.S. 103, 111–14, (1992) (holding that a plaintiff receiving a nominal damages award on Sections 1983 and 1985 claims may be entitled to attorney's fees under Section 1988 as a "prevailing party," but declining to award fees in this case). Here, however, the jury specifically found *against* Plaintiff on his Section 1983 claims, Verdict at 1–2, distinguishing his case from those in which courts awarded Section 1988 attorney fees.

Plaintiff argues that "it is properly within this Court's discretion to grant [Plaintiff's] motion of attorney's fees." Pl. Reply at 14. But the Second Circuit has held otherwise. The *Russo* Court stated that

> courts must guard against awarding attorney's fees where Congress has not authorized. In [S]ection 1988 Congress has provided that a prevailing party in a [S]ection 1983 action can recover attorney's fees, however, it has not provided that a prevailing party in a [state law] malicious prosecution action can do so. In the absence of legislative intent and pronouncement, it was not within the province of the trial court to fashion an award of attorney's fees in this case. A court cannot appropriate a function which Congress has reserved for itself.

672 F.2d at 1023. Courts have consistently applied this rule to foreclose Section 1988 attorney fees where, as here, a plaintiff's federal claims have all been decided adversely to the plaintiff. *See Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 203 (2d Cir. 2018) (reversing district court's award of Section 1988 attorney fees

8

upon vacating district court's grant of summary judgment in favor of plaintiff's federal procedural due process claim); *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 81–82 (2d Cir. 2001) (citing *Russo* and reversing district court's award of Section 1988 attorney fees upon reversing ruling in favor of plaintiff's federal claims arising under the First Amendment); *Johnson v. City of New York*, No. 05-CV-7519 (PKC), 2011 WL 2693234, at *6 (S.D.N.Y. June 30, 2011) (citing *Russo* and holding that because "plaintiff [did] not prevail[ ] on any [S]ection 1983 claims, but only on state law claims[,] . . . [the] plaintiff cannot recover attorney's fees under [S]ection 1988"); *Matthews v. City of New York*, No. 02-CV-715 (CPS), 2006 WL 842392, at *12 (E.D.N.Y. Mar. 27, 2006) (citing *Russo* and holding that plaintiff "is not entitled to attorney's fees" where "[i]t is not disputed that [plaintiff] did not prevail on any of his federal claims, and . . . prevailed only on his state law claim of assault and battery").

The Court pauses here to note that, if the Supreme Court or the Second Circuit had interpreted Section 1988 to afford district courts discretion to award fees where a plaintiff prevails on at least one state law claim with the same substantive elements and the same nucleus of operative fact as his unsuccessful federal claim[8] — this

---

[8] As this Court noted in its separate Order denying, in part, Defendants' Rule 59 motion, the jury's split verdict on the Section 1983 and state law false arrest claims at trial can be readily explained by the fact that, under Section 1983, Plaintiff was required to prove the personal involvement of one of the named officer-defendants in his false arrest (that is, that one of the two named defendants effectuated his arrest), yet to prevail on his state law claim, he was only required to prove that *one* of the many officers at the scene that night falsely arrested him. *See* ECF No. 138 at 14–21. Since Plaintiff was unable to conclusively identify which officer(s) actually placed him under arrest, the jury's verdict is entirely reasonable in light of the evidence presented — and certainly does not indicate that Plaintiff did not prove he was falsely arrested in his home. *See id.* at 20–21.

9

would no doubt be an appropriate case in which to make such an award. Plaintiff's counsel was a well-prepared, thorough, and effective advocate for his client. He successfully tried a civil rights case against Nassau County that involved hotly disputed claims about what transpired in a nine-year-old encounter between Plaintiff and several police officers, without the benefit of body camera footage or other video or audio recordings. The jury's verdict indicates that it resolved key factual disputes in Plaintiff's favor and against the defendant-officers, including disputes that turned on the witnesses' respective credibility. Moreover, the state law claims on which Plaintiff prevailed involved the vindication of important civil rights — specifically, the rights to be free from false arrest and battery by the police, including when police effectuate a warrantless arrest inside a person's home. But this Court is simply not at liberty to ignore the Second Circuit's clear and binding precedent on the current scope of permissible fee awards under Section 1988.

In sum, because the jury was charged with actually resolving Plaintiff's Section 1983 claims and ultimately found against Plaintiff on those claims, Plaintiff is not a "prevailing party" within the meaning of Section 1988. Accordingly, the Court is constrained to find that Plaintiff is not entitled to attorney's fees under Section 1988.

/ / /

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is <u>denied</u>.

SO ORDERED.

<i>/s/ Nina R. Morrison</i><br>
NINA R. MORRISON<br>
United States District Judge

Dated:  October 14, 2025
        Brooklyn, New York

11